United States District Court
Southern District of Texas
FILED

JUL 1 6 2004

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Ruben Alvarez-Carillo, | § | |
| Jorge Sauceda, and | § | Civil Action No. **B - 0 4 - 1 2 2** |
| Juana Hernandez-Vasquez | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| *versus* | § | **Jury Trial Requested** |
| | § | |
| Frenchman Valley Produce, Inc. and | § | |
| Tammy May | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

### I. PRELIMINARY STATEMENT

1.1     This is a civil action for damages and declaratory relief brought by three migrant agricultural workers who were recruited and hired in the Rio Grande Valley of Texas, to pack potatoes on a three month contract in Imperial, Nebraska for Frenchman Valley Produce, Inc. for the summer and fall of 2003. After Plaintiffs traveled by bus to Imperial, Frenchman Valley Produce and Tammy May told them that their jobs had been given away. Plaintiffs were turned out of the Defendants' offices and forced to make their way back to South Texas with little or no money.

1.2     Plaintiffs' lawsuit alleges violations of their rights under the Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801, et seq. Plaintiffs also bring claims for breach of contract.

## II. JURISDICTION

2.1    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (Federal Question); 28 U.S.C. § 1337 (Interstate Commerce); 29 U.S.C. § 1854(a) (AWPA); and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

2.2    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Texas Civ. Prac. & Rem. Code arts. 37.001-.011.

2.3    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1854(a).

## III. PARTIES

3.1    Plaintiffs RUBEN ALVAREZ-CARILLO, JORGE SAUCEDA, and JUANA HERNANDEZ-VASQUEZ reside in Cameron County, Texas.

3.2    At all times relevant to this action, Plaintiffs were "migrant agricultural workers" within the meaning of the AWPA, 29 U.S.C. § 1802(8)(A).

3.3    Defendant FRENCHMAN VALLEY PRODUCE, INC., ("FVP") was at all times relevant to this action an "agricultural employer" within the meaning of AWPA, 29 U.S.C. § 1802(2).  FVP may be served with process by serving its President, Tim May at East Hwy 6, P.O. Box 879, Imperial, Nebraska 69033.

3.4    Defendant TAMMY MAY is sued individually and in her capacity as one of the principals comprising Defendant corporation, Frenchman Valley Produce, Inc.  At all times relevant to this action, Defendant MAY was an "agricultural employer" within the meaning of AWPA, 29 U.S.C. § 1802(2).  Defendant TAMMY MAY may be served with process at East Hwy 6, P.O. Box 879, Imperial, Nebraska 69033.

3.5    Defendants were non-residents doing business in the State of Texas by virtue of recruiting Texas residents through an intermediary in Texas for employment outside of Texas.

## IV. STATEMENT OF FACTS

4.1    Defendants recruit, solicit, and hire migrant agricultural workers in Texas to perform agricultural labor at the Defendants' agricultural operation in Nebraska. Upon information and belief, they have done so for at least ten years.

4.2    Upon information and belief, Defendants have maintained continuous and systematic contacts with the state of Texas for at least ten years. In 1999, for example, Defendants employed Agustin Gonzales to recruit agricultural workers in Hidalgo County, Texas to harvest and sort potatoes for them in Nebraska. That recruitment and subsequent employment led to a lawsuit in which Defendant Frenchman Valley Produce, Inc. was sued in the McAllen Division on facts and causes of action substantially similar to the case at bar. That case was styled *Sergio Salinas, et al. v. Frenchman Valley Produce, Inc. and Tim May*, C.A. No. M-01-058.

4.3    In late May of 2003, Defendants submitted two applications and interstate clearance orders with the United States Department of Labor, Employment and Training Administration. This is the first step in the administrative process for obtaining H-2A visas to import foreign workers. Defendant sought labor certification for approximately 52 H-2A workers.

4.4     One of the clearance orders submitted by Defendants represented that the period of employment would run from July 14, 2003 to October 11, 2003. The workweek was represented to be 48 hours at $8.53 per hour.

4.5     In order to protect U.S. workers, such as the Plaintiffs in this case, Congress, through the Immigration and Nationality Act and its implementing regulations, 29 U.S.C. §§ 1188(a)(1) and 20 C.F.R. Part 655, Subpart B (2003), requires employers seeking to import foreign H-2A workers to engage in the positive recruitment of U.S. workers in order to prevent U.S. workers from being displaced by foreign workers and/or to prove there are no U.S. workers available. As part of this positive recruitment effort, USDOL required FVP to recruit workers through the Texas Workforce Commission ("TWC").

4.6     As part of FVP's required recruitment effort, TAMMY MAY recruited Plaintiffs through the TWC. On or about June 20, 2003, TAMMY MAY conducted telephone interviews with Plaintiffs and hired them over the phone. TAMMY MAY used TWC employee Susie Benavides to interpret for her as Plaintiffs are mono-lingual Spanish speakers.

4.7     Plaintiffs were told to arrive in Nebraska on July 14, 2003. They were told to contact Susie Benavides in the first three days of July to see if their arrival date was going to be changed.

4.8     Susie Benavides, acting for Defendants, told Plaintiffs:

    a.  the job to be performed was packing potatoes;

    b.  that the work would last until October;

    c.  that they would work at least 48 hours per week;

      d.  that the wage was $8.53 per hour; and

      e.  that housing would be provided at no cost.

4.9    Defendants offered Plaintiffs work with the terms outlined above and Plaintiffs accepted.

4.10    Based on the above representations made by Defendants, Plaintiffs entered into working arrangements in Texas with Defendants to perform agricultural work for Defendants in Imperial, Nebraska.

4.11    The working arrangements called for, among other things, the Plaintiffs to leave their places of residence in Texas and to travel from Texas to Nebraska to work for Defendants on the terms outlined above and for the Defendants to provide work to Plaintiffs on those terms.

4.12    Based on the above representations made by Defendants, Plaintiffs entered into contracts in Texas with Defendants to perform agricultural work for Defendants in Imperial, Nebraska.

4.13    The contracts called for, among other things, the Plaintiffs to leave their places of residence in Texas and to travel from Texas to Nebraska to work for Defendants on the terms outlined above and for the Defendants to provide work to Plaintiffs on those terms.

4.14    Plaintiffs were not given a copy of the clearance order or any attachments, including work rules, in a language that they could read, nor were these documents translated into Spanish for them.

4.15    Plaintiffs were not given a disclosure statement at the time of their recruitment in the manner required by the AWPA.

4.16    The employment offered by the Defendants and accepted by the Plaintiffs required the Plaintiffs to be absent overnight from their permanent place of residence.

4.17    On or about July 2, 2003, Plaintiffs contacted Susie Benavides, and they were informed that their arrival date had been changed to July 18, 2003.

4.18    On or about July 17, 2004, Plaintiffs began traveling to Nebraska.

4.19    On or about July 17, 2004, Susie Benavides at the Texas Workforce Commission called TAMMY MAY and told her that Plaintiffs were on their way to Nebraska and that she should expect them the next day.

4.20    Plaintiffs arrived on the date called for by the working arrangements and their contracts.

4.21    Upon their arrival Plaintiffs presented themselves at the office of FVP and a woman, believed to be Defendant TAMMY MAY, told them that they had arrived too late and that there was no work for them.  Plaintiffs were then ushered out of the FVP office.

4.22    Plaintiffs were left with little or no money with which to make their way back to Texas and with no place to stay in Nebraska.  Plaintiffs suffered considerable financial loss, inconvenience and humiliation as a result.

4.23    Plaintiffs were at all times ready to comply with the working arrangements, and Plaintiffs did in fact comply with the terms of the working arrangements.

4.24    Defendants violated without justification the working arrangements made with Plaintiffs by refusing to provide work and housing as outlined above.

4.25    Plaintiffs suffered injury as a result of Defendants' violation of the working arrangements.

4.26    Plaintiffs were at all times ready to comply with the terms and conditions of the contracts, and Plaintiffs did in fact comply with the terms and conditions of the contracts.

4.27    Defendants breached the contracts they entered into with Plaintiffs by refusing to provide the work and housing for which the contracts provided.

4.28    Plaintiffs suffered injuries as a result of Defendants' breach of the contracts.

4.29    All of the actions and omissions alleged in the paragraphs above were undertaken by Defendants either directly and/or through their agents.

## V. FIRST CAUSE OF ACTION:

## AGRICULTURAL WORKER PROTETION ACT

5.1    The Defendants intentionally violated the Plaintiffs' rights under the AWPA, inter alia, by:

a.  failing to disclose in writing in Spanish the terms and conditions of employment at the time the Plaintiffs were recruited;

b.  failing to comply with the terms of the working arrangement; and

5.2    For each violation of the AWPA, the Plaintiffs are entitled to recover their actual damages or up to $500 per violation in statutory damages.

## VI. SECOND CAUSE OF ACTION:

## BREACH OF CONTRACT

6.1     The Defendants entered into employment contracts with the Plaintiffs.

6.2     The Defendants breached the contracts of employment into which they entered with the Plaintiffs by failing to comply with the promised terms and conditions of employment.

6.3     As a direct consequence of the Defendants' breach of the employment contracts, the Plaintiffs suffered substantial monetary injuries and mental anguish.

6.4     The Defendants are therefore liable to the Plaintiffs for actual, incidental, and consequential damages, and for costs under Tex. Civ. Prac. & Rem. Code §§ 38.001.


## VII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request that this Court grant them the following relief:

a.      Enter a declaratory judgment that Defendants FRENCHMAN VALLEY PRODUCTS, INC. and TAMMY MAY violated the Plaintiffs' rights under the AWPA and breached the Plaintiffs' employment contracts with the Defendants;

b.      Award the Plaintiffs their actual damages or, alternatively, statutory damages of $500 per person per violation for the Defendants' violations of the AWPA;

c.      Award the plaintiffs their actual, incidental, and consequential damages resulting from the Defendants' breach of contract;

d.      Award the Plaintiffs their reasonable expenses and costs of court;

e.     Award the plaintiffs prejudgment and post judgment interest as allowed by

law;

f.     Award the Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted,

TEXAS RIOGRANDE LEGAL AID, INC.

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
300 South Texas
Weslaco, TX 78596
Tel.  956-968-9574
Fax.  956-968-8823
Attorney-in-Charge for Plaintiffs

Jennifer Smith
Texas Bar No. 24037514
S.D. No. 36274
300 South Texas
Weslaco, TX 78596
Tel.  956-968-9574
Fax.  956-968-8823
Co-Counsel for Plaintiffs

Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600
300 South Texas
Weslaco, TX 78596
Tel.  956-968-9574
Fax.  956-968-8823
Co-Counsel for Plaintiffs