UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 1 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez-Vasquez | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. B-04-122 |
| v. | § § | |
| Frenchman Valley Produce, Inc. and Tammy May, | § § § | JURY TRIAL REQUESTED |
| Defendants. | § § | |

### ANSWER OF DEFENDANTS FRENCHMAN VALLEY PRODUCE, INC. AND TAMMY MAY

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Frenchman Valley Produce, Inc. ("Frenchman Valley Produce") and Tammy May, Defendants herein, file this Answer in response to the claims and allegations of Plaintiffs Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez-Vasquez contained in their Original Complaint.

### 1. INTRODUCTION.

1.1   Unless specifically admitted, Defendants controvert and deny all averments in the Original Complaint as allowed by Rule 8(b) of the Federal Rules of Civil Procedure.

### 2. ADMISSIONS AND DENIALS.

2.1.   With respect to Paragraph 1.1 of the Original Complaint, Defendants admit that claims have been brought relating to the recruitment of seasonal agricultural workers to pack potatoes in Imperial, Nebraska for Frenchman Valley Produce for the summer and fall of 2003. Otherwise, Defendants deny all the remainder of Paragraph 1.1.

2.2     With respect to Paragraph 1.2 of the Original Complaint, no response is necessary from Defendants to the legal contentions contained in Paragraph 1.2. Otherwise, Defendants deny any violation of the Agricultural Worker Protection Act, 29 U.S.C. § 1801, *et seq.*, or breach of contract as alleged by Plaintiffs.

2.3     No response is necessary from Defendants to the legal contentions contained in Paragraph 2.1 of the Original Complaint regarding the jurisdiction of this Court.

2.4     Defendants admit Paragraph 2.2 of the Original Complaint insofar as it accurately describes the authority of this Court, but deny that such action is proper or appropriate in the circumstances of this case.

2.5     Defendants admit Paragraph 2.3 of the Original Complaint.

2.6     Defendants are without sufficient information to admit or deny the statements contained in Paragraph 3.1 of the Original Complaint.

2.7     Defendants are without sufficient information to admit or deny the statements contained in Paragraph 3.2 of the Original Complaint.

2.8     Defendants admit the statements contained in Paragraph 3.3 of the Original Complaint.

2.9     Defendants admit the first sentence of Paragraph 3.4 of the Original Complaint, to the extent Tammy May is indeed being sued individually. Defendants deny that it is proper or appropriate to sue her as an individual, or that she is liable in any individual capacity as sued. Defendants deny that Tammy May is or was an "agricultural employer" under the facts and circumstances present here and deny the second sentence of Paragraph 3.4. Defendants admit the last sentence of Paragraph 3.4 of the Original Complaint.

2.10   Defendants admit they are non-residents of the State of Texas. Defendants deny the remainder of Paragraph 3.5 of the Original Complaint.

2.11   With respect to the statements contained in Paragraph 4.1 of the Original Complaint. Defendants admit they have in the past recruited and solicited seasonal agricultural workers in Texas to perform agricultural labor in Nebraska. Defendants deny the remainder of Paragraph 4.1.

2.12   With respect to Paragraph 4.2 of the Original Complaint, Defendants admit the existence of a prior lawsuit with the name identified in the last sentence of Paragraph 4.2 of the Original Complaint. Defendants deny the remainder of the allegations in paragraph 4.2, and deny that the facts and/or causes of action in the prior suit are substantially similar to those in the case at bar.

2.13   Defendants admit the statements contained in Paragraph 4.3 of the Original Complaint.

2.14   Defendants admit the statements contained in Paragraph 4.4 of the Original Complaint.

2.15   With respect to statements contained in Paragraph 4.5 of the Original Complaint, Defendants admit that the United States Congress and associated regulatory agencies passed and implemented the cited statute and regulations. Defendants deny the remainder of the statements contained in Paragraph 4.5.

2.16   With respect to the statements contained in Paragraph 4.6 of the Original Complaint, Defendants admit that Tammy May participated in a telephone conversation with Plaintiffs on or about June 20, 2003, to discuss their hiring. Defendants also admit that they worked with various employees of the Texas Workforce Commission ("TWC"), including TWC

employee Susie Benavides to conduct interviews of prospective workers. Defendants also admit that TWC employees related information to the prospective workers in Spanish when appropriate. Defendants otherwise deny the remainder of the statements in paragraph 4.6.

2.17 Defendants deny the statements contained in Paragraph 4.7 of the Original Complaint as stated.

2.18 With respect to the statements contained in paragraph 4.8 of the Original Complaint, Defendants are without sufficient information to admit or deny what was told to the Plaintiffs by Susie Benavides. Defendants admit that Susie Benavides was instructed by Defendants to advise Plaintiffs of the statements reflected in Defendants' Application for Alien Employment certification and accompanying attachments to ETA 750 and ETA 790, including but not limited to the accompanying "Work Rules and Disciplinary Procedures," as well as the "Applicant Agricultural Check List," which Plaintiffs received and which included information as to job requirements in English and in Spanish.

2.19 With respect to the statements contained in Paragraph 4.9 of the Original Complaint, Defendants admit that offers for work were extended to Plaintiffs, but deny any implication that the terms outlined in Paragraph 4.8 constituted the only terms of employment or information provided or communicated to Plaintiffs. Defendants further deny that Plaintiffs accepted the offer.

2.20 Defendants are without sufficient information to admit or deny the statements relating to Plaintiffs' subjective perceptions as set out in Paragraph 4.10 of the Original Complaint. Defendants admit the statements in this paragraph only to the extent that Defendants extended offers for work to Plaintiffs within the terms set forth in the Application for Alien Employment certification and accompanying attachments to ETA 750 and ETA 790, including

but not limited to the accompanying "Work Rules and Disciplinary Procedures," as well as the "Applicant Agricultural Check List" referenced above. Defendants deny the remainder of Paragraph 4.10.

2.21  Defendants admit the statements contained in Paragraph 4.11 of the Original Complaint only to the extent that Plaintiffs were offered employment by Frenchman Valley Produce for work in Nebraska. Defendants deny the remainder of Paragraph 4.11, or that it accurately reflects a reference to all of the terms of work that were in issue. Defendants further deny that Plaintiffs accepted any offer of employment.

2.22  With respect to the statements contained in Paragraph 4.12 of the Original Complaint, Defendant admit only that they intended to hire Plaintiffs for agricultural work under the terms of work as were set forth in the various materials identified in Paragraphs 2.18 and 2.20 above. Defendants deny the remainder of Paragraph 4.12. Defendants further deny that Plaintiffs accepted any offer of employment.

2.23  With respect to the statements contained in Paragraph 4.13 of the Original Complaint, Defendants admit only that Plaintiffs were offered employment by Frenchman Valley Produce for work in Nebraska. Defendants deny the remainder of Paragraph 4.13, or that it accurately reflects a reference to all of the terms of work that were in issue. Defendants further deny that Plaintiffs accepted any offer of employment.

2.24  Defendants deny the statements contained in Paragraph 4.14 of the Original Complaint.

2.25  Defendants deny the statements contained in Paragraph 4.15 of the Original Complaint.

2.26    With respect to Paragraph 4.16 of the Original Complaint, Defendants admit only that the contemplated offer for employment would require Plaintiffs to be absent overnight from their permanent place of residence. Defendants otherwise deny the remainder of Paragraph 4.16.

2.27    Defendants are without sufficient information to admit or deny the statements contained in Paragraph 4.17 of the Original Complaint, but admit that Plaintiffs were to timely report for work in Nebraska on July 18, 2003. Plaintiffs did not do so.

2.28    Defendants are without sufficient information to admit or deny the statements contained in Paragraph 4.18 of the Original Complaint.

2.29    With respect to Paragraph 4.19 of the Original Complaint, Defendants admit only that they had a telephone conversation with Susie Benavides at the Texas Workforce Commission on July 17, 2004. Defendants deny the remainder of Paragraph 4.19.

2.30    With respect to Paragraph 4.20 of the Original Complaint, Defendants admit only that Plaintiffs arrived at the offices of Frenchman Valley Produce late in the afternoon of July 18, 2004. Defendants deny that Plaintiffs arrived in a timely manner as expected or instructed and therefore deny the implication in Paragraph 4.20 that Plaintiffs arrived at the date and time "called for by the working arrangements and their contracts." Defendants deny the remainder of Paragraph 4.20 and the existence of any contracts between Frenchman Valley Produce and Plaintiffs.

2.31    With respect to Paragraph 4.21 of the Original Complaint, Defendants admit only that Plaintiffs arrived at the offices of Frenchman Valley Produce late in the afternoon of July 18, 2004. Defendants deny that Plaintiffs arrived in a timely manner as expected or instructed. Defendants deny the remainder of Paragraph 4.21 and the existence of any contracts between Frenchman Valley Produce and Plaintiffs.

2.32    Defendants are without sufficient information to admit or deny the statements contained in the first sentence of Paragraph 4.22 of the Original Complaint. Defendants deny the remainder of Paragraph 4.22.

2.33    Defendants deny the statements contained in Paragraph 4.23 of the Original Complaint. Defendants specifically deny the contention that Plaintiffs "compl[ied] with the terms of the working arrangements" and deny the existence of any contracts between Frenchman Valley Produce and Plaintiffs.

2.34    Defendants deny the statements contained in Paragraph 4.24 of the Original Complaint. Defendants specifically deny the existence of any contracts between Frenchman Valley Produce and Plaintiffs or the alleged breach of any working arrangements between them.

2.35    Defendants deny the statements contained in Paragraph 4.25 of the Original Complaint.

2.36    Defendants deny the statements contained in Paragraph 4.26 of the Original Complaint.

2.37    Defendants deny the statements contained in Paragraph 4.27 of the Original Complaint.

2.38    Defendants deny the statements contained in Paragraph 4.28 of the Original Complaint.

2.39    Defendants deny the statements contained in Paragraph 4.29 of the Original Complaint.

2.40    Defendants deny the statements contained in Paragraph 5.1 of the Original Complaint.

2.41   With respect to Paragraph 5.2 of the Original Complaint, no response is necessary from Defendants to the legal contentions. Defendants otherwise deny that any violations of the Agricultural Workers Protection Act occurred here or that Plaintiffs are entitled to any recovery in this suit

2.42   Defendants deny the statements contained in Paragraph 6.1 of the Original Complaint. Defendants specifically deny the existence of any contracts between Frenchman Valley Produce and Plaintiffs or the alleged breach thereof.

2.43   Defendants deny the statements contained in Paragraph 6.2 of the Original Complaint.

2.44   Defendants deny the statements contained in Paragraph 6.3 of the Original Complaint. Defendants further deny that Plaintiffs are legally entitled to recover for any or all categories of damages claimed or allegedly sustained by them.

2.45   Defendants deny the statements contained in Paragraph 6.4 of the Original Complaint, which are the legal conclusions of Plaintiffs.

2.46   Defendants deny that Plaintiffs are entitled to any relief as requested in the Prayer contained in the Original Complaint, including the sub-paragraphs (a) through (f).

### 3. AFFIRMATIVE DEFENSES AND SPECIFIC DENIALS.

3.1   Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants assert the defense of lack of jurisdiction over the subject matter.

3.2   Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants assert that Plaintiffs have failed to state a claim against Defendants upon which relief can be granted.

3.3   Defendant Tammy May pleads that she is not liable in the capacity in which she has been sued.

3.4    Defendants plead that Plaintiffs have failed to meet all conditions precedent to filing this action under applicable laws and regulations.

3.5    Defendants assert that, at all relevant times, they complied with industry, federal, and state laws, standards and regulations governing the prospective employment of Plaintiffs by Frenchman Valley Produce.

3.6    Defendants further plead that Plaintiffs have failed to meet all conditions precedent to their claim for breach of contract, including but not limited to, their failure to timely accept the offer of employment made to them by Frenchman Valley Produce.

3.7    Any injuries or damages about which Plaintiffs complain were solely and/or proximately the result of causes, actions, and events other than the alleged acts or omissions of Defendants.

3.8    Defendants' conduct was not a substantial cause of Plaintiffs' alleged damages.

3.9    Plaintiffs' injuries and damages, if any, were not the result of any acts or omissions of Defendants.

3.10    The injuries or damages alleged by Plaintiffs, if any, were the sole proximate result of and/or proximately caused by acts or omissions of third parties over whom Defendants had no control.

3.11    Defendants would show that there should be no recovery against them because Plaintiffs failed to mitigate any alleged damages.

3.12    Defendants deny the existence of any contract, express or implied, and deny any fault or breach of any contract by them.

3.13   Alternatively, Defendants contend that if there was any contract, express or implied, between Frenchman Valley Produce and Plaintiffs, the contract was breached by Plaintiffs.

3.14   Plaintiffs' claims are barred, in whole or in part, based on a lack of consideration.

3.15   Plaintiffs' claims are barred, in whole or in part, by accord and satisfaction.

3.16   Defendants would show that there should be no recovery against them because Defendants acted in good faith.

3.17   Defendants reserve the right to supplement his Answer and affirmative defenses after further investigation and discovery.

## 4. CONCLUSION.

WHEREFORE, Defendants deny that Plaintiffs are entitled to any declaratory relief or to any monetary damages or recovery under circumstances of this suit. Defendants pray that, upon the final hearing of this cause, judgment be entered that Plaintiffs take nothing and that their case be dismissed, and for such other and further relief as the Court deems just.

Dated: August 11, 2004

Respectfully submitted,

*Harvey Ferguson, Jr. w/perm*

Harvey Ferguson, Jr.
State Bar No. 06913500
Federal ID No. 8417

Attorney in Charge Defendants Frenchman
Valley Produce, Inc. and Tammy May

**OF COUNSEL:**

Rudy Gonzales, Jr.
State Bar No. 08121700
Federal ID No. 1896
Roberta Dohse
State Bar No. 05955400
Federal ID No. 14487
**Gonzales Hoblit Ferguson, LLP**
Frost Bank Plaza
802 N. Carancahua, Suite 2000
Corpus Christi, Texas 78470
(361) 888-9392 (Telephone)
(361) 888-9187 (Facsimile)

**Gonzales Hoblit Ferguson, LLP**
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, Texas 78250
(210) 224-9991 (Telephone)
(210) 226-1544 (Facsimile)

ATTORNEYS FOR DEFENDANTS FRENCHMAN
VALLEY PRODUCE, INC. AND TAMMY MAY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 11th day of August, 2004, a true and correct copy of the foregoing instrument was forwarded to all counsel of record, as follows:

Nathaniel Norton
Jennifer Smith
Rodolfo D. Sanchez
300 South Texas
Weslaco, TX 78596
*Via Certified Mail/RRR*
*and Via Facsimile: (956) 968-8823*

                                                     _Roberta S. Dohse_
                                                     Roberta S. Dohse