UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez-Vasquez §§§<br><br>Plaintiffs, §<br>§<br>v. §<br>§<br>Frenchman Valley Produce, Inc. and §<br>Tammy May, §<br>§<br>Defendants. § | CIVIL ACTION NO. B-04-122<br><br>JURY TRIAL REQUESTED |

**JOINT REPORT OF MEETING AND
JOINT DISCOVERY/CASE MANAGEMENT PLAN**

COME NOW the parties Plaintiff and Defendant and file this their Joint Report of the Meeting and Joint Discovery/Case Management Plan Under Rule 26, Federal Rules of Civil Procedure, and by way hereof would show as follows:

1. **State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.**

    The meeting was held on September 8, 2004, via telephone. Nathaniel Norton and Rodolfo D. Sanchez, attorneys for Plaintiffs, participated from the offices of Texas RioGrande Legal Aid in Weslaco, Texas. Roberta Dohse, one of the attorneys for Defendants, participated from her office in Corpus Christi, Texas

2. **Related Pending Cases:**

    None.

3. **Specify the allegations of federal jurisdiction.**

    Plaintiffs allege federal jurisdiction based upon:

    29 U.S.C. §1854(a) (AWPA)
    28 U.S.C. §1331 (federal question)
    28 U.S.C. §1337 (interstate commerce)
    28 U.S.C. § 1367 (supplemental jurisdiction over state law claims)

1

4. **Parties who disagree with attachment of federal jurisdiction, and reasons therefor.**

   Defendants do not contest federal jurisdiction.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None are presently known. Plaintiffs may additional Defendants as discovery indicates that other parties may be liable for the claims alleged in this lawsuit and may add additional Plaintiffs if more workers seek representation.

   Defendants do not anticipate adding additional parties at this time, but may do so if discovery indicates it is necessary or appropriate.

6. **List anticipated interventions.**

   None are presently known.

7. **Describe class-action issues.**

   None.

8. **State whether each party represents that is has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have agreed that initial Rule 26 disclosures will be exchanged no later than September 29, 2004.

9. **Describe the proposed agreed discovery plan, including:**

   A. **Response to all the matters raised in Rule 26(f).**

   None.

   B. **When and to whom the plaintiff anticipates it may send interrogatories.**

   Plaintiffs anticipate that any relevant interrogatories and/or requests for production of documents will be forwarded to Defendants on or before December 15, 2004.

   C. **When and to whom the defendant anticipates it may send interrogatories.**

   Defendants anticipate that any relevant interrogatories will be forwarded to Plaintiffs on or before December 15, 2004.

    **D.**    **Of whom and by when the plaintiff anticipates taking oral depositions**

Plaintiffs anticipate that they will take oral depositions of one or more of the following persons: Tim May, Tammy May, forepersons, employees, or corporate officers of Defendant Frenchman Valley Produce, and other persons whose identity is made known to Plaintiffs in the course of discovery. Plaintiffs anticipate completing depositions no later than May 23, 2005.

    **E.**    **Of whom and by when the defendants anticipate taking oral depositions.**

Defendants anticipate that they will take oral depositions of all Plaintiffs, Susie Benavides, co-workers of Susie Benavides, investigators for the Nebraska Department of Labor / Nebraska Workforce Development and/or U.S. Department of Labor in the appropriate region who investigated the Plaintiffs' complaints, as well as of other persons whose identity may be made known to Defendants during the course of discovery. Defendants anticipate completing depositions no later than May 23, 2005.

    **F.**    **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs do not anticipate the need for experts at this time. To the extent that any experts are identified, Plaintiffs will make their designations and provide reports on or before May 15, 2005.

Defendants have not identified any experts at this time. To the extent that any experts are identified, Defendants will make their designations and provide reports on or before June 15, 2005.

    **G.**    **List experts depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and its anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates completion of Defendant's expert depositions prior July 15, 2005.

    **H.**    **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant anticipates completion of Plaintiff's expert depositions prior to July 15, 2005.

**10.**    **If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

    The parties are agreed.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

   None.

12. **State the date the planned discovery can be reasonably completed.**

   The parties agree that all discovery can be completed by no later than July 15, 2005.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   Prior to filing this lawsuit, Plaintiffs sent written correspondence to the Defendants in an attempt to resolve these claims, but were unable to do so. Parties are willing to discuss the possibility of settlement as the case progresses.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   The parties agree to engage in good faith settlement discussions in an effort to end this litigation.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

   The parties agree that alternative dispute resolution techniques may be appropriate if, after discovery, the parties are unable to reach a settlement. The parties will consider this topic again as the case progresses.

16. **Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

   The parties do not oppose trial before a magistrate judge.

17. **State whether jury demand has been made and if it was made on time.**

   Plaintiffs have made a timely demand for a jury.

18. **Specify the number of hours it will take to present the evidence in this case.**

   The parties estimate that it will take 50 hours to try this case. This estimate may be revised as discovery progresses.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None at this time.

20. **List other pending motions.**

    None at this time.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.**

    It is most likely that many of the Plaintiffs will migrate from their homes to work during part of this litigation.

22. **Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    Plaintiff's Certificate of Interested Parties was filed on July 20, 2004.

    Defendants' Certificate of Interested Parties will be filed no later than September 24, 2004.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    **Counsel for Plaintiffs:**

    Nathaniel Norton
    Fed. ID No. 33422
    State Bar No. 24037196
    *Attorney in charge for Plaintiffs*
    Rodolfo D. Sanchez
    Fed. ID No. 12600
    State Bar No. 17572100
    Jennifer Smith
    Fed. ID No. 36274
    State Bar No. 24037514
    Texas RioGrande Legal Aid, Inc.
    300 South Texas
    Weslaco, TX 78596
    (956) 968-8574
    (956) 968-8823(facsimile)

5

**Counsel for Defendants:**

Harvey Ferguson
Fed. ID No. 8417
State Bar No. 06913500
*Attorney in Charge for Defendants*
**Gonzales Hoblit Ferguson, LLP**
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, Texas 78250
(210) 224-9991 (Telephone)
(210) 226-1544 (Facsimile)


**OF COUNSEL:**

Rudy Gonzales, Jr.
State Bar No. 08121700
Federal ID No. 1896
Roberta Dohse
State Bar No. 05955400
Federal ID No. 14487
**Gonzales Hoblit Ferguson, LLP**
Frost Bank Plaza
802 N. Carancahua, Suite 2000
Corpus Christi, Texas 78470
(361) 888-9392 (Telephone)
(361) 888-9187 (Facsimile)


_____          9/9/04
**Nathaniel Norton**                     Date
**Attorney for Plaintiffs**

_____          9-8-04
**Harvey Ferguson, Jr.** (with permission nsd)   Date
**Attorney for Defendants**

6

## CERTIFICATE OF SERVICE

I hereby certify that on the ___9th___ day of September 2004, I served the above document via certified mail return receipt requested on Harvey Ferguson, Gonzales Hoblit Ferguson, LLP, One Riverwalk Pl., 700 N. St. Mary's Street, Ste. 1800, San Antonio, Texas 78250.

_____
Nathaniel Norton