**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and | § | |
| Juana Hernandez Vasquez | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. B-04-122 |
| | § | |
| v. | § | |
| | § | |
| Frenchman Valley Produce, Inc. and | § | JURY TRIAL REQUESTED |
| Tammy May, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY**
**WITH SUPPORTING AUTHORITIES**

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME Ruben Alvarez-Carillo, *et al.,* the Plaintiffs in the above-captioned matter,

to hereby move the court for an order requiring Defendants Frenchman Valley Produce, Inc. and

Tammy May to fully and completely answer disputed interrogatories in Plaintiffs' First Set of

Interrogatories and to respond fully to Plaintiffs' Request for Production of Documents pursuant

to Rules 33, 34, and 37(a) of the Federal Rules of Civil Procedure. In Support of this Motion,

Plaintiffs would respectfully show as follows:

**I. STATEMENT OF RELEVANT FACTS**

Plaintiffs are indigent migrant farmworkers who reside in Cameron County, Texas.

Defendant Tammy May is an agricultural employer who, with her husband Tim May, owns and

operates the entity known as Frenchman Valley Produce, Inc. Plaintiffs were recruited in

Cameron County in July of 2003 to perform agricultural labor for Defendants in Imperial,

Nebraska. At the time of recruitment, Plaintiffs were promised certain terms and conditions of

employment, one of which was an employment term of approximately three months at a rate of

pay of $8.53 per hour for 48 hours a week.

In reliance on promises made at the time of recruitment, Plaintiffs accepted Defendants'

offer of employment, and traveled 1,200 miles from their homes in Texas to Imperial, Nebraska.

Plaintiffs arrived at Defendants' place of business in Nebraska at around 4P.M. on July 18, 2003,

ready, able, and willing to work. Upon Plaintiffs' arrival, defendants represented to Plaintiffs that

they had arrived nine hours too late and refused to provide the promised employment. Plaintiffs

were left with little or no money with which to make their way back to Texas, and with no place

to stay in Nebraska.

In July of 2004, Plaintiffs filed suit in this Court, alleging that Defendant Frenchman

Valley Produce, Inc. and Defendant Tammy May, an owner of Frenchman Valley Produce, had

violated their rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29

U.S.C. §§ 1801 et seq. ("AWPA"), and the Immigration and Naturalization Act ("INA") and its

implementing regulations, 29 U.S.C. §§ 1188(a)(1) and 20 C.F.R. Part 655, Subpart B (1997). In

addition, Plaintiffs brought a claim for breach of contract. Plaintiffs complain, among other

things, that the defendants violated their recruitment and employment rights under the AWPA,

breached their employment contract, and unlawfully gave preferential treatment to H-2A

workers. One AWPA protection requires agricultural employers, such as Defendants, to abide by

working arrangements made with migrant workers whom they recruit unless they have

justification for violating the terms of such arrangement. Plaintiffs' central claim is that

Defendants violated the working arrangement Defendants made with them without justification,

causing them to lose three months of employment.

On September 21, 2004, Plaintiffs served on Defendant Frenchman Valley Produce, Inc. their First Set of Interrogatories and First Request for Production of Documents. Defendant Frenchman Valley Produce, Inc. served its responses to Plaintiffs First Set of Interrogatories on October 20, 2004, and its responses and objections to Plaintiffs' First Request for Production of Documents on October 21, 2004 (attached as Exhibits A and B). Defendant Frenchman Valley Produce, Inc. did not provide any responsive documents until November 22, 2004. On October 20, 2004, Plaintiffs served on Defendant Tammy May their First Set of Interrogatories and First Request for Production of Documents.  Defendant Tammy May served her responses to Plaintiffs First Set of Interrogatories on November 17, 2004, and her responses to Plaintiffs' First Request for Production of Documents on November 18, 2004 (attached as Exhibits C and D). In their responses, Defendants raised relevancy and breadth objections, as well as a litany of other objections, the majority of which Plaintiffs believe are improper. Moreover, Defendants, in their responses to Plaintiffs' Requests for Production, failed to state whether the documents provided were the only documents in their possession and failed to specify documents that it was withholding based upon its objections.

On January 11, 2005, Plaintiffs conferred with the defendants in an attempt to resolve the discovery dispute.  Through correspondence, attached as Exhibit E, Plaintiffs explained in detail their position with regard to every request made, and asked for a substantive response by January 26, 2005.  In accordance with the Defendants' request, Plaintiffs subsequently agreed to move that deadline to February 1, 2005.  On February 1, 2005, Plaintiffs received notification from

Defendants, attached as Exhibit F, that Defendants intended to stand by their numerous objections to Plaintiffs' discovery requests.

In a letter to Defendants dated February 18, 2005 and attached as Exhibit G, Plaintiffs identified the interrogatories and requests for production they sought to compel and, in some instances, invited further discussion. Plaintiffs also asked for clarification as to whether Defendants are withholding documents in numerous cases where objections were interposed, but where some documents were also provided. In such instances, Plaintiffs advised Defendants that unless clarified otherwise, Plaintiffs would assume documents are being withheld. Defendants have not responded to Plaintiffs' letter. Plaintiffs believe they are entitled to responses to the interrogatories propounded and to many of the documents withheld by Defendants Frenchman Valley Produce, Inc and Tammy May.  Accordingly, the written discovery that Plaintiffs presently move to compel, as specified in the proposed order attached to this motion, includes:

a.  Defendant Frenchman Valley Produce's responses to Interrogatories 1, 4, 8, and 11;

b.  Defendant Tammy May's responses to Interrogatories 1, 4, and 15;

c.  Defendant Frenchman Valley Produce's production of documents in response to Requests 8, 14, 15, 20, and 21; and,

d.  Defendant Tammy May's production of documents in response to Requests 8, 14, 15, 21, and 22.

With respect to Requests for Production 2, 3, 4, 5, 6, 7, 8, 10, 16, 19, 23, and 24 to Defendant Frenchman Valley Produce, Inc. and Requests 2, 3, 4, 5, 6, 7, 8, 10, 16, 19, 23, and 24 to Defendant Tammy May, Defendants have not clarified whether or not responsive documents are being withheld. As such, Plaintiff seek to compel responses to these Requests, or, in the

alternative, Defendants' confirmation that no documents responsive to these requests exist.

## II. ARGUMENT

To facilitate briefing on this motion and its most prompt and efficient resolution by the Court, Plaintiffs offer the following support for their views on Defendants' responses to Plaintiffs' discovery requests. Plaintiffs' support is most efficiently organized according to three subject areas to which the disputed requests relate: Defendants' recruitment activities in 2003 and prior years; Defendants' alleged justification for refusing to hire Plaintiffs in 2003; and Defendants' refusal to respond properly to numerous requests and their continued refusal to clarify their responses after Plaintiffs' request for clarification. Plaintiffs separately address Defendants' relevancy, overbreadth, and privacy objections, all of which Plaintiffs believe to be improper.

A. <u>Plaintiffs are entitled to documents relating to Defendants' recruitment activities to test Defendant FVP's assertion that it is exempt from the AWPA under the Family Business Exemption.</u>

Defendant Frenchman Valley Produce, Inc. is a potato packing shed operation owned and operated by Tim May and Defendant Tammy May, who are husband and wife. Both Defendants to this action have raised as a "general objection" to each of Plaintiffs' discovery requests that Defendant Frenchman Valley Produce, Inc. is exempt from the AWPA by virtue of its alleged status as a "family owned business." Their position was reaffirmed in their February 1, 2005 letter to Plaintiffs' counsel, which stated "since it is Defendant's contention that AWPA does not apply due to the Family Business Exemption, any discovery relating to AWPA is irrelevant, not calculated to lead to the discovery of admissible evidence and intended solely to harass

Defendant." See Exhibit F, p. 3, para. B. Although Defendants have not yet pleaded the exemption, they have stated that they intend to seek leave of the Court to amend their pleadings to add the family business exemption as an affirmative defense. See Id. Defendants base their assertion that the exemption applies on a Department of Labor determination, dated September 29, 2004, that "no one other than Mr. & Mrs. May performed any of the six named MSPA activities [on behalf of Frenchman Valley Produce, Inc.]."[1]

Under 29 U.S.C. § 1803(a)(1), the requirements of the AWPA do not apply to "any individual who engages in a farm labor contracting activity on behalf of a farm…which is owned or operated exclusively by such individual or an immediate family member of such individual, if such activities are performed only for such operation and exclusively by such individual or an immediate family member." Therefore, if a non-family member performed any labor contracting activity for these Defendants, Frenchman Valley and Tammy May's claim to the exemption is unavailable. Flores v. Rios, 26 F.3d 507, 510 (6th Cir. 1994). "Farm labor contracting activities" that must have been conducted solely by family members included "recruiting, soliciting, hiring, employing, furnishing, or transporting any migrant or seasonal agricultural worker." 29 U.S.C. § 1802(6). Given that Defendants have stated their intention to raise the family business exemption as a defense in their answer, Plaintiffs are entitled under Fed. R. Civ. P. 26(b)(1) to discovery relating to that defense. Such material is relevant to the subject matter involved in the pending action, as it relates to the defense of a party. See Westhemeco, Ltd. v. New Hampshire Ins. Co.,82 F.R.D. 702.

Plaintiffs have requested from Defendants discoverable information regarding procedures

---

[1] The term "farm labor contracting activity" is defined as one of six types of acts: "recruiting, soliciting, hiring, employing, furnishing, or transporting any migrant or seasonal agricultural worker." 29 U.S.C. § 1802(6).

used by Defendants to secure both H-2A and non-H-2A agricultural workers in the years 2000

through 2003.[2] If any one of the migrant or seasonal workers used by Defendants in their 2003

harvest can be shown to have been either "recruited," "hired," employed," "furnished," or

"transported" by a person other than one of the Mays or their family members, Defendants claim

of exemption from the requirements of the AWPA fails. Defendants claim, in the responses

provided, that aside from advertising for workers in the Brownsville, Texas area and submitting

job clearance orders into the interstate system through the Department of Labor, "Defendants

engaged in no other recruitment activities" and "did not employee [sic] the use of any recruiters."

However, Defendants responses to other discovery requests indicate that a large number of U.S.

workers employed by Defendants in 2003 did not come from Texas, and that foreign H-2A

workers were employed by Defendants in 2003. Defendants have provided no information

regarding the recruitment of these individuals in 2003. Nor have they provided any information

regarding the recruitment of workers in other years. Therefore, Plaintiffs now move to compel

responsive information regarding the recruitment of employees, other than those who came from

the Brownsville area in 2003, and information regarding recruitment procedures in 2000, 2001,

and 2002.

Plaintiffs further move to compel responses to Requests for Production No. 20 to

Defendant Frenchman Valley and Request No. 21 to Defendant Tammy May. These requests

seek documents showing the identity of and contact information for workers for the 2003

harvest. Plaintiffs are entitled to the identities of foreign H-2A guestworkers hired in 2003 to

discover who recruited them for employment, inasmuch as Defendants claim the family farm

---

[2] See Interrogatory No. 4 to both Defendants, Interrogatory No. 8 to Defendant Frenchman Valley Produce, and Interrogatory No. 15 to Defendant Tammy May.

exemption from AWPA coverage, requiring that all recruitment, solicitation, hiring, employing, furnishing, and transporting be done by members of the May family.

Plaintiffs move to compel complete responses to the following interrogatories and requests for production. Undoubtedly, there will be much overlap, in that many documents will be responsive to more than one of the following requests.

### Discovery Requests Seeking Information about Defendants' Defense

INTERROGATORY NO. 4 [to both Defendants]
Please describe in detail your procedure for securing agricultural and/or packing house workers during the period 2000 to the present. Please include information relating to: communications with farm labor contractors, the method of recruitment, the employees or farm labor contractors hired or assigned to recruit, the source of the labor pool, the locations where migrant or guest workers have been recruited and the dates on which they have been recruited.

INTERROGATORY NO. 8 [to Frenchman Valley Produce, Inc.]
Please identify every agricultural and/or packing house worker, including all Plaintiffs and any H-2A workers, who worked for you in your potato harvest and/or packing house in 2003. For each such person identified, please provide:
    a.    their name, address, phone number, job title, and rate of pay;
    b.    the dates worked;
    c.    the types of work or tasks performed;
    d.    the locations where each type of work was performed; and,
    e.    date and location of their recruitment

INTERROGATORY NO. 11 [to Frenchman Valley Produce, Inc.]
Please identify each person who lived in housing owned or controlled by you in 2003. For each such person identified, please provide:
    a.    their name, address, phone number, and job title;
    b.    the address of the housing, including unit number;
    c.    the dates of occupancy; and
    d.    the terms and conditions of the occupancy.

INTERROGATORY NO. 15 [to Tammy May]
Please identify each person you recruited or solicited for employment with Frenchman Valley Produce in 2003 and the state the date, location, and means of such recruitment or solicitation.

REQUEST FOR PRODUCTION NO. 20[to Frenchman Valley Produce, Inc. and 21 to Tammy May]

Please produce all documents which evidence the identity of any worker employed by you at any time from June 2003 to January 2004.

B. Plaintiffs are entitled to information regarding Plaintiffs' alleged justification for refusing to hire Plaintiffs in 2003.

Plaintiffs have alleged that they were promised certain terms and conditions of employment at the time of recruitment that were not provided to them, one of which was employment between the dates of 7/18/03 and 10/11/03, for 48 hours a week at $8.53 per hour. Under the AWPA's requirement that agricultural employers abide by the working arrangements made with migrant agricultural workers, Frenchman Valley Produce was required to provide the promised employment to Plaintiffs, absent a valid justification for refusing to do so.[3]

Defendants have claimed that their labor needs had already been filled by other workers by the time plaintiffs arrived nine hours late on July 18, 2003.[4] On the day Plaintiffs' employment was scheduled to commence, Defendants knew Plaintiffs had already started on their 1,200 mile trip from Texas on July 17, 2003, and would be some hours late to begin their

---

[3] "The [AWPA] prohibits farm labor contractors, agricultural employers and agricultural associations from violating, without justification, the terms of any working arrangement they have made with migrant or seasonal agricultural workers. Normally 'without justification' would not include situations in which failure to comply with the terms of any working arrangement was directly attributable to acts of God, due to conditions beyond the control of the person or to conditions which he could not reasonably foresee." 29 C.F.R. § 500.72(a); Avila v. A Sam & Sons, 856 F.Supp. 763 (W.D.N.Y. 1994), aff'd sub nom. Holland v. A. Sam & Sons Produce Co., Inc., 60 F.3d 812, 130 Lab. Cas. ¶ 33,257 (2nd Cir. 1995).

[4] See Tammy May's response to Interrogatory No. 13 (stating that Tammy May understood that, at the time Plaintiffs arrived, Gloria Hubbard, an employee of Frenchman Valley, "met the [Plaintiffs] and advised them that the positions had been filled"); see also Tammy May's response to Interrogatory No. 10 and Frenchman Valley Produce, Inc.'s response to Interrogatory No. 18, (stating that upon Plaintiffs' arrival, an employee of Defendant attempted to explain to Plaintiffs "that they were late [and] that their jobs were no longer available"); see also Frenchman Valley Produce, Inc.'s response to Interrogatory No. 22 (stating that in response to Plaintiffs' complaint to the Nebraska Department of Labor, Tammy May informed Ms. Madhavi Bhadbhadeis that "[Plaintiffs] had not appeared timely for work on July 18, that jobs had been held upon [sic] until 1:00p.m. when substitute workers were hired.")

three-month-long contract.[5] Defendants nonetheless contend that they had already hired

substitute workers by the time Plaintiffs arrived in the afternoon of July 18, 2003, and assert this

as the reason they refused to put Plaintiffs to work as promised. Plaintiffs are entitled to test not

just the legal sufficiency of this defense but also its factual accuracy.  Accordingly, they seek to

compel production of documents that would show how many people were working for

Defendants on the date Plaintiffs arrived, (and the days immediately preceding and succeeding

that date), who these people were, when they were engaged, when they began work, and for what

period they were hired.

Defendant Frenchman Valley Produce applied for and received certification for 52

foreign workers for the 2003 growing season. According to their application, 52 positions were

available at Frenchman Valley Produce starting July 18, 2003.[6] As an H-2A employer,

Frenchman Valley was required by law to hire any U.S. worker who arrived at the job site ready

and willing to work until either they had filled their 52 available positions, or 50% of the job

term had elapsed. See 20 C.F.R. § 655.103(e). Documents showing who was working on July 18,

2003 and the critical days before and after that date, along with the amount of work available for

these workers at that time, would show whether Defendants' asserted justification is supported or

contradicted by fact. Further, Plaintiffs are entitled to documents that would show whether or not

any of the 52 job positions available were being held by H-2A workers at the time Plaintiffs

arrived at the job site. If they were, Defendants would have had no justification for refusing to

make those positions available to the Plaintiffs, since U.S. workers are entitled to displace H-2A

workers until 50% of the job term has elapsed. Lastly, Plaintiffs are entitled to know the names

---

[5] See e.g. Tammy May's response to Interrogatory No. 10, Frenchman Valley Produce, Inc.'s responses to
Interrogatory Nos. 12 and 18.
[6] This start date was delayed from July 14, 2003.

and addresses of potential witnesses concerning the work being provided and the hiring procedures on or around July 18, 2003.

Request for Production No. 8 to both Defendants seeks all payroll records for workers employed by Defendants from June 2003 to January 2004 showing, inter alia, the basis on which wages were paid, the number of piecework units earned, the number of hours and days worked, and the starting and stopping times and date that work was performed. In response to the Interrogatory, Defendants produced two set of documents: payroll summaries for the two week period between July 10, 2003 and July 24, 2003, which show total hours worked, rate of pay, gross pay, and net pay; and payroll summaries for twelve week period between July 18, 2003 and October 11, 2003, which show total hours worked, rate of pay, gross pay, and net pay. The records produced contain no information about the days and hours work was performed. Frenchman Valley Produce is required by law to maintain records for each worker showing essential wage and hour information, which includes daily and weekly hours. See 29 C.F.R. § 516.2(a)(7). These records could show the identities or each person employed by Defendants on July 18, 2003, contact information on each such person, the starting time of work on that date and date each such person began their employment, whether such person remained employed after July 18, 2003, and whether any such persons employed on that date were H-2A workers over whom Plaintiffs were to be given preference. As such, Plaintiffs move to compel the production of documents that contain this information.

Request for Production No. 14 asks both Defendants to produce a copy of all work agreements entered into between Frenchman Valley Produce and any worker employed by or furnished to Frenchman Valley Produce in 2003. In response, Defendants produced

paperwork completed by the individuals who had interviewed at the Texas Workforce Commission who were subsequently hired by Frenchman Valley Produce. Defendants failed to produce the agreements for any other workers, although Defendant Tammy May has stated, in a letter to the Nebraska Workforce Development dated September 22, 2003, that such "employment paperwork" does in fact exist for other workers who were employed by Defendants on July 18, 2003.[7] As stated above, who and how many people were working, when they were engaged, and when they began work is an issue critical to the defense raised by Defendants. Plaintiffs are entitled to these documents for the potential information contained therein and to locate and speak with and/or depose potential witnesses as to the work provided and the hiring procedures for this harvest.

Request for Production No. 15 to both Defendants seeks documents reflecting the need for workers during the 2003 harvest on daily, weekly and monthly bases. Defendants promised 48 hours work per week to 52 people, beginning on July 18, 2003. If this amount of work was not available beginning on July 18, 2003, the absence of work would have provided Defendants a reason, but not a legal justification, for refusing to comply with the working arrangement they made with Plaintiffs. Defendants have produced some totals in response to Request for Production No. 8 and records of pre-harvest projections made to U.S.DOL. As discussed above, daily and hourly records of hours worked and numbers of workers employed, especially during the early stages of the harvest in late July and August 2003, are discoverable.

Interrogatory No. 8 to Defendant Frenchman Valley Produce asks that Defendant identify every agricultural and/or packing house worker who worked for it in 2003. For each person

---

[7] See Exhibit H at Bates number FVP-00364.

identified, the interrogatory also asks that Defendant provide, inter alia, information about the

dates that individual worked. As discussed above, this information is discoverable.

Plaintiffs move to compel a complete response to each of these discovery requests. Many

documents will be responsive to more than one request and are needed to determine both the

validity of Defendants' claim of exemption and their claim of justification for refusing to provide

Plaintiffs with the work promised them.

## Documents Seeking Information about Defendants' Claim of Justification for Violating the Working Arrangement with Plaintiffs

INTERROGATORY NO. 8 [to Frenchman Valley Produce, Inc.]
    Please identify every agricultural and/or packing house worker, including all
Plaintiffs and any H-2A workers, who worked for you in your potato harvest and/or packing
house in 2003. For each such person identified, please provide:
- a.    their name, address, phone number, job title, and rate of pay;
- b.    the dates worked;
- d.    the types of work or tasks performed;
- f.    the locations where each type of work was performed; and,
- g.    date and location of their recruitment

INTERROGATORY NO. 11 [to Frenchman Valley Produce, Inc.]
    Please identify each person who lived in housing owned or controlled by you in 2003.
For each such person identified, please provide:
- a.    their name, address, phone number, and job title;
- b.    the address of the housing, including unit number;
- c.    the dates of occupancy; and
- d.    the terms and conditions of the occupancy.

REQUEST FOR PRODUCTION NO. 8 [to both Defendants]
    Please produce all payroll records that Frenchman Valley Produce made, obtained, or
kept concerning any worker employed by or furnished to Frenchman Valley Produce covering
the period from June 2003 to January 2004. This includes but is not limited to: check stubs,
canceled checks, wage statements, mileage statements, and any other document showing the
basis on which wages were paid, the number of piecework units earned, the number of hours and
days worked, the total pay period earnings, the specific sums withheld and the purpose of each
sum withheld, and the net pay.

REQUEST FOR PRODUCTION NO. 14 [to both Defendants]
    Please produce a copy of all written work agreements entered into between Frenchman Valley Produce and any worker employed by or furnished to Frenchman Valley Produce in 2003.

REQUEST FOR PRODUCTION NO. 15 [to both Defendants]
    Please produce all documents that, for the periods June 2003 to January 2004, reflect on a daily, weekly, or monthly basis the number of workers needed by Frenchman Valley Produce, the type of work to be done, and the location in which such work was performed.

REQUEST FOR PRODUCTION NO. 20[to Frenchman Valley Produce, Inc. and 21 to Tammy May]
    Please produce all documents which evidence the identity of any worker employed by you at any time from June 2003 to January 2004.

REQUEST FOR PRODUCTION NO. 21 [to Frenchman Valley Produce, Inc. and 22 to Tammy May]
    Please produce all documents which evidence the amount of work performed by each worker employed by you at any time from June 2003 to January 2004.

C.  The Court and Plaintiffs are entitled to know whether Defendants are withholding documents based upon objections interposed by them or whether all responsive documents are have been provided.

In their response to Plaintiffs' First Set of Requests for Production, Request No. 18, Defendants objected on the basis of burdensomeness and relevancy, but then provided certain specified documents, followed by the statement "[n]o other responsive documents are in the possession of this Defendant at this time." See Exhibit B. In each other instance where Defendants objected, but then provided documents, Defendants failed to state either a description of what was being withheld, based upon the objections interposed, or that all responsive documents had been provided. Thus, Plaintiffs and the Court are left in the dark as to whether there is a discovery dispute.

Plaintiffs asked Defendants to clarify their responses in letters dated January 11, 2005 and February 18, 2005, attached hereto as Exhibits E and G, but Defendants have not in any

instance stated that they are withholding documents or that all responsive documents have been

provided. As one example, Plaintiffs' Request for Production No. 1, directed to Frenchman

Valley Produce, Inc., states:

> Please produce all correspondence, written statements, notes of conversations,
> memoranda, or other documents that in any way relate to the hiring, recruitment, or
> employment of any Plaintiff by you in 2003 and 2004.

In response, Defendants stated:

> Defendant objects to the extent this request is vague and overbroad and constitutes
> nothing more than an impermissible fishing expedition. Defendant objects to the extent
> this request seeks materials irrelevant to any issues in this suit, and not calculated to lead
> to the discovery of admissible evidence.

> Subject to the foregoing and without waiving same, attached hereto are copies of the
> applications and job clearance orders for hiring of H2-A workers in 2003. Also attached
> is a telephone log reflecting communications with various individuals relating to that
> application process and to the hiring of individuals to work in the 2003 potato harvest.
> See also attached written communications between Defendant and the Department of
> Labor.

See Exhibit B.

Because the response to this and numerous other requests were ambiguous as to whether

all responsive documents were being produced, Plaintiffs asked Defendants to state either that

the all responsive documents had been provided or that certain types of documents were being

withheld. Defendants refused to provide such clarification and, accordingly, Plaintiffs ask the

Court to compel Defendant Frenchman Valley Produce, Inc. to provide all documents responsive

to Requests 2, 3, 4, 5, 6, 7, 8, 10, 16, 19, 23, 24, and Defendant Tammy May to provide all

document responsive to Requests 2, 3, 4, 5, 6, 7, 8, 10, 16, 19, 23, and 24. Alternatively,

Plaintiffs ask for an order compelling Defendants to clarify whether responsive documents are

being withheld to each of these requests.

D.  The information and documents sought are relevant.

Defendants objected to every one of the disputed discovery requests based on relevancy. Under Fed.R.Civ.P. 26(b)(1), information is relevant and discoverable where it "encompasses any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991); see also Burns v. Thokol Corp., 483 F.2d 300, 304 (5th Cir. 1973) (information is relevant if it relates to the claim or defense of the party seeking discovery or to the defense of any other party, or to the credibility of any witness); Snowden v. Connaught Lab., 137 F.R.D. 336, 341 (D.Kan.1991) (a request for discovery should ordinarily be allowed "unless it is clear that the information sought can have no possible bearing on the subject matter of the action.").  Indeed, a "variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action. For example, other incidents of the same type ... could be properly discoverable under the revised standard. Information about organizational arrangements or filing systems of a party could be discoverable if likely to yield or lead to the discovery of admissible information. Similarly, information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable." Commentary to Rule Changes, Court Rules, 192 F.R.D. 340, 389. Courts have recognized that even after the recent amendments to Rule 26, the scope of relevant information remains very broad: "While the pleadings will be important, it would be a mistake to argue that no fact may be discovered unless it directly correlates with a factual allegation in the complaint or answer. Such a restrictive approach would run counter to the underlying purpose of the rule changes, as explained by the commentary, run afoul of Fed. R. Civ. P. 1, and undoubtedly do

disservice to the requirement of notice pleading in Rule 8 ..." <u>Thompson v. HUD</u>, 199 F.R.D.

168, 172 (D.Md. 2001).

Under this standard, the information sought by the Plaintiff farmworkers is relevant.

Plaintiffs provided a detailed explication of the relevancy of each disputed discovery request in

their January 11, 2005 correspondence to Defendants' counsel, reviewing for Defendants why

each Interrogatory and Document Request is relevant to this litigation.

E.  <u>Defendants' breadth and burden objections are without merit</u>

Without authority, evidence, or explanation, Defendant recites the following objection to

all but one of the disputed Interrogatories and Requests for Production:

Defendant further objects to the extent this request is vague, overbroad and unduly
burdensome, and constitutes nothing more than an impermissible fishing expedition.

Where "Defendant has not provided any evidence of the burden of producing [the requested

information], Defendant must respond to [the discovery request] as the burden does not outweigh

the likely benefit of the information." <u>Leibforth v. Belvidere National Bank</u>, 2001 U.S. Dist.

LEXIS 7725 at *3 (W.D. Ill., June 7, 2001); <u>Leumi Financial Corp. v. Hartford Acc. & Indem.

Co.</u>, 295 F. Supp. 539, 544 (D.N.Y. 1969) ("The burden of proof is generally on the party that

objects to an interrogatory.  The objection of burdensomeness will therefore not be considered

without some indication of why the interrogatory is difficult to answer.").  Because Frenchman

Valley Produce has wholly failed to timely meet its burden of showing a legitimate reason why

the disputed Interrogatories and Requests for Production are overly burdensome, its objection

should be overruled.  Even if Frenchman Valley Produce had produced evidence of costs

associated with answering Plaintiffs' discovery requests, it is not entitled to a burdensomeness

objection where, as discussed above, the information is crucial to Plaintiffs' case and is within

the exclusive custody of Frenchman Valley Produce.  See In re Folding Carton Antitrust
Litigation, 83 F.R.D. 260, 265-66 (D. Ill. 1979); King v. Georgia Power Co., 50 F.R.D. 134, 136-
37 (D. Ga. 1970).  The mere fact that interrogatories are lengthy or that answering them will take
some effort and expense does not support an objection on grounds of burden.  Flood v. Margis,
64 F.R.D. 59, 61-62 (D. Wis. 1974).

> F.  Whatever putative privacy rights exist in withheld documents and/or information are
> outweighed by Plaintiffs' interest in discovering relevant information.

Defendants recite the following objection to four of the disputed discovery requests:[8]

Defendant...objects to the extent this request would invade the personal and
constitutional privacy rights of third persons who are not parties to this suit.

Interrogatory 8 to Frenchman Valley Produce, Interrogatory 15 to Tammy May, and Request for
Production No.20 to Frenchman Valley Produce (and Request No. 21 to Tammy May) seek
information on the identity of each individual employed by Defendants in 2003. These
individuals are potential witnesses to this lawsuit. Under what circumstances and by whom these
employees were recruited, solicited, hired, employed, furnished, or transported is, as discussed
above, plainly relevant to Defendants' affirmative defense. Request for Production No. 8 to both
Defendants seeks payroll records concerning any worked employed by or furnished to
Frenchman Valley Produce covering the period from June 2003 to January 2004. As discussed
above, information about who was working on July 18, 2003 and the critical days before and
after that date, along with the amount of work available for these workers at that time is relevant
to test Defendants alleged justification for refusing to hire Plaintiffs on their day their work was

---

[8] See responses to Interrogatory No. 15 to Tammy May, Interrogatory No. 8 to Frenchman Valley Produce, Inc.,
Request for Production No. Request for Production No. 20 to Frenchman Valley Produce, Inc (and 21 to Tammy
May) and Request for Production No. 8 to both Defendants.

to begin. Further, Plaintiffs are entitled to know the names and addresses of potential witnesses concerning the work being provided and the hiring procedures on or around July 18, 2003.

There is no question that payroll records for the 2003 season and any other documents showing the identities of workers employed by Defendants in 2003 are "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P.26(b)(1); see also Coughlin, 946 F.2d at 1159. (information is relevant and discoverable if it "encompasses any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.") Furthermore, such information is so crucial to the determination of issues central to this case that its relevance far outstrips any concern for the privacy of the non-party employees. Cook v. Yellow Freight Systems, Inc., 132 F.R.D. 548, 551-52 (E.D.Cal. 1990); see also Vivone v. Acme Markets, Inc., 105 F.R.D. 65 (E.D.Penn. 1985).

WHEREFORE, Plaintiffs' respectfully request that this Court issue an order granting the following relief pursuant to Fed.R.Civ.P. 33, 34, and 37:

a.     Compelling Defendant Frenchman Valley Produce, Inc. to respond fully to Interrogatories 1, 4, 8, and 11;

b.     Compelling Defendant Tammy May to respond fully to Interrogatories 1, 4, and 15;

c.     Compelling Defendant Frenchman Valley Produce, Inc.'s production of documents in response to Requests 8, 14, 15, 20, and 21;

d.     Compelling Defendant Tammy May's production of documents in response to Requests 8, 14, 15, 21, and 22;

e.     Compelling Defendant Frenchman Valley Produce, Inc's production of

documents responsive to Requests 2, 3, 4, 5, 6, 7, 8, 10, 16, 19, 23, and 24, or,

alternatively, compelling Defendant Frenchman Valley Produce to clarify whether

responsive documents are being withheld to each of these requests;

f.     Compelling Defendant Tammy May's production of documents responsive to

Requests 2, 3, 4, 5, 6, 7, 8, 10, 16, 19, 23, and 24, or, alternatively, compelling

Defendant Tammy May to clarify whether responsive documents are being

withheld to each of these requests;

g.     An award of costs and fees in resolving this discovery dispute.

h.     Such further relief as this court decrees just and necessary.

Respectfully Submitted,

_____

Jennifer Smith
Texas Bar No. 24037514
S.D. No. 36274
Co-Counsel for Plaintiffs

TEXAS RIOGRANDE LEGAL AID, INC.
300 S. Texas Blvd.
Weslaco, Texas 78586
Telephone: (956) 968-6574
Facsimile: (956) 968-8823

### CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Mr. Harvey Ferguson, prior attorney of record for Defendants, and engaged in a good faith effort to resolve the matters in dispute with Mr. Harvey Ferguson, prior attorney of record for Defendants, but was unable to reach an agreement on the discovery issues raised in this Motion.

_____

Jennifer Smith

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on _7th_ day of March, 2005, a true and correct copy f the foregoing Motion was sent First Class U.S. Mail to counsel of record, Mr. Mark Ralls, at

Gonzalez Hoblit Ferguson, L.L.P.
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, TX 78205

_____
Jennifer Smith