## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and<br>Juana Hernandez-Vasquez | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. B-04-122 |
| v. | § § | |
| Frenchman Valley Produce, Inc. and<br>Tammy May, | § § | JURY TRIAL REQUESTED |
| Defendants. | § § | |

## DEFENDANT FRENCHMAN VALLEY PRODUCE, INC.'S
## ANSWERS AND OBJECTIONS TO PLAINTIFFS
## FIRST SET OF INTERROGATORIES

TO:     Plaintiffs Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez-Vasquez, by and
through their attorneys of record, Nathaniel Norton, Texas Rural Legal Aid, 300 South
Texas, Weslaco, TX 78596

Pursuant to the provisions of the Federal Texas Rules of Civil Procedure, Defendant

Frenchman Valley Produce, Inc. ("Frenchman Valley"), by and through its attorney of record,

serves these objections and responses to Plaintiffs' First Set of Interrogatories to Defendant.

EXHIBIT
A

Respectfully submitted,

_Harvey Ferguson, Jr._ (by permission nsd)

Harvey Ferguson, Jr.
State Bar No. 06913500
Federal ID No. 8417

Attorney in Charge Defendants Frenchman
Valley Produce, Inc. and Tammy May

**Gonzales Hoblit Ferguson, LLP**
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, Texas 78250
(210) 224-9991 (Telephone)
(210) 226-1544 (Facsimile)


ATTORNEYS FOR DEFENDANTS FRENCHMAN
VALLEY PRODUCE, INC. AND TAMMY MAY

**OF COUNSEL:**

Rudy Gonzales, Jr.
State Bar No. 08121700
Federal ID No. 1896
Roberta Dohse
State Bar No. 05955400
Federal ID No. 14487
**Gonzales Hoblit Ferguson, LLP**
Frost Bank Plaza
802 N. Carancahua, Suite 2000
Corpus Christi, Texas 78470
(361) 888-9392 (Telephone)
(361) 888-9187 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Initial Rule 26 Disclosures has been forwarded in the manner indicated below on this the ⟨*80*⟩ day of October, 2004, to all counsel of record as follows:


Nathaniel Norton
Jennifer Smith
Rodolfo D. Sanchez
300 South Texas
Weslaco, TX 78596
*Via Certified Mail/RRR*
*and Via Facsimile:  (956) 968-8823*


Roberta S. Dohse

3

## INTERROGATORIES

## GENERAL OBJECTION

Defendant objects to all these interrogatories to the extent they seek to inquire into alleged violations under or compliance with the Migrant Seasonal Agricultural Workers Protection Act. It is Defendants' contention that they are exempt from the requirements of the Act as being a family owned business, as set forth in 29 U.S.C. §1803(a)(1).

## INTERROGATORY NO. 1

Please identify and describe in detail every document you made, kept, preserved and/or posted concerning the recruitment, hiring, terms and conditions of employment, labor, earnings, deductions, housing terms and conditions, transportation, rights, benefits and/or termination of all workers, including U.S. and H-2A workers, employed by you to harvest, sort, and/or pack potatoes in 2003.

## RESPONSE:

Defendant objects to the extent this request is vague and overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. It is not possible for this Defendant to state each fact upon which Defendant will rely at trial. Furthermore, the Federal Rules of Civil Procedure do not require a party to state "with specificity" or "in detail" all information which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence. Defendant objects to the extent this request is premature, inasmuch as discovery is in its infancy.

Subject to the foregoing and without waiving same, relevant documents include but are not necessarily limited to the following:

    Letter from attorneys forwarding applications for H2-A temporary labor certification

    ETA 750 applications for H2-A temporary labor certification

    ETA 790 Clearance Order for H2-A temporary labor certification

    Attachments to ETA-790 relating to job specifications and conditions

    Work rules and disciplinary procedures

    ETA-795

Written communications with Department of Labor, Nebraska Workforce, including communications of June 27, 2003, September 22, 2004 and September 24, 2004 Phone log (including notes of communications relating to ETA-795, and relating contacts from various individuals seeking employment, as well as contacts with Department of Labor and various workforce personnel)

Written communications with Chris Gonzales, Chicago office of Department of Labor

Copies of communications with Brownsville, Texas *Herald* newspaper, and with Brownsville, Texas radio station KGBT regarding advertisements for available jobs

Applications tendered by all individuals hired for the potato harvest in 2003

Payroll journal relating to all individuals hired for the potato harvest in 2003

I-9 forms tendered by all individuals hired for the potato harvest in 2003

## INTERROGATORY NO. 2

Please identify and describe every document you or anyone acting on your behalf provided to any Plaintiff during 2003 and identify the date on which and location where the document was provided to the individual.

## RESPONSE:

Defendant objects to the extent this request is vague and overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. It is not possible for this Defendant to state each document upon which Defendant will rely at trial. Furthermore, the Federal Rules of Civil Procedure do not require a party to describe with specificity or in detail all information which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence. Defendant objects to the extent this request is premature, inasmuch as discovery is in its infancy. Defendant objects to the extent this request seeks information not within the possession of control of Defendants.

Subject to the foregoing and without waiving same, no documents were provided by this Defendant directly to any Plaintiffs in this matter. It is believed that relevant documents reflecting the job order and job clearance order were provided to Plaintiffs by personnel at the Texas Workforce Development office in Brownsville, Texas. Information was initially provided by Defendant to the Department of Labor, who reviewed, investigated and then certified the job clearance order. The Department of Labor then forwarded materials including the job clearance order, its requirements and its attachments to the various workforce offices, including the Texas Workforce office in Brownsville, Texas. Additional information was provided to all workers who appeared timely for work at the work site at the time they were hired.

## INTERROGATORY NO. 3

If any documents are being withheld from discovery on the basis of a claim of privilege, exemption from discovery or other objection, please furnish the following information for each such document:

a.    description of the document;

b.    date the document was generated;

c.    name(s), address(es) and telephone number(s) of the author(s) of the document;

d.    names, addresses and telephone numbers of any indicated recipients of the document;

e.    name, address and telephone number of every person to whom the document has ever been disclosed, and the dates and circumstances of each such disclosure;

f.    the precise subject matter of the document;

g.    the name, address and telephone number of every person who has custody or control over the document; and

h.    the basis for claiming privilege or exemption from discovery.

**RESPONSE:**

Certain information related to specific identity and social security numbers of other workers employed by Frenchman Valley Produce, Inc. in 2003 are being withheld based upon those persons' Constitutional rights to privacy.  No documents have been discussed which fall within attorney-client communications that may have arisen subsequent to the filing of this suit, and/or attorney work product.

## INTERROGATORY NO. 4

Please describe in detail your procedure for securing agricultural and/or packing house workers during the period 2000 to the present. Please include information relating to: communications with farm labor contractors, the method of recruitment, the employees or farm labor contractors hired or assigned to recruit, the source of the labor pool, the locations where migrant or guest workers have been recruited and the dates on which they have been recruited.

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition.  It is not possible for this Defendant to state each fact upon which Defendant will rely at trial. Furthermore, the Federal

6

Rules of Civil Procedure do not require a party to state "with specificity" or "in detail" all information which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Defendant has not applied for or employed the use of H2-A workers in all the referenced years. In 2003, Defendant did file applications to be able to hire H2-A workers for the potato harvest, should such become necessary. In 2003, Defendant was also required by the Department of Labor to advertise publicly for workers in two media in the Brownsville, Texas area. Defendant was required to publish a notice in one newspaper, and to provide on ad on one radio station. The newspaper advertisement was published in the *Brownsville Herald* newspaper, Brownsville, Texas. The ad aired on the KGBT radio station which broadcasted to the Brownsville, Texas area. Once all prerequisites were satisfied, all investigations were completed, and all aspects of the applications were approved by the Department of Labor, the job clearance orders issued. The job clearance orders and all attachments were then automatically circulated by the Department of Labor to various Workforce Development agencies throughout the country, including the Texas Workforce Development. Defendants engaged in no other recruitment activities. Defendants did not employee the use of any recruiters. No employees or farm labor contractors were assigned to recruitment.

Other domestic workers from the surrounding area that were hired presumably learned of the job by word of mouth. No H2-A workers were ever hired in violation of any tenet of any applicable law or statute.

## INTERROGATORY NO. 5

Please describe in detail your business structure, including, but not limited to: its date of incorporation, its date of inception, the names of all general and limited partners and shareholders, a description of the nature of its business, and a description of the chain of responsibility in 2003, beginning with the job title or position most immediately responsible for overseeing the workers in the shed and/or the field and then up through each successive level of supervisory or managerial responsibility. Please list the various job titles or positions in order from lowest to highest degree of supervisory authority.

## RESPONSE:

Defendant objects to the extent this request is vague and overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. The Federal Rules of Civil Procedure do not require a party to state "with specificity" or "in detail" all information which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Frenchman Valley Produce, Inc. is a domestic corporation which was incorporated in 1993 under the laws of the State of Nebraska. It is a wholly family owned business. Its sole business is the growing and shipping of fresh potatoes. Tim and Tammy May have overall authority over the operations of the business, Numerous supervisors are employed to directly oversee day to day operations of the business, including:

1.    Supervisor, responsible for harvesting of the crop and its unloading from the field. This individual ensures equipment is running properly and people are performing satisfactorily. Labor on harvest sorts debris out of potatoes once they arrive at the warehouse.

2.    Packing Shed Supervisor. This individual supervises the three subsidiary supervisors indicated below. He is supervisor for the floor, including labor, quality control, inventory, and machine maintenance.

      a.    Boxer supervisor – responsible for filling 50 pound boxes, labor, quality control and equipment maintenance.

      b.    Bag supervisor – responsible for the filling of various bags with potatoes, including 5 lb., 8 lb., 10 lb., 15 lb., 20 lb., sorted by size and grade, and by appropriate label (potatoes are shipped under numerous different labels).

      c.    Fork lift supervisor – responsible for ensuring the correct product as packaged is sorted for loading on the appropriate shipping trucks.

## INTERROGATORY NO. 6

Please identify each instance from 2000 to the present in which you have been reviewed, examined, investigated, cited, warned or subjected to any finding or action by the U. S. Department of Labor, and state employment service, or any other agency of state, federal or local government, related to compliance with laws concerning employment, worker housing, or worker health and safety. Identify each such instance by providing the name of the agency involved, the date of the agency action, the reason for the agency action, the nature of the final action and the circumstances surrounding the agency action.

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence. Defendant object to the extent this request seeks information not within the possession of control of Defendants.

Subject to the foregoing and without waiving same,

With respect to the 1999 claimed incident was the underlying basis for the prior suit identified in the Original Complaint, there was no investigation in 1999. An investigation was ultimately conducted by the Department of Labor Nebraska Workforce Development in 2001. That investigation reviewed 1999, 2000, and 2001 performance issues. No agency actions were taken against Defendant as a result of that investigation, as there were no findings against Defendant in that investigation.

With respect to the claims brought by these Plaintiffs as a result of the 2003 issues, Defendant was investigated by the Department of Labor Nebraska Workforce Development in September 2003. A copy of the investigative materials which have been made available to Defendant are being produced contemporaneously herewith. No agency actions were taken against Defendant as a result of that investigation, as there were no findings against Defendant in that investigation.

## INTERROGATORY NO. 7

Please list any lawsuits, prosecutions, or administrative agency proceedings in which you have been a party and/or in which you have testified during the last ten years, providing the style, cause number and court or agency in which each action was pending, and briefly describing the nature of the proceeding.

### RESPONSE:

Defendant objects to the extent this request is vague, overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, there have been no prosecutions. There have been no lawsuits other than this suit and the one prior suit identified in Plaintiffs' Original Complaint. Defendant has not been a party to any administrative agency proceedings.

## INTERROGATORY NO. 8

Please identify every agricultural and/or packing house worker, including all Plaintiffs and any H-2A workers, who worked for you in your potato harvest and/or packing house in 2003. For each such person identified, please provide:

a.    their name, address, phone number, job title, and rate of pay;
b.    the dates worked;
c.    the types of work or tasks performed;
d.    the locations where each type of work was performed; and
e.    the date and location of their recruitment.

### RESPONSE:

Defendant objects to the extent this request is vague, overbroad and constitutes nothing more

than an impermissible fishing expedition. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence. Defendant object to the extent this request would invade the personal privacy and Constitutional privileges of individuals who are not parties to this suit. Only five persons who contacted Frenchman Valley through the Texas Workforce Development appeared and were hired. On those, only three actually reported for work on July 18. Please also see payroll journal being produced contemporaneously herewith.

Subject to the foregoing and without waiving same, jobs were as described in the job clearance order. All work was performed at the Frenchman Valley Produce, Inc., site, East Highway 6, Imperial, Nebraska. Availability of work was made known and various applicants contacted Frenchman Valley regarding the work. All hiring took place on July 18, 2003.

## INTERROGATORY NO. 9

Please describe in detail how you recruited or hired the Plaintiffs in 2003, including in this description what documents were provided Plaintiffs, what terms of employment were disclosed to the Plaintiffs, and the identity and authority of the recruiting or hiring agent.

## RESPONSE:

Defendant objects to the presumptive use of the terms "recruited or hired" in this inquiry. Defendant objects to the presumption that any recruiting or hiring "agent" was used or relied upon by Defendants. Defendant objects to the extent this request overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. It is not possible for this Defendant to state each fact upon which Defendant will rely at trial. Furthermore, the Federal Rules of Civil Procedure do not require a party to state "with specificity" or "in detail" all information which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Defendant filed applications to be able to hire H2-A workers for the 2003 potato harvest, should such become necessary. Defendant was inspected and approved by the Department of Labor and for 52 workers prior to issuance of the job clearance orders. Defendant also advertised publicly for workers in two media in the Brownsville, Texas area, as required by the Department of Labor. Defendant published an advertisement in one newspaper, the *Brownsville Herald*, and provide an ad on one radio station KGBT. Once its applications were approved, the authorized job clearance orders were automatically circulated by the Department of Labor to various Workforce Development agencies throughout the country, including the Texas Workforce Development. Defendant was subsequently contacted by the Texas Workforce Development, who presented numerous individuals for telephone interviews. Defendant never met any of the individuals directly. Defendant spoke with the individuals through translators, including Susie Benavides and Rosalinda Zarate, employees of the Texas Workforce Development. The conversations consisted of review of all aspects of the job order, including the nature of the job and its physical

requirements, related duties, the various tasks that would be performed, the dates of employment, hourly rate, numbers of hours required per week, date, time, and place to appear for work, and any procedural requirements related to notification of anticipated date and time of arrival. Each applicant was asked to affirm that he or she understood the requirements of the job and the attendant terms. Defendant relied upon Texas Workforce Development personnel Susie Benavides and Rosalinda Zarate to accurately translate the conversation to the individual applicants. The applicants were advised that they would be hired upon appearing timely for work on the designated date at the identified location. Based upon contact with various job applicants, including those presented by the Texas Workforce Development, Defendants anticipated and understood that between 27 to 29 individuals from the area of Brownsville, Texas, including the Plaintiffs in this action, would be reporting for work in Nebraska on the identified date, time and place for Defendant's 2003 potato harvest.

## INTERROGATORY NO. 10

Please describe in detail all housing facilities owned or controlled by you in 2003. Please include in your description of each housing facility its address, the number and type of rooms, the capacity, and the date such facility was open for occupancy.

### RESPONSE:

Defendant objects to the extent this request is vague and overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. It is not possible for this Defendant to state each fact upon which Defendant will rely at trial. Furthermore, the Federal Rules of Civil Procedure do not require a party to state "with specificity" or "in detail" all information which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Defendant would refer Plaintiffs to the Job Clearance order and all attachments thereto being produced contemporaneously herewith.

## INTERROGATORY NO. 11

Please identify each person who lived in housing owned or controlled by you in 2003. For each such person identified, please provide:

a.    their name, address, phone number, and job title;

b.    the address of the housing, including unit number;

c.    the dates of occupancy; and

d.    the terms and conditions of the occupancy.

11

**RESPONSE:**

Defendant objects to the extent this request is vague, overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 12

Please explain in detail how, why and when each Plaintiff's employment was terminated or why employment was not provided to each Plaintiff in 2003.

**RESPONSE:**

Defendant objects to the improper use of the term "terminated." Defendant objects to the extent this request is overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. It is not possible for this Defendant to state each fact upon which Defendant will rely at trial. Furthermore, the Federal Rules of Civil Procedure do not require a party to state "with specificity" or "in detail" all information which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence. Defendant object to the extent this request seeks information not within the possession of control of Defendants.

Subject to the foregoing and without waiving same, Plaintiffs failed to timely report for work at the date, time and place as indicated to them in the job clearance order, its attachments, and any amendments thereto. Plaintiffs failed to provide any notification to the Department of Labor in Nebraska, as instructed, about their intent or their anticipated date and time of arrival. Accordingly, Plaintiffs never timely appeared for employment and were never hired by Defendant. Furthermore, Defendant did have a conversation with Susie Benavides the preceding day. Ms. Benavides advised that Plaintiffs were still looking for some other individuals, and would be leaving after they found those individuals. There was no indication as to when those Plaintiffs actually intended to depart. Defendant directly advised Ms. Benavides that Plaintiffs would not able to make the lengthy twenty-two hour trip in a timely manner, they would not be able to appear on time, and that they should therefore not make the trip.

The job required appearance in a timely manner at 7:00 a.m.

## INTERROGATORY NO. 13

Please state the amount of monies or other valuables tendered by you to any farm labor contractor, recruiter, or labor agent from 2000 to the present. Include in your response, the name of each such person or entity, an itemized listing, for each of them, of all payments made to each of them with the amount and/or type of money or valuable, the date it was tendered, and a statement explaining the reason for each payment.

**RESPONSE:**

Defendant objects to the extent this request is vague, overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, None.

**INTERROGATORY NO. 14**

Please identify each person or expert who was consulted regarding this matter and who is not expected to be called as an expert witness at trial but whose work product has been or will be reviewed by an expert who may be called as a witness. For each such person or expert, state the mental impressions and opinions held by him or her, the facts known to him or her, and whether s/he has provided you or your attorney with a report, whether it be in oral or written form.

**RESPONSE:**

Defendant objects to the extent this request is premature. No expert witnesses have been retained at this time. Therefore, no work produce has yet been reviewed on any such expert witness. This response will be appropriately supplemented in a timely manner in accord with the Federal Rules of Civil Procedure and any scheduling order entered in this matter.

**INTERROGATORY NO. 15**

Please describe in detail all actions taken by you to conduct positive recruitment (as that term is defined in 20 C.F.R. § 655.100) in 2003 including, but not limited to: dates of any newspaper advertisements, the name of the newspapers in which any advertisements appeared, communications with farm labor contractors, the method of recruitment, the employees or farm labor contractors hired or assigned to recruit, the source of the labor pool, the locations where migrant workers have been recruited, and the dates on which they have been recruited.

**RESPONSE:**

Defendant objects to use of the term "positive recruitment" as inapplicable to the circumstances in issue here. Defendant objects to the extent this request is vague and overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. It is not possible for this Defendant to state each fact upon which Defendant will rely at trial. Furthermore, the Federal Rules of Civil Procedure do not require a party to state "with specificity" or "in detail" all information which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Defendant engaged in no "positive recruitment" as defined in 20 C.F.R. §655.100. Defendant was directed by the Department of Labor to advertise as reflected in response to Interrogatory No. 4 above, as a part of the application process. Defendant was contacted by the Texas Workforce Development as discussed in response to interrogatories above.  Defendant engaged in no other advertising or recruiting efforts.

## INTERROGATORY NO. 16

Please describe in detail your potato operations in Nebraska in 2003. This should include, but not be limited to: dates on which each step in these operations took place, locations at which they took place, a description of each task performed by employees, methods for completing these tasks, and persons responsible for overseeing these operations.

## RESPONSE:

Defendant objects to the extent this request is vague and overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition.  It is not possible for this Defendant to state each fact upon which Defendant will rely at trial.  Furthermore, the Federal Rules of Civil Procedure do not require a party to state "with specificity" or "in detail" all information which may be known.  Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial.  Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, all operations took place at Frenchman Valley Produce, Inc., East Highway 6, Imperial, Nebraska.  In the spring, Defendant planted potatoes.  Throughout the spring and early summer Defendant took all requisite steps to ensure the growth of healthy potatoes.  Defendant also took all requisite steps to ensure proper operations of machinery, including machinery to be used in the harvest.

Harvesting of the potatoes commenced on July 18, 2003.  The harvest ended on October 11, 2003.  This is a time sensitive process.  Prior and subsequent to October 11, 2003, packing and shipping of potatoes occurred as an on-going process through the end of the year.

Various jobs for workers engaged in the harvest were as set forth in the job clearance orders, and included sorters, stackers, check weighers, graders, packagers (in both bags and boxes), and loaders.  Potatoes were sorted by weight and grade; bad potatoes were discarded.  Potatoes were then packaged according to weight, grade, and shipping label into either bags or boxes.  Potatoes ready for shipping where then directed to be loaded on the correct trucks.

Supervisors as identified above in response to Interrogatory No. 5 above supervised these operations.

## INTERROGATORY NO. 17

Please identify every business, farm, ranch, warehouse, processing establishment, packing shed, grower association or cooperative which you owned, managed, directed, worked for, contracted with, or participated in or with at any time during 2003 and describe the form in which each enterprise was organized, and the precise relationship you had with them.

## RESPONSE:

Defendant objects to the extent this request is vague, overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, none other than Frenchman Valley Produce, Inc.

## INTERROGATORY NO. 18

Please identify and summarize the nature of any communications between you or anyone acting on your behalf (including Tammy May) and any Plaintiff in 2003. Include the date, content, and place of each such communication.

## RESPONSE:

Defendant objects to the extent this request is impermissibly vague. Defendant objects that this request is overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request calls for information not within the possession or control of this Defendant.

Subject to the foregoing and without waiving same, Defendant never met any of the individuals directly during the application process. Defendant spoke with the individuals over the phone through translators, including Susie Benavides and Rosalinda Zarate, employees of the Texas Workforce Development. The conversations consisted of review of all aspects of the job order and its attachments, including the nature of the job and its physical requirements, related duties, the various tasks that would be performed, the dates of employment, hourly rate, numbers of hours required per week, date, time, and place to appear for work, and any procedural requirements related to notification of anticipated date and time of arrival. Each applicant was asked to affirm that he or she understood the requirements of the job and the attendant terms. Defendant relied upon Texas Workforce Development personnel Susie Benavides and Rosalinda Zarate to accurately translate the conversation to the individual applicants. The applicants were advised that they would be hired upon appearing timely for work on the designated date at the identified location. Texas Workforce Development subsequently advised that 27 to 29 individuals, including the Plaintiffs in this action, would be reporting for work in Nebraska on or before the identified date, time and place for Defendant's 2003 potato harvest.

Subsequently, Defendant did have a conversation with Susie Benavides on July 17, 2003, but had no opportunity to speak directly with any of the Plaintiffs. Ms. Benavides advised Defendant that Plaintiffs Jorge Sauceda was coming, and that the other Plaintiffs were still looking for some other individuals, and that they would be leaving after they found those individuals. There was no indication as to when Plaintiffs actually intended to depart. Defendant directly advised Ms. Benavides that Plaintiffs would not able to make the lengthy twenty-two hour trip in a timely manner, they would not be able to appear on time, and that they should therefore not make the trip.

Subsequently, of the 27-29 individuals believed to have been sent by the Texas Workforce Development, who indicated they would report for work with Defendant on or before July 18, 2004, only five individuals sent by Rosalinda Zarate of the Texas Workforce Development did timely appear and register for work. Those individuals were hired. On July 18, 2004, only three of those reported to work and remained on payroll. Plaintiffs did not appear until later in the day on July 18, 2003. Plaintiffs are believed to have appeared between 3:30 and 4:00 p.m. When they did appear, an employee of Defendant did attempt to explain to them as best she was able, inasmuch as she did not speak Spanish, that they were late that the jobs were no longer available. Plaintiffs departed. These conversations took place in the offices of Frenchman Valley Produce, Inc.

## INTERROGATORY NO. 19

Please identify by name, address, and telephone number each person who either advised you or assisted you in preparing your application for H-2A workers from 2000 to the present. Please include the nature of the advice or help provided by each such person.

### RESPONSE:

Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Defendant has been assisted in the preparation of its applications for H-2A workers by its legal counsel, McGuiness Norris & Williams, LLP, 1015 Fifteenth Street, N.W., Suite 1200, Washington, D.C. 20005 (202) 789-8600.  All such communications are claimed as privileged.

Defendant also consulted on some matters with Mr. Thomas A. Ukinski and Ms. Madhavi Bhadbhade of the Nebraska Workforce Development Nebraska Department of Labor, Foreign Labor Certification Unit, 550 South 16th St., Lincoln, NE 68509-4600, (402) 471-2693. Defendant also had communications with Chris Gonzalez, with the Department of Labor office in Chicago, Illinois.

## INTERROGATORY NO. 20

Please identify each person who worked for Frenchman Valley Produce from June 2000 to November 2003, including H-2A workers. Please include the dates of their employment and the

reason their employment ended.

**RESPONSE:**

Defendant objects to the extent this request is overbroad, unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, see response to Interrogatory No. 8 above.

**INTERROGATORY NO. 21**

Please identify every person, agency, and organization that you have used to recruit, solicit, locate, refer, secure, or hire workers for your operations in 2002, 2003, or 2004.

**RESPONSE:**

Defendant objects to the extent this request is overbroad, unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence. Defendant objects to the extent this request calls for information not within the possession or control of this Defendant.

Subject to the foregoing and without waiving same, no entities were contacted directly by Defendants for this purpose other than the *Brownsville Herald* and the KGBT radio station in Brownsville, Texas. Defendant worked exclusively through the Department of Labor, which disseminated information to the various state workforces. Defendant anticipates that information about its hiring also passed by word of mouth, but cannot identify any particular individuals.

**INTERROGATORY NO. 22**

Please describe all communications you had with the U.S. and/or Nebraska Department of Labor, and the Nebraska employment service between April 2003 and November 2003. Include the date of said communications, and the identity of every person with whom these communications were made.

**RESPONSE:**

Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, various telephone communications were held primarily between Defendant and/or Tammy May and Mr. Thomas A. Ukinski and Ms. Madhavi Bhadbhade of the Nebraska Workforce Development Nebraska Department of Labor, Foreign Labor Certification Unit, 550 South 16th St., Lincoln, NE 68509-4600, (402) 471-2693.

The first telephone calls to Ms. Madhavi Bhadbhadeis and Thomas A. Ukinski are believed to have taken place May 27, 2003; neither was in the office. An inquiry was made by phone to Pam Ayers, with the Department of Labor in Kansas City, asking whether paperwork should be forwarded to that office. There was a telephone communication with Ms. Madhavi Bhadbhadeis on June 2, 2003, in which she advised Defendant that she had not yet reviewed the application, and that Defendant would be required to advertise in Texas. She also advised she would be gone the entire month of July. Defendant subsequently received a call from Pam Ayers, providing the contact information of Chris Gonzalez, who was with the Department of Labor office in Chicago, Illinois. In a telephone conference on June 3, 2003, Defendant provided Ms. Madhavi Bhadbhadeis with the two job order numbers and she advised she would contact Don Hopkins with job services about the inspection. Don Hopkins subsequently called that afternoon to advise that Defendant had been inspected June 12, 2002, and only had to be inspected once a year. He advised he would call back, which he did on June 4 to advise that inspectors would be arriving shortly.

Defendant left a message with Ms. Madhavi Bhadbhadeis on June 4, 2003 about costs of the Spanish speaking radio station. Ms. Madhavi Bhadbhadeis called back to discuss the same issue later that same day and to relate that the costs were unavoidable.

On June 17, 2003, there was a telephone conference with Chris Gonzalez with the Chicago office of the Department of Labor relaying comments from the Texas Workforce Commission and how interviews would be scheduled to ensure Defendant had names and social security numbers of applicants and could verify job availability.

On June 19, 2003, Defendant placed a call to Ms. Madhavi Bhadbhadeis to request a copy of form ETA-795. Defendant also advised that it appeared there would be a large number of applicants. Ms. Madhavi Bhadbhadeis returned the call on June 20, 2003; form was forwarded later that day. On June 23, 2003, the completed ETA-795 was forwarded by fax to Chris Gonzalez in the Chicago DOL office changing the start date for the jobs to July 18, 2003. On June 27, 2003, packages were received by the Chicago, IL and Lincoln, NE DOL offices, containing various job applications. That same date, a call was placed by Defendant, with a written follow-up letter sent by fax, to Ms. Madhavi Bhadbhadeis to temporarily halt any further recruitment for the job orders. On June 30, 2003, there were follow up conversations relating to form ETA-795 with Chris Gonzalez (Chicago IL DOL) and Tom Ukinski (Lincoln, NE DOL office). Tom Ukinski indicated he would sign the form and get it back to Chris Gonzalez that same day; a copy would also be provided to Defendant by fax.

Tom Ukinski apparently called Defendant on July 14, 2003, but left no substantive message. On July 13, 2003, Defendant placed a call to Tom Ukinski, requesting the names and social security numbers of all persons who had contacted him, as required by the Department of Labor, 9-5 days before commencement of the job (which was July 18). Mr. Ukinski indicated he would provide this. Mr. Ukinski called back later than same morning to advise that no one had called the Lincoln, NE DOL office.

On August 12, 2003, Ms. Madhavi Bhadbhadeis called to inform Defendant that a complaint had been filed from the Texas Workforce Development. Tammy May explained the circumstances, that they had not appeared timely for work on July 18, that jobs had been held upon until 1:00 p.m. when substitute workers were hired. Ms. May advised of the conversation with Susie Benavides on July 17 and of another conversation with Virginia Ann Hayes (in Austin, Texas office). She also advised of letters she had forwarded. Ms. Madhavi Bhadbhadeis advised she would investigate.

On August 27, 2003, Ms. Madhavi Bhadbhadeis called again to discuss the complaints, which she now had received in written form. She had various questions relating to just what issues and points were communicated to the workers.

On September 10, 2003, the Nebraska Workforce Development forwarded to Defendant a cop[y of the Memorandum which issued September 5, 2003, from the Nebraska Workforce Development with respect to the investigation that had been conducted on the complaints of Plaintiffs Juana Hernandez and Jorge Sauceda. The Memorandum reflected the investigative review and the resolution determination, and included copies of Plaintiffs' complaints.

Defendant also received a copy of the September 12, 2003 Memorandum which issued from the Nebraska Workforce Development with respect to the investigation that had been conducted on the complaints of Plaintiff Ruben Alvarez-Carillo.

Defendants subsequently forwarded letters to investigators on September 22 (clarifying the sequence of events on July 18, 2003) and September 24, 2003 (clarifying the sequence of events are relating to Ruben Alvarez-Carillo).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and<br>Juana Hernandez-Vasquez | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. B-04-122 |
| v. | § | |
| | § | |
| Frenchman Valley Produce, Inc. and<br>Tammy May, | § | |
| | § | JURY TRIAL REQUESTED |
| Defendants. | § | |

## VERIFICATION

**STATE OF NEBRASKA** § 
§ ss.
**COUNTY OF CHASE** §

Before me, the undersigned notary, on this day personally appeared Timothy May, known by me to be the person whose name is subscribed to this affidavit, and after being, by me, duly sworn, stated that he is the authorized representative for Frenchman Valley Produce, Inc., a Defendant in the above-entitled and numbered cause, and that the Answers to Plaintiffs' First Set of Interrogatories attached hereto are within his personal knowledge and are true and correct to the best of his knowledge and belief.

_____
Timothy May

SUBSCRIBED AND SWORN TO BEFORE ME on this _19th_ day of October, 2004.

_____
Notary Public, State of Nebraska
My commission expires: March 25, 2007

GENERAL NOTARY - State of Nebraska
SHERRIE L. McDANIEL
My Comm. Exp. March 25, 2007