UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez-Vasquez §§§§§ Plaintiffs, §§ v. §§ Frenchman Valley Produce, Inc. and Tammy May, §§§ Defendants. | CIVIL ACTION NO. B-04-122 <br><br> JURY TRIAL REQUESTED |

### DEFENDANT FRENCHMAN VALLEY PRODUCE, INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFFS FIRST SET OF REQUESTS FOR PRODUCTION

TO:   Plaintiffs Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez-Vasquez, by and through their attorneys of record, Nathaniel Norton, Texas Rural Legal Aid, 300 South Texas, Weslaco, TX 78596

Pursuant to the provisions of the Federal Texas Rules of Civil Procedure, Defendant Frenchman Valley Produce, Inc. ("Frenchman Valley"), by and through its attorney of record, serves these objections and responses to Plaintiffs' First Set of Requests for Production to Defendant.

EXHIBIT B

1

Respectfully submitted,

*[signature: Harvey Ferguson, Jr. (by permission MO)]*

Harvey Ferguson, Jr.
State Bar No. 06913500
Federal ID No. 8417

Attorney in Charge Defendants Frenchman Valley Produce, Inc. and Tammy May

**Gonzales Hoblit Ferguson, LLP**
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, Texas  78250
(210) 224-9991 (Telephone)
(210) 226-1544 (Facsimile)


ATTORNEYS FOR DEFENDANTS FRENCHMAN
VALLEY PRODUCE, INC. AND TAMMY MAY

**OF COUNSEL:**

Rudy Gonzales, Jr.
State Bar No. 08121700
Federal ID No. 1896
Roberta Dohse
State Bar No. 05955400
Federal ID No. 14487
**Gonzales Hoblit Ferguson, LLP**
Frost Bank Plaza
802 N. Carancahua, Suite 2000
Corpus Christi, Texas  78470
(361) 888-9392 (Telephone)
(361) 888-9187 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Initial Rule 26 Disclosures has been forwarded in the manner indicated below on this the _21_ day of October, 2004, to all counsel of record as follows:

Nathaniel Norton
Jennifer Smith
Rodolfo D. Sanchez
300 South Texas
Weslaco, TX 78596
*Via Certified Mail/RRR*
*and Via Facsimile: (956) 968-8823*

_____
Roberta S. Dohse

## REQUESTS FOR PRODUCTION

## GENERAL OBJECTION

Defendant objects to all these requests for production to the extent they seek to inquire into alleged violations under or compliance with the Migrant Seasonal Agricultural Workers Protection Act. It is Defendants' contention that they are exempt from the requirements of the Act as being a family owned business, as set forth in 29 U.S.C. §1803(a)(1).

## REQUEST FOR PRODUCTION NO. 1

Please produce all correspondence, written statements, notes of conversations, memoranda, or other documents that in any way relate to the hiring, recruitment, or employment of any Plaintiff by you in 2003 and 2004.

## RESPONSE:

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, attached hereto are copies of the applications and job clearance orders for hiring of H2-A workers in 2003. Also attached is a telephone log reflecting communications with various individuals relating to that application process and to the hiring of individuals to work in the 2003 potato harvest. See also attached written communications between Defendant and the Department of Labor.

## REQUEST FOR PRODUCTION NO. 2

Please produce all correspondence, written statements, notes of conversations, memoranda, or other documents evidencing oral or written communications between you and any Plaintiff, from 2003 to the present.

## RESPONSE:

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see response to RFP No. 1.

**REQUEST FOR PRODUCTION NO. 3**

Please produce all written documents provided by Frenchman Valley Produce or anyone acting on behalf of Frenchman Valley Produce to Plaintiffs regarding the terms and conditions of their employment or any other matter related to their employment with you in 2003 and 2004.

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see response to RFP No. 1.

**REQUEST FOR PRODUCTION NO. 4**

Please produce all documents that contain information provided to you by any Plaintiff during the period 2003 to the present.

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see response to RFP No. 1.

**REQUEST FOR PRODUCTION NO. 5**

Please produce all documents written or signed by any Plaintiff.

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent that responsive documents may not be within the possession of Defendant, or are in the possession of Plaintiffs or of third parties over whom Defendant has no control. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, inasmuch as it requests "all documents written or signed by Plaintiffs."

Defendant further objects to the extent this request is premature, inasmuch as discovery is in its infancy. This response will be supplemented as may be appropriate.

Subject to the foregoing as without waiving same, attached are copies of the statements submitted by or on behalf of Plaintiffs in conjunction with their complaints related to the 2003 harvest hiring practices. Defendants are unable to assert with any certainty whether or not these complaints were actually signed by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 6**

Please produce any document that Frenchman Valley Produce contends is or contains an admission of any Plaintiff.

**RESPONSE:**

Defendant objects to the extent this request is premature, inasmuch as discovery is in its infancy. This response will be supplemented as may be appropriate.

Subject to the foregoing as without waiving same, please see materials included in response to Request for Production No. 5 above.

**REQUEST FOR PRODUCTION NO. 7**

Please produce all employment records and personnel files that you made, obtained, or kept concerning each Plaintiff in 2003 and 2004.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Plaintiffs were never hired by Defendant. No personnel files were compiled for any Plaintiff because none of them were ever an employee of Defendant.

**REQUEST FOR PRODUCTION NO. 8**

Please produce all payroll records that Frenchman Valley Produce made, obtained, or kept concerning any worker employed by or furnished to Frenchman Valley Produce covering the period from June 2003 to January 2004. This includes but is not limited to: check stubs, canceled checks, wage statements, mileage statements, and any other document showing the basis on which wages were paid, the number of piecework units earned, the number of hours and days worked, the total pay period earnings, the specific sums withheld and the purpose of each sum withheld, and the net pay.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, please see attached payroll journal which related to the 2003 potato harvest and which reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information.

### REQUEST FOR PRODUCTION NO. 9

Please produce any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

**RESPONSE:**

Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Plaintiffs have already been previously provided in conjunction with Defendants' Initial Rule 26 Disclosures with a copy of the Certificate of Insurance applicable to this matter.

### REQUEST FOR PRODUCTION NO. 10

Please produce any document consulted or referred to in responding to Plaintiffs' First Set of Interrogatories and Requests for Admissions to Defendant Frenchman Valley Produce, Inc.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition.

Subject to the foregoing and without waiving same, Defendant would refer Plaintiffs to all materials being produced contemporaneously herewith.

## REQUEST FOR PRODUCTION NO. 11

Please produce all documents that have been made or prepared by an expert who may be called to testify as a witness in this case.

**RESPONSE:**

Defendant objects to the extent this request is premature. No expert witnesses have been retained at this time. This response will be appropriately supplemented in a timely manner in accord with the Federal Rules of Civil Procedure and any scheduling order entered in this matter.

## REQUEST FOR PRODUCTION NO. 12

Please produce all documents that have been made or prepared by an expert who was consulted regarding this matter and who is not expected to be called to testify as a witness in this case but whose work product has been or will be reviewed by an expert who may be called as a witness.

**RESPONSE:**

Defendant objects to the extent this request is premature. No expert witnesses have been retained at this time. This response will be appropriately supplemented in a timely manner in accord with the Federal Rules of Civil Procedure and any scheduling order entered in this matter.

## REQUEST FOR PRODUCTION NO. 13

Please produce all documents that state the subject matter on which any expert witness whom you expect to call at trial is expected to testify, that have been provided or relied on by any such expert, or that state the substance of the facts and opinions to which the expert is expected to testify and/or grounds for each opinion.

**RESPONSE:**

Defendant objects to the extent this request is premature. No expert witnesses have been retained at this time. This response will be appropriately supplemented in a timely manner in accord with the Federal Rules of Civil Procedure and any scheduling order entered in this matter.

## REQUEST FOR PRODUCTION NO. 14

Please produce a copy of all written work agreements entered into between Frenchman Valley Produce and any worker employed by or furnished to Frenchman Valley Produce in 2003.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the

extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see attached documents which include the paperwork completed by the individuals who had interviewed through Rosalinda Zarate with Texas Workforce Development who actually did timely appear and report for work. The paperwork reflects that which would have been presented to Plaintiffs had they appeared for work, and is indicative of the materials provided to other workers as well. The only written "agreements" are the written acknowledgments signed by employees that they have reviewed and agreed to the terms and conditions of the job order, the policy manual and the housing rules. Copies of those forms are also attached.

### REQUEST FOR PRODUCTION NO. 15

Please produce all documents that, for the periods June 2003 to January 2004, reflect on a daily, weekly, or monthly basis the number of workers needed by Frenchman Valley Produce, the type of work to be done, and the location in which such work was performed.

### RESPONSE:

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Plaintiffs have already been provided, in conjunction with this production, with materials reflecting the demand for labor that was anticipated and used with respect to the 2003 potato harvest. See response to RFP No. 1 and No. 8 above.

### REQUEST FOR PRODUCTION NO. 16

Please produce all written statements, affidavits, notes, diaries, memoranda, and/or correspondence made or kept by Frenchman Valley Produce about or in connection with the recruitment, relocation, or hiring of labor in Texas 2003, including any and all documents concerning communications between you and any farm labor contractor, Job Service office, or state or federal employment or immigration office.

### RESPONSE:

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant objects to the extent this inquiry would invade attorney client communications that have been initiated subsequent to receipt of notice of suit in this matter.

Subject to the foregoing and without waiving same, please see response to RFP No. 1 above.

**REQUEST FOR PRODUCTION NO. 17**

Please produce all documents relating to your application for H-2A workers in 2003, including all correspondence with the Department of Labor, all application materials, and any documents relating to the clearance order issued after your application was approved.

**RESPONSE:**

Please see Response to RFP No. 1 above. Please also see attached documentation.

**REQUEST FOR PRODUCTION NO. 18**

Please produce any and all documents relating to any investigation of your operations by the United States Department of Labor, State Job Service, Nebraska Workforce Development, or other agency of government, for violation of employment related laws in 2001, 2002, 2003, and 2004.

**RESPONSE:**

Defendant objects that this request is overbroad and unduly burdensome and constitutes nothing more than an impermissible fishing expedition. Defendants object that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the improper presumption reflected in the request that violations of employment related laws occurred in 2001, 2003, 2003 and 2004.

Subject to the foregoing and without waiving same, please see attached documents which relate to the investigation performed in conjunction with the complaints brought by these Plaintiffs with respect the 2003 employment. No other responsive documents are in the possession of this Defendant at this time.

**REQUEST FOR PRODUCTION NO. 19**

Please produce all letters, correspondence, notes or other documents between you and the Nebraska job service, Nebraska Workforce Development, the Texas Workforce Commission, or United States Department of Labor, between April 2003 and January 2004.

**RESPONSE:**

Defendant object that this request is overbroad and unduly burdensome. Defendant objects to

10

the extent the request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence. Defendant object that the request is impermissibly vague, particularly with respect to "any other documents."

Subject to the foregoing and without waiving same, please see Response to RFP No. 1 and other responsive materials provided in conjunction with the responses to these requests for production.

### REQUEST FOR PRODUCTION NO. 20

Please produce all documents which evidence the identity of any worker employed by you at any time from June 2003 to January 2004.

### RESPONSE:

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, see response to RFP No. 8 above.

### REQUEST FOR PRODUCTION NO. 21

Please produce all documents which evidence the amount of work performed by each worker employed by you at any time from June 2003 to January 2004.

### RESPONSE:

Defendant objects that this request is overbroad and unduly burdensome and constitutes nothing more than an impermissible fishing expedition. Defendant objects that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, see response to RFP No. 8 above.

### REQUEST FOR PRODUCTION NO. 22

Please produce your articles of incorporation.

### RESPONSE:

Defendant objects that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see attached.

**REQUEST FOR PRODUCTION NO. 23**

Please produce all documents which evidence any advertisement, flyer, or announcement of any employment, offered by Frenchman Valley Produce, at any time between June 2003 and January 2004.

**RESPONSE:**

Defendant objects that this request is overbroad, unduly burdensome and constitutes nothing more than an impermissible fishing expedition. Defendant objects that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see attached materials.

**REQUEST FOR PRODUCTION NO. 24**

Please produce all documents pertaining to the 1999 United States Department of Labor Investigation of you.

**RESPONSE:**

Defendant objects that this request is overbroad and unduly burdensome and constitutes nothing more than an impermissible fishing expedition. Defendant objects that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, there was no investigation of Defendant by the Department of Labor in 1999.