UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez-Vasquez | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. B-04-122 |
| v. | § § | |
| Frenchman Valley Produce, Inc. and Tammy May, | § § § | JURY TRIAL REQUESTED |
| Defendants. | § § | |

### DEFENDANT TAMMY MAY'S
### ANSWERS AND OBJECTIONS TO PLAINTIFFS
### FIRST SET OF INTERROGATORIES

TO:   Plaintiffs Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez-Vasquez, by and through their attorneys of record, Nathaniel Norton, Texas Rural Legal Aid, 300 South Texas, Weslaco, TX 78596

Pursuant to the provisions of the Federal Texas Rules of Civil Procedure, Defendant Tammy May, by and through its attorney of record, serves these objections and responses to Plaintiffs' First Set of Interrogatories to Defendant.



1

Respectfully submitted,

*Harvey Ferguson* (with permission rsd)
Harvey Ferguson, Jr.
State Bar No. 06913500
Federal ID No. 8417

Attorney in Charge Defendants Frenchman Valley Produce, Inc. and Tammy May

**Gonzales Hoblit Ferguson, LLP**
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, Texas 78250
(210) 224-9991 (Telephone)
(210) 226-1544 (Facsimile)

ATTORNEYS FOR DEFENDANTS FRENCHMAN VALLEY PRODUCE, INC. AND TAMMY MAY

**OF COUNSEL:**

Rudy Gonzales, Jr.
State Bar No. 08121700
Federal ID No. 1896
Roberta Dohse
State Bar No. 05955400
Federal ID No. 14487
**Gonzales Hoblit Ferguson, LLP**
Frost Bank Plaza
802 N. Carancahua, Suite 2000
Corpus Christi, Texas 78470
(361) 888-9392 (Telephone)
(361) 888-9187 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Initial Rule 26 Disclosures has been forwarded in the manner indicated below on this the 17 day of November 2004, to all counsel of record as follows:

Nathaniel Norton
Jennifer Smith
Rodolfo D. Sanchez
300 South Texas
Weslaco, TX 78596
*Via Certified Mail/RRR*
*and Via Facsimile: (956) 968-8823*

_____
Roberta S. Dohse

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez-Vasquez | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. B-04-122 |
| v. | § § | |
| Frenchman Valley Produce, Inc. and Tammy May, | § § § | JURY TRIAL REQUESTED |
| Defendants. | § § | |

## VERIFICATION

**STATE OF NEBRASKA**     §
                          § ss.
**COUNTY OF CHASE**       §

Before me, the undersigned notary, on this day personally appeared Tammy May, known by me to be the person whose name is subscribed to this affidavit, and after being, by me, duly sworn, stated that she is the person identified as a Defendant in the above-entitled and numbered cause, and that the Answers to Plaintiffs' First Set of Interrogatories attached hereto are within her personal knowledge and are true and correct to the best of her knowledge and belief.

_____
Tammy May

SUBSCRIBED AND SWORN TO BEFORE ME on this _17th_ day of November, 2004.

_____
Notary Public, State of Nebraska
My commission expires: 3-25-2007

GENERAL NOTARY - State of Nebraska
SHERRIE L. McDANIEL
My Comm. Exp. March 25, 2007

## INTERROGATORIES

## GENERAL OBJECTION

Defendant objects to all these interrogatories to the extent they seek to inquire into alleged violations under or compliance with the Migrant Seasonal Agricultural Workers Protection Act. It is Defendants' contention that they are exempt from the requirements of the Act as being a family owned business, as set forth in 29 U.S.C. §1803(a)(1).

## INTERROGATORY NO. 1

Please identify and describe in detail every document you made, kept, preserved and/or posted concerning the recruitment, hiring, terms and conditions of employment, labor, earnings, deductions, housing terms and conditions, transportation, rights, benefits and/or termination of all workers, including U.S. and H-2A workers, employed by you to harvest, sort, and/or pack potatoes in 2003.

## RESPONSE:

Defendant objects to the extent this request is vague and overbroad and uduly burdensome, and consitutes nothing more than an impermissible fishing expedition.n It is not possible for this Defendnat to state each fact upon which Defendant will rely at trial. Furthermore, the Federal Rules of Civil Procedure do not require a party to sate "with specififity" or "in detail" all information which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Defendant objects to the extent this request is premature, inas much as discovery is in its infancy.

Subject to the foregoing and with out waiing same, relevant documents include but are not necessarily limited to the following:

Letter from attorneys forwarding applications for H2-A temporaru labor Certification

ETA 750 application for H2-A temporary labor certification

ETA 790 clearance order for H2-A temporary labor certification

Attachments to ETA-790 relating to job specifications and conditions

Work rules and disciplinary procedures

ETA-795

Written communication with Department of Labor, Nebraska Workforce, including communication of June 27, 2003, September 22, 2004 and September 24, 2004 phone log

4

(including notes of communication relating to ETA-795, and relating contacts from various individuals seeking employment, as well as contacts with Department of Labor and various workforce personnel)

Written communicatio with Chris Gonzalez, Chicago office Department of Labor

Copies of communication with Brownsville, Texas *Herald newspaper,* and with Brownsville, Texas radio station KGBT regarding advertisement for availbale jobs.

Application tendered by all individuals hired for the potato harvest in 2003

Payroll joural relating to all individuals hired for the potatoe harvest in 2003

1-9 forms tendered by all individuals hored for the potato harvest in 2003

## INTERROGATORY NO. 2

Please identify and describe every document you or anyone acting on your behalf provided to any Plaintiff during 2003 and identify the date on which and location where the document was provided to the individual.

## RESPONSE:

Defendant objects to the estent this request is vague and overborad and unduly hburdensome, and consitutes nothing more than an impermissible fishing expedition. It is not possible for this Defendant to state each document upon which Defendant will rely at trial. Furthermore, the Federal Rules of Civil Procedure do not require a party to describe with specificity or in detail all inforamtion which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Dedendant objects to the extent this request seeks information irrelevant to any isues inthis suit, and not calculated to lead to the discovery of admissible evidence. Defendant objects to the extent this request is premature, inas much as discovery is in its infancy. Defendant objects to the extent this request seeks information not within the possession of control of Defendant.

Subject to the foregoing and without waiving same, no documents were provided by this Defendant directly to any Plaintiffs in this matter. It is believed that relevant documents reflecting the job order and job cleamace order were orovded to Plaintiffs bu personnel at the Texas Workforcer Development office in Brownsville, Texas. Information was initially provided by Defendant to the Department of Labor, who reviewed, investigated and then certified the job clearance order. The Department of Labor then forwarded materials including the job clearance order, its requirements and its attachments to the various workforce offices, including the Texas Workforce office in Brownsville, Texas. Additional information was provided to all workers who appeared timely for work site they were hired.

5

## INTERROGATORY NO. 3

If any documents are being withheld from discovery on the basis of a claim of privilege, exemption from discovery or other objection, please furnish the following information for each such document:

a. description of the document;

b. date the document was generated;

c. name(s), address(es) and telephone number(s) of the author(s) of the document;

d. names, addresses and telephone numbers of any indicated recipients of the document;

e. name, address and telephone number of every person to whom the document has ever been disclosed, and the dates and circumstances of each such disclosure;

f. the precise subject matter of the document;

g. the name, address and telephone number of every person who has custody or control over the document; and

h. the basis for claiming privilege or exemption from discovery.

**RESPONSE:**

Certain information related to specific identity and social security numbers of other workers employed by Frenchman Valley Produce, Inc. in 2003 are being withheld based upon those persons' Consitutional rights to privacy. No documents have been discussed which fall within attorney-client communcation that may have arisen subsequent to the filing of this suit, and/or attorney work product.

## INTERROGATORY NO. 4

Please describe in detail your procedure for securing agricultural and or packing house workers during the period 2000 to the present. Please include information relating to: communications with farm labor contractors, the method of recruitment, the employees or farm labor contractors hired or assigned to recruit, the source of the labor pool, the locations where migrant or guest workers have been recruited and the dates on which they have been recruited.

**RESPONSE:**

6

Defendant objects to the extent this request is vague and overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. It is not possible for this Defendant to state each fact upon which Defendant will reply at trial. Furthermore, the Federal Rules of Civil Procedure do not require a party to state "with specificity" or "in detail" all information which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Defendant objects to the extent this request seels information irrelevant to any issues in this suit, and not calculated to lead to the discoberu of admissible evidence.

Subject to the foregoing and without waiving same, Defendant has not applied for or employed the use of H2-A workers in all the referenced years, In 2003, Defendant didi file applications to be able to hire H2-A workers for the potato harvest, should such become necessary. In 2003, Defendant was also required by the Department of Labor to advertise publicity for workers in two media in the Brownsville, Texas area. Defendant was required to publish a notice in one newspaper, and to provide on ad on one radio station. The newspaper advertisement was published in the *Brownsville Herald newspaper*, Brownsville, Texas. The ad aired on the KGBT radio station which broadcasted to the Brownsville, Texas area. Once all prerequisites were satisfied, all investigations were completed, and all aspects of the applications were approved by satisfied, all investigations were completed, and all aspects of the applications were approved by the Department of Labor, the job clearnace orders issued. The job clearance orders and all attachments were then automatically circulated by the Department of Labor to various Workforce Development agencies throughout the country, including the Texas Wrokforce Development. Defendants engaged in no other recruitment activities. Defendants did not employee the use of any recruiters. No employees or farm labor contractors were assigned to recruitment.

Other domestic workers from th surrounding area that were hired presumably learned of the job by word of mouth. No H2-A workers were ever hired on violation of any tenent of any application law or statue.

### INTERROGATORY NO. 5

Please describe in detail your position(s) and job duties with Frenchman Valley Produce.

### RESPONSE:

Defendant Tammy May is an owner. She is involved heavily in office paperwork with respect to managing and tracking shipping of product, receipts on products, and monies paid as related to shipments, etc. She serves principally as a shipping clerk. She assists in overseeing some day to day operations and supervisors in conjunction with her husband Tim May.

### INTERROGATORY NO. 6

Please list any lawsuits, prosecutions, or administrative agency proceedings in which you have been a party and/or in which you have testified during the last ten years, providing the style, cause number and court or agency in which each action was pending, and briefly describing the

7

nature of the proceeding.

**RESPONSE:**

Defendant objects to the extent this request is vague, overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, there have been no prosecutions. There have been no lawsuits other than this suit and the one prior suit identified in Plaintiffs' Original Complaint. Defendant has not been a party to any administrative agency proceedings.

**INTERROGATORY NO. 7**

Please describe in detail the role you played in recruiting or hiring the Plaintiffs in 2003, including in this description what documents were provided Plaintiffs, what terms of employment were disclosed to the Plaintiffs, and the identity and authority of the recruiting or hiring agent.

**RESPONSE:**

Defendant objects to the presumptive use of the terms "recruited or hired" in this inquiry. Defendant objects to the presumption that any recruiting or hiring "agent" was used or relied upon by Defendants. Defendant objects to the extent this request overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. It is not possible for this Defendant to state each fact upon which Defendant will rely at trial. Furthermore, the Federal Rules of Civil Procedure do not require a party to state "with specificity" or "in detail" all information which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Defendant filed applications to be able to hire H2-A workers for the 2003 potato harvest, should such become necessary. Defendant was inspected and approved by the Department of Labor and for 52 workers prior to issuance of the job clearance orders. Defendant also advertised publicly for workers in two media in the Brownsville, Texas area, as required by the Department of Labor. Defendant published an advertisement in one newspaper, the *Brownsville Herald*, and provide an ad on one radio station KGBT. Once its applications were approved, the authorized job clearance orders were automatically circulated by the Department of Labor to various Workforce Development agencies throughout the country, including the Texas Workforce Development. Defendant was subsequently contacted by the Texas Workforce Development, who presented numerous individuals for telephone interviews. Defendant never met any of the individuals directly. Defendant spoke with the individuals through translators, including Susie Benavides and Rosalinda Zarate, employees of the Texas Workforce Development. The conversations consisted

8

of review of all aspects of the job order, including the nature of the job and its physical requirements, related duties, the various tasks that would be performed, the dates of employment, hourly rate, numbers of hours required per week, date, time, and place to appear for work, and any procedural requirements related to notification of anticipated date and time of arrival. Each applicant was asked to affirm that he or she understood the requirements of the job and the attendant terms. Defendant relied upon Texas Workforce Development personnel Susie Benavides and Rosalinda Zarate to accurately translate the conversation to the individual applicants. The applicants were advised that they would be hired upon appearing timely for work on the designated date at the identified location. Based upon contact with various job applicants, including those presented by the Texas Workforce Development, Defendants anticipated and understood that between 27 to 29 individuals from the area of Brownsville, Texas, including the Plaintiffs in this action, would be reporting for work in Nebraska on the identified date, time and place for Defendant's 2003 potato harvest.

**INTERROGATORY NO. 8**

Please explain in detail how, why and when each Plaintiff's employment was terminated or why employment was not provided to each Plaintiff in 2003.

**RESPONSE:**

Plaintiffs' employment was not "terminated," inasmuch as Plaintiffs were never "hired." One factor in Plaintiffs not being ultimately employed with Defendants was that they did not timely report for work by arriving at the date, time, and location indicated to them. Other factors considered included the legal obligations of Defendants to fulfill the job order on that date by hiring personnel who did timely appear and who were qualified, both under any statutory provisions and physically, to perform the work.

**INTERROGATORY NO. 9**

Please identify every business, farm, ranch, warehouse, processing establishment, packing shed, grower association or cooperative which you owned, managed, directed, worked for, contracted with, or participated in or with at any time during 2003 and describe the form in which each enterprise was organized, and the precise relationship you had with it.

**RESPONSE:**

Defendant objects to the extent this request is vague, overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, none other than Frenchman Valley Produce, Inc.

9

## INTERROGATORY NO. 10

Please identify and summarize the nature of any communications between you or anyone acting on your behalf and any Plaintiff in 2003. Include the date, content, and place of each such communication.

**RESPONSE:**

Defendant objects to the extent this request is impermissibly vague. Defendant objects that this request is overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request calls for information not within the possession or control of this Defendant.

Subject to the foregoing and without waiving same, Defendant never met any of the individuals directly during the application process. Defendant spoke with the individuals over the phone through translators, including Susie Benavides and Rosalinda Zarate, employees of the Texas Workforce Development. The conversations consisted of review of all aspects of the job order and its attachments, including the nature of the job and its physical requirements, related duties, the various tasks that would be performed, the dates of employment, hourly rate, numbers of hours required per week, date, time, and place to appear for work, and any procedural requirements related to notification of anticipated date and time of arrival. Each applicant was asked to affirm that he or she understood the requirements of the job and the attendant terms. Defendant relied upon Texas Workforce Development personnel Susie Benavides and Rosalinda Zarate to accurately translate the conversation to the individual applicants. The applicants were advised that they would be hired upon appearing timely for work on the designated date at the identified location. Texas Workforce Development subsequently advised that 27 to 29 individuals, including the Plaintiffs in this action, would be reporting for work in Nebraska on or before the identified date, time and place for Defendant's 2003 potato harvest.

Subsequently, Defendant did have a conversation with Susie Benavides on July 17, 2003, but had no opportunity to speak directly with any of the Plaintiffs. Ms. Benavides advised Defendant that Plaintiffs Jorge Sauceda was coming, and that the other Plaintiffs were still looking for some other individuals, and that they would be leaving after they found those individuals. There was no indication as to when Plaintiffs actually intended to depart. Defendant directly advised Ms. Benavides that Plaintiffs would not able to make the lengthy twenty-two hour trip in a timely manner, they would not be able to appear on time, and that they should therefore not make the trip.

Subsequently, of the 27-29 individuals believed to have been sent by the Texas Workforce Development, who indicated they would report for work with Defendant on or before July 18, 2004, only five individuals sent by Rosalinda Zarate of the Texas Workforce Development did timely appear and register for work. Those individuals were hired. On July 18, 2004, only three of those reported to work and remained on payroll. Plaintiffs did not appear until later in the day on July 18, 2003. Plaintiffs are believed to have appeared between 3:30 and 4:00 p.m. When they did appear, an employee of Defendant did attempt to explain to them as best she was able, inasmuch as she did not speak Spanish, that they were late that the jobs were no longer available.

Plaintiffs departed. These conversations took place in the offices of Frenchman Valley Produce, Inc.

### INTERROGATORY NO. 11

Please identify and summarize the nature of any communications between you or anyone acting on your behalf and any employee of the Texas Workforce Commission, Nebraska Workforce Development, or the United States Department of Labor in 2003. Include individuals participating, the date, content, and place of each such communication.

### RESPONSE:

Defendant objects that this request is overbroad and unduly burdensom. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, the extensive communications between Tammy May and any such personnel are fully reflected in the telephone log produced in this matter. Please also see responses of Frenchman Valley Produce to interrogatories propounded to it, and specifically responses to Nos. 1 and 22.

### INTERROGATORY NO. 12

Please describe in detail your telephone interviews with each of the Plaintiffs. Included in your answer should be a specification of everything you told or asked Susie Benavides, everything you told or asked each Plaintiff, and any questions or statements Susie Benavides or any Plaintiff asked or made.

### RESPONSE:

Defendant objects that this request is overbroad and unduly burdensome. Defendant objects to the extent this reponse may be relied upon to limit testimony at trial. Defendant objects to the extent this request calls for information that may be wtihin the custody or control of third parties over whom Defendant has no control, or that is equally available to Plaintiffs. Defendant objects to the extent this request is directed to information not within the custody, control, or knoweldge of this Defendant.

Subject to the foregoing and without waiving same, the extensive communications between Tammy May and any such personnel are fully reflected in the telephone log produced in this matter. All telephone interviews with the Plaintiffs included Susie Benavides as participant and interpreter in the conversations. Tammy May inquired whether or not each plaintiff had read and understood the job work order and its contents, as well as all attachments thereto. She inquired whether they were applying for the short contract or the long contract. She inquired whether they were physically able to stand for lenghy periods of time, lift the required pounds, and perform the other physical requirements of the job. Ms. Benavides communicated directly with the Plaintiffs; the translations did not occur within Ms. May's listening range. No translations

took place while Ms. May was on the phone, and Ms. Benavides routinely would call back on the next day. Ms. Benavides represented that all information had been properly and fully communicated to the various persons, including Plaintiffs. She represented that that the materials had been fully overviewed with each individual. Ms. May understood that the job order and all its attachments had already been fully reviewed by all individuals prior to the phone conference; in some instances short translations may have occurred during the phone conversation but Ms. May could not hear any of those. Ms. May understood that these short translations related to verification of answers to the questions specifically identified above. Please see telephone log.

### INTERROGATORY NO. 13

Please describe in detail what occurred when each Plaintiff arrived at Frenchman Valley Produce on July 18, 2003. Included in your answer should be a specification of everything you or any Frenchman Valley Produce employee told or asked each Plaintiff, and any questions or statements any Plaintiff asked or made to you or any Frenchman Valley Produce employee.

### RESPONSE:

Defendant objects that this request is overbroad and unduly burdensome. Defendant objects to the extent this reponse may be relied upon to limit testimony at trial. Defendant objects to the extent this request calls for information that may be wtihin the custody or control of third parties over whom Defendant has no control, or that is equally available to Plaintiffs. Defendant objects to the extent this request is directed to information not within the custody, control, or knoweldge of this Defendant.

Subject to the foregoing and without waiving same, Tammy May was not present at the location where and when the Plaintiffs arrived. She had no personal contact with the individuals when they arrived. She understands that Gloria Hubbard, an employee of Frenchman Valley, met the individuals and advised them that the positions had been filled.

### INTERROGATORY NO. 14

Please describe in detail the facts and circumstances that lead you and/or Frenchman Valley Produce to change the clearance order's period of employment from July 14, 2003 - October 11, 2003 to July 18, 2003 - October 11, 2003.

### RESPONSE:

Defendants object to the extent this request is vague, overbroad and unduly burdensome.

Subject to the foregoing and without waiving same, it was originally contemplated that the potato harvest would commence several days earlier than it did. Unfortunately, there was an excessive amount of hail in a major storm on Memorial Day weekend in late May 2003. The harvest was delayed because of related agricultural reasons. The Department of Labor was timely notified and proper change orders were timely submitted. Work commenced timely as

indicated in those changed orders.

**INTERROGATORY NO. 15**

Please identify each person you recruited or solicited for employment with Frenchman Valley Produce in 2003 and the state the date, location, and means of such recruitment or solicitation.

**RESPONSE:**

Defendant objects to the use of the terms "recruited" or "solicited" as inappropriate to the fact in this suit and reflects a legal conclusion. Defendant did communicate with persons now identified as Plaintiffs through the Texas workforce Commission located in Brownsville, Texas.

Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, please see the payroll journal which has been produced in this matter, which relates to the 2003 potato harvest and which reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information. Employees identified thereon are identified by number. Of those employees only two were identified through the Texas Workforce Commission. Those individuals were competent in English. They were interviewed with out an intepreter. They are believed to have come from the McAllen Workforce Commission. Five people identified by Rosalina Zuarte timely reported and completed all paperwork and were hired for work, which commenced on July 18, 2003. These individuals had all of the proper parperwork and knew the proper procedures. Of those five, only three actually reported for work on July 18, 2003, worked for Defendants, and were employed and earned wages. The other two apparently returned to Texas.

The process of looking for employees for the 2003 potato harvest included advertising for workers in Brownsville, Texas. This requirement was imposed by the Department of Labor. As a result of those advertisements and communications with the Texas Workforce Commission, Defendants believed that between 27 and 29 persons from Texas would be appearing on time for work on July 18, 2003. That did not occur. The telephone log of Tammy May produced in this matter reflects communications with potential prospective workers, the majority of whom contacted Defendants through the Texas Workforce Commission.

**INTERROGATORY NO. 16**

Please identify each document Frenchman Valley Produce or you made or retained in 2003 that contains the identities by name, Social Security number, or other means of identification, of any persons working in the potato harvest, including in the shed, and in sorting or packing.

**RESPONSE:**

Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, please see attached payroll journal which has beenproduced in this matter, which relates to the 2003 potato harvest and which reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information. Employees identified thereon are identified by number. See also telephone log of Tammy May produced in this matter.