UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez-Vasquez<br><br>Plaintiffs,<br><br>v.<br><br>Frenchman Valley Produce, Inc. and Tammy May,<br><br>Defendants. | CIVIL ACTION NO. B-04-122<br><br>JURY TRIAL REQUESTED |

**DEFENDANT TAMMY MAY'S
ANSWERS AND OBJECTIONS TO PLAINTIFFS
FIRST SET OF REQUESTS FOR PRODUCTION**

TO:  Plaintiffs Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez-Vasquez, by and through their attorneys of record, Nathaniel Norton, Texas Rural Legal Aid, 300 South Texas, Weslaco, TX 78596

Pursuant to the provisions of the Federal Texas Rules of Civil Procedure, Defendant Tammy May, by and through its attorney of record, serves these objections and responses to Plaintiffs' First Set of Requests for Production to Defendant.



Respectfully submitted,

*Harvey Ferguson, Jr.* (By permission nad)
Harvey Ferguson, Jr.
State Bar No. 06913500
Federal ID No. 8417

Attorney in Charge Defendants Frenchman Valley Produce, Inc. and Tammy May

**Gonzales Hoblit Ferguson, LLP**
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, Texas 78250
(210) 224-9991 (Telephone)
(210) 226-1544 (Facsimile)

ATTORNEYS FOR DEFENDANTS FRENCHMAN VALLEY PRODUCE, INC. AND TAMMY MAY

**OF COUNSEL:**

Rudy Gonzales, Jr.
State Bar No. 08121700
Federal ID No. 1896
Roberta Dohse
State Bar No. 05955400
Federal ID No. 14487
**Gonzales Hoblit Ferguson, LLP**
Frost Bank Plaza
802 N. Carancahua, Suite 2000
Corpus Christi, Texas 78470
(361) 888-9392 (Telephone)
(361) 888-9187 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Initial Rule 26 Disclosures has been forwarded in the manner indicated below on this the 18 day of November 2004, to all counsel of record as follows:

Nathaniel Norton
Jennifer Smith
Rodolfo D. Sanchez
300 South Texas
Weslaco, TX 78596
*Via Certified Mail/RRR*
*and Via Facsimile: (956) 968-8823*


_____
Roberta S. Dohse

## REQUESTS FOR PRODUCTION

## GENERAL OBJECTION

Defendant objects to all these requests for production to the extent they seek to inquire into alleged violations under or compliance with the Migrant Seasonal Agricultural Workers Protection Act. It is Defendants' contention that they are exempt from the requirements of the Act as being a family owned business, as set forth in 29 U.S.C. §1803(a)(1).

## REQUEST FOR PRODUCTION NO. 1

Please produce all correspondence, written statements, notes of conversations, memoranda, or other documents that in any way relate to the hiring, recruitment, or employment of any Plaintiff by you in 2003 and 2004.

## RESPONSE:

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Defendants have previously produced copies of the applications and job clearance orders for hiring of H2-A workers in 2003, a telephone log reflecting communications with various individuals relating to that application process and to the hiring of individuals to work in the 2003 potato harvest, and various written communications between Defendant and the Department of Labor.

## REQUEST FOR PRODUCTION NO. 2

Please produce all correspondence, written statements, notes of conversations, memoranda, or other documents evidencing oral or written communications between you and any Plaintiff, from 2003 to the present.

## RESPONSE:

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see response to RFP No. 1.

## REQUEST FOR PRODUCTION NO. 3

Please produce all written documents provided by you or anyone acting on your behalf to Plaintiffs regarding the terms and conditions of their employment or any other matter related to their employment with you in 2003 and 2004.

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see response to RFP No. 1.

## REQUEST FOR PRODUCTION NO.4

Please produce all documents that contain information provided to you by any Plaintiff during the period 2003 to the present.

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see materials previously produced in thisi matter and response to RFP 1.

## REQUEST FOR PRODUCTION NO. 5

Please produce all documents written or signed by any Plaintiff

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent that responsive documents may not be within the possession of Defendant, or are in the possession of Plaintiffs or of third parties over whom Defendant has no control. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, inasmuch as it requests "all documents written or signed by Plaintiffs."

Defendant further objects to the extent this request is premature, inasmuch as discovery is in its

infancy. This response will be supplemented as may be appropriate.

Subject to the foregoing as without waiving same, attached, Defendants have previously provided copies of the statements submitted by or on behalf of Plaintiffs in conjunction with their complaints related to the 2003 harvest hiring practices. Defendants are unable to assert with any certainty whether or not these complaints were actually signed by Plaintiffs.

## REQUEST FOR PRODUCTION NO. 6

Please produce any document that you contend is or contains an admission of any Plaintiff.

## RESPONSE:

Defendant objects to the extent this request is premature, inasmuch as discovery is in its infancy. This response will be supplemented as may be appropriate.

Subject to the foregoing as without waiving same, please see materials included in response to Request for Production No. 5 propounded to Defendant Frenchman Valley Produce.

## REQUEST FOR PRODUCTION NO. 7

Please produce all employment records and personnel files that you made, obtained, or kept concerning each Plaintiff in 2003 and 2004.

## RESPONSE:

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Plaintiffs were never hired by Defendant. No personnel files were compiled for any Plaintiff because none of them were ever an employee of Defendant.

## REQUEST FOR PRODUCTION NO. 8

Please produce all payroll records that you made, obtained, or kept concerning any worker employed by or furnished to you or Frenchman Valley Produce covering the period from June 2003 to January 2004. This includes but is not limited to: check stubs, canceled checks, wage statements, mileage statements, and any other document showing the basis on which wages were paid, the number of piecework units earned, the number of hours and days worked, the starting and stopping times and the date that work was performed, the total pay period earnings,

6

the specific sums withheld and the purpose of each sum withheld, and the net pay.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, please see payroll journal produced separately in this matter which related to the 2003 potato harvest and which reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information.

**REQUEST FOR PRODUCTION NO. 9**

Please produce any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

**RESPONSE:**

Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Plaintiffs have already been previously provided in conjunction with Defendants' Initial Rule 26 Disclosures with a copy of the Certificate of Insurance applicable to this matter.

**REQUEST FOR PRODUCTION NO. 10**

Please produce any document consulted or referred to in responding to Plaintiffs' First Set of Interrogatories and Requests for Admissions to Defendant Tammy May.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition.

Subject to the foregoing and without waiving same, Defendant would refer Plaintiffs to all materials being produced contemporaneously herewith, or that have previously been produced in this matter.

**REQUEST FOR PRODUCTION NO. 11**

Please produce all documents that have been made or prepared by an expert who may be called to testify as a witness in this case.

**RESPONSE:**

Defendant objects to the extent this request is premature. No expert witnesses have been retained at this time. This response will be appropriately supplemented in a timely manner in accord with the Federal Rules of Civil Procedure and any scheduling order entered in this matter.

**REQUEST FOR PRODUCTION NO. 12**

Please produce all documents that have been made or prepared by an expert who was consulted regarding this matter and who is not expected to be called to testify as a witness in this case but whose work product has been or will be reviewed by an expert who may be called as a witness.

**RESPONSE:**

Defendant objects to the extent this request is premature. No expert witnesses have been retained at this time. This response will be appropriately supplemented in a timely manner in accord with the Federal Rules of Civil Procedure and any scheduling order entered in this matter.

**REQUEST FOR PRODUCTION NO. 13**

Please produce all documents that state the subject matter on which any expert witness whom you expect to call at trial is expected to testify, that have been provided or relied on by any such expert, or that state the substance of the facts and opinions to which the expert is expected to testify and/or grounds for each opinion.

**RESPONSE:**

Defendant objects to the extent this request is premature. No expert witnesses have been retained at this time. This response will be appropriately supplemented in a timely manner in accord with the Federal Rules of Civil Procedure and any scheduling order entered in this matter.

**REQUEST FOR PRODUCTION NO. 14**

Please produce a copy of all written work agreements entered into between you or Frenchman Valley Produce and any worker employed by or furnished to you or Frenchman Valley Produce in 2003.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see documents previously produced I this matter which include the paperwork completed by the individuals who had interviewed through Rosalinda Zarate with Texas Workforce Development who actually did timely appear and report for work. The paperwork reflects that which would have been presented to Plaintiffs had they appeared for work, and is indicative of the materials provided to other workers as well. The only written "agreements" are the written acknowledgments signed by employees that they have reviewed and agreed to the terms and conditions of the job order, the policy manual and the housing rules. Copies of those forms have also been provided.

### REQUEST FOR PRODUCTION NO. 15

Please produce all documents that, for the periods June 2003 to January 2004, reflect on a daily, weekly, or monthly basis the number of workers needed by you or Fenchman Valley Produce, the type of work to be done, and the location in which such work was performed.

### RESPONSE:

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Plaintiffs have already been provided, in conjunction with this production, with materials reflecting the demand for labor that was anticipated and used with respect to the 2003 potato harvest. See response to RFP No. 1 and No. 8 above.

### REQUEST FOR PRODUCTION NO. 16

Please produce all written statements, affidavits, notes, diaries, memoranda, and/or correspondence made or kept by you about or in connection with the recruitment, relocation, or hiring of labor in Texas 2003, including any and all documents concerning communications between you and any farm labor contractor, Job Service office, or state or federal employment or immigration office.

### RESPONSE:

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and

9

constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant objects to the extent this inquiry would invade attorney client communications that have been initiated subsequent to receipt of notice of suit in this matter.

Subject to the foregoing and without waiving same, please see response to RFP No. 1 above.

### REQUEST FOR PRODUCTION NO. 17

Please produce all written statements, affidavits, notes, diaries, memoranda, and/or correspondence made or kept by you about or in connection with the recruitment, relocation, or hiring of labor in places other than in Texas in 2003, including any and all documents concerning communications between you and any farm labor contractor, Job Service office, or state or federal employment or immigration office.

### RESPONSE:

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant objects to the extent this inquiry would invade attorney client communications that have been initiated subsequent to receipt of notice of suit in this matter.

Subject to the foregoing and without waiving same, all responsive materials have been produced in conjunction with other requests for production in this matter.

### REQUEST FOR PRODUCTION NO. 18

Please produce all documents relating to your application for H-2A workers in 2003, including all correspondence with the Department of Labor, all application materials, and any documents relating to the clearance order issued after your application was approved.

### RESPONSE:

Please see Response to RFP No. 1 above. Please also see materails separately produced in this matter.

### REQUEST FOR PRODUCTION NO. 19

Please produce any and all documents relating to any investigation of you by the United States Department of Labor, State Job Service, Nebraska Workforce Development, or other agency of government, for violation of employment related laws in 2001, 2002, 2003, and 2004.

**RESPONSE:**

Defendant objects that this request is overbroad and unduly burdensome and constitutes nothing more than an impermissible fishing expedition. Defendants object that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the improper presumption reflected in the request that violations of employment related laws occurred in 2001, 2003, 2003 and 2004. Defendant further objects to the extent there has never been any investigation of this Defendant individually.

Subject to the foregoing and without waiving same, please see documents produced in this matter which relate to the investigation performed in conjunction with the complaints brought by these Plaintiffs with respect the 2003 employment. No other responsive documents are in the possession of this Defendant at this time.

**REQUEST FOR PRODUCTION NO. 20**

Please produce all letters, correspondence, notes or other documents between you and the Nebraska job service, Nebraska Workforce Development, the Texas Workforce Commission, or United States Department of Labor, between April 2003 and January 2004.

**RESPONSE:**

Defendant object that this request is overbroad and unduly burdensome. Defendant objects to the extent the request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence. Defendant object that the request is impermissibly vague, particularly with respect to "any other documents."

Subject to the foregoing and without waiving same, please see Response to RFP No. 1 and other responsive materials provided in conjunction with the responses to these requests for production.

**REQUEST FOR PRODUCTION NO. 21**

Please produce all documents which evidence the identity of any worker employed by you at any time from June 2003 to January 2004.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, see response to RFP No. 8 above.

**REQUEST FOR PRODUCTION NO. 22**

Please produce all documents which evidence the amount of work performed by each worker employed by you at any time from June 2003 to January 2004.

**RESPONSE:**

Defendant objects that this request is overbroad and unduly burdensome and constitutes nothing more than an impermissible fishing expedition. Defendant objects that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, see response to RFP No.___ 8? above.

**REQUEST FOR PRODUCTION NO. 23**

Please produce all documents which evidence any advertisement, flyer, or announcement of any employment, offered by Frenchman Valley Produce, at any time between June 2003 and January 2004.

**RESPONSE:**

Defendant objects that this request is overbroad, unduly burdensome and constitutes nothing more than an impermissible fishing expedition. Defendant objects that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see attached materials.

**REQUEST FOR PRODUCTION NO. 24**

Please produce all documents Frenchman Valley Produce or you made or retained in 2003 that contains the identities by name, Social Security number, or other means of identification, of any persons working in Frenchman Valley Produce's potato harvest, including in the shed, and in sorting or packing.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would

invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, please see payroll journal which has been produced in this matter, which relates to the 2003 potato harvest and which reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information. Employees identified thereon are identified by number. See also telephone log of Tammy May produced in this matter.