**LSC**

LAW OFFICE OF
## TEXAS RIOGRANDE LEGAL AID, INC.
WESLACO
300 SOUTH TEXAS BLVD
WESLACO, TX 78596
TELEPHONE (956) 968-6574 TOLL FREE (800) 369-0574
FAX (956) 968-8823

<u>Via Fax and CM/RRR</u>

January 11, 2005

Harvey Ferguson, Jr.
Gonzalez Hoblit Ferguson, L.L.P.                *CM/RRR#: 7002 2030 0005 5830 1606*
Frost Bank Plaza
802 N. Carancahua, Suite 2000
Corpus Christi, Texas 78470
Via Fax: (210) 226-1544

     Re:   Alvarez-Carillo et al. v Frenchman Valley Produce, Inc. and Tammy May

Dear Mr. Ferguson:

     Thank you for providing your responses and objections to Plaintiffs' first sets of interrogatories, request for admissions, and requests for production of documents. I have reviewed the answer and your responses to discovery and I am writing to see if we can resolve several problems I have with them.

     I believe that a number of your responses are evasive and/or incomplete, and many of your objections are improper. As such, I would like you to clarify and supplement your responses. If we cannot resolve the concerns raised in this letter, I intend to present our dispute to the Court so that the Court can consider our respective positions.

     Before addressing specific requests, there are a number of initial matters that I would like to address. These matters pertain to many, if not all, of the responses provided by your client.

     First, you have raised as a "general objection" to each of my discovery requests that Defendant Frenchman Valley Produce is exempt from the AWPA by virtue of its status as a "family owned business." Simply raising this exemption as an issue in your responses to discovery does not remove Plaintiffs' AWPA claims from the prescribed scope of permissible discovery. Defendant, if it wishes to claim the exemption, bears the burden of demonstrating that it "plainly and unmistakably" falls within the terms and the spirit of the exemption. See <u>Charles v. Burton,</u> 857 F.Supp. 1574 (M.D. Ga. 1994); <u>Aviles v Kunkle,</u> 765 F.Supp. 358 (S.D.Tex. 1991), rev'd on other grounds. At this point in the lawsuit, Defendant cannot rely on the exemption to limit Plaintiffs' discovery. Not only has Defendant not yet met its burden of proving the exemption applies, it has not even properly pleaded the exemption.

     Second, you routinely respond to my requests with lists of repetitive objections without specifically stating how each objection raised relates to the discovery request. There are numerous requests to which your client objected based on relevancy, (See Frenchman Valley Produces's Responses to Interrogatory Nos. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 19,

EXHIBIT
E

October 4, 2004
Page 3 of 9

1 and 2 and Requests for Production Nos. 5, 6, 11, 12, and 13). This is not a proper objection. Please remove this objection and respond to the discovery requests.

What follows are more specific concerns with respect to your responses.

Responses to Requests for Admissions

In your responses to Plaintiffs' First set of Requests for Admission to Defendant Frenchman Valley Produce, you objected to 19 of 50 Requests on the ground of relevancy. In your responses to Plaintiffs' First Set of Requests for Admission to Defendant Tammy May, you objected to 6 of 36 Requests on the same ground. For the reasons stated above, I believe the majority of your blanket objections are invalid, but I will reserve my responses to your objections on those responses that appear to be sufficient until a later date.

I would like to specifically address both Defendants' responses to Requests 17 through 22. Each of these requests asks for information regarding Defendants' compliance in 1999 with Department of Labor regulations, and the Department of Labor's investigation into claims regarding Defendants' alleged failure to comply. You objected on the ground that those requests are "utterly irrelevant to any issues in this suit," "not calculated to lead to the discovery of admissible evidence," and are "intended designed [sic] solely to harass Defendant." Plaintiffs seek full statutory damages for the AWPA violations alleged, and Defendant's past failure to comply and involvement with DOL investigations regarding compliance are relevant to the amount of damages Plaintiffs are entitled to recover in this case. The statutory damage award in AWPA cases is intended not only to compensate injured Plaintiffs but also to promote future compliance with the AWPA by deterring violations. In setting the amount of statutory damages to be awarded in this case, the Court is entitled to look to such factors as Defendants' past record and history of violations as well as to the extent of Defendants' knowledge of the law and/or applicable labor regulations he/she is said to have violated. The information sought is therefore relevant.

To Frenchman Valley Produce:

Requests 25 through 37 seek information regarding Defendants' employment of foreign H-2A workers during the time period relevant to this suit. Defendants have asserted that they have at all relevant times complied with industry, federal, and state laws, standards and regulations. As an employer of foreign H-2A workers, Defendant subjects itself to a host of labor regulations, one of which prohibits an employer from providing preferential treatment to alien over foreign workers. Defendants' compliance is at issue and Plaintiffs seek relevant and discoverable information regarding that compliance. The information sought is relevant to Plaintiffs' claim that Plaintiffs were denied employment for reasons other than that asserted by Defendants, namely that they did not show up for work on time.

You have objected to Requests 37 and 38 on the ground that the requests are vague and unclear, and that they fail to provide a definition for the occupational title identified. This term is listed by Frenchman Valley Produce on its Agricultural and Food Processing Clearance Order, job order number NE05422425. Because Frenchman Valley requested

October 4, 2004
Page 4 of 9

workers for that particular job title in its clearance orders, I do not see how they can now
claim not to understand the meaning of the term.

To Tammy May:

I do not understand your responses to Requests 25 through 29. These requests simply ask
that you admit you did not provide Plaintiffs with copies of various documents; they do not
imply that any terms or requirements of the Act are applicable to this suit or that any particular
materials were required to be provided to Plaintiffs. As such, I request that you clarify your
responses to these requests.

Responses to Interrogatories

In your responses to Plaintiffs' First set of Interrogatories to Defendant Frenchman
Valley Produce, you objected to 19 of 22 Interrogatories on the ground of relevancy, and to
18 of 22 Interrogatories on the ground that they were overbroad, unduly burdensome, and
constitute fishing expeditions. In your responses to Plaintiffs' First Set of Interrogatories to
Defendant Tammy May, you objected to 8 of 16 Interrogatories on the ground of relevancy
and to 11 of 16 Interrogatories on the ground that they were overbroad, unduly burdensome,
and constitute fishing expeditions. For the reasons stated above, I believe the majority of
your blanket objections are invalid, but I will reserve my responses to your objections on
those Interrogatory responses that appear to be complete until a later date.

In addition to your stock objections, you repeat several phrases in your Interrogatory
responses from both defendants that I find objectionable. In several instances in which you
raise the objection of undue burden or overbroad request, your objection it is followed by the
phrase "it is not possible for this Defendant to state each fact upon which Defendant will rely
at trial," (see Frenchman Valley Produce's responses to Interrogatory Nos. 1, 2, 4, 9, 10, 12,
15, and 16, and Tammy May's responses to Interrogatory Nos. 1, 2, 4, 7, 13). While I concur
that it may be impossible at this point in the lawsuit for Defendants to state all facts upon
which they will rely at trial, I do not believe that any of Plaintiffs interrogatories are asking
Defendants to do so. Still other responses contain the assertion that "the Federal Rules of
Civil Procedure do not require a party to state 'with specificity' or 'in detail' all information
which may be known," (see Frenchman Valley Produce's responses to Interrogatory Nos. 1,
2, 4, 5, 9, 10, 12, 15, and 16 and Tammy May's responses to Interrogatory Nos. 1, 2, 4, and
7). Again, I concur that the Federal Rules do not require Defendant to respond to any one
interrogatory with "all information that may be known" about anything and everything,
however, I believe that none of Plaintiffs interrogatories ask Defendant to divulge that
breadth of facts and information.  Rather each refers to details that may be known about
particular incidents or documents that are at issue in this lawsuit. Neither assertion, even if
true, should prevent Defendants from answering any of Plaintiffs interrogatories.

You object to 10 of 22 Interrogatories (see Frenchman Valley Produce's responses to
Interrogatories 1, 2, 4, 5, 6, 9, 10, 12, 15, and 16 and Tammy May's responses to
Interrogatories 1, 2, 4, and 7), on the ground that they seek to limit Defendant's testimony at
trial. This is not a valid objection. I fail to see how Defendants' responding to any of the
interrogatories in response to which this objection is raised in any way limits Defendants'

October 4, 2004
Page 5 of 9

testimony at trial. Please enlighten me. In the event that a response may do this, it is not counter to the Federal Rules and you still must answer.

What follows are my responses to your objections to particular Interrogatories.

To Frenchman Valley Produce:

Interrogatory No. 1: Your response to this interrogatory states, "relevant documents include but are not necessarily limited to the following." I presume then that your relevancy objection does not apply to the documents you list. Your response implies that there are other documents to which the relevancy objection similarly does not apply, and as such, I would ask that you list and describe them.

Interrogatory No. 4: Your response is incomplete. This interrogatory asks that Defendant describe its procedure for securing agricultural and/or packing house workers; it is not limited to H-2A workers, nor is it limited to the 2003 season. Defendants have raised the family business exemption as a possible defense, putting both Defendants' recruitment activities in Texas during the 2003 season and before directly at issue. Further, as agricultural employers, Defendants' obligations under the AWPA will turn in large part on the extent to which they were involved in the recruitment of workers. As such, I would ask that you please explain in your answer what procedures were used to secure both H-2A and non-H-2A agricultural workers in the years 2000 through 2003, including whether or not farm labor contractors were used, and if so, how they were found, who they were, and what was provided to them to assist them with recruiting.

Interrogatory No. 8: This interrogatory asks you to identify agricultural and/or packing house workers who worked for Defendant in 2003. Whatever putative privacy interest these individuals have in the information requested is outweighed by its relevance to this lawsuit. Plaintiffs contend that defendant breached the terms of the working arrangement by refusing to employ them. The information sought is not private and is relevant because other 2003 employees are potential witnesses. The fact that this information is needed to identify potential witnesses is a sufficient reason in itself to require its production. See Gaydos v. Packhard-Hughes Interconnect, 1998 U.S. Dist. LEXIS 14025 (S.D.Ala. 1998) (in individual employment suit, ordering employer to produce identifying information of nonparty co-workers because they may be potential witnesses). This interrogatory further asks for the date and location of recruitment for each worker who worked for you in 2003. This information is relevant because you have raised the family business exemption, putting your recruitment activities during 2003 directly at issue.

Interrogatory No. 10: This interrogatory asks for a description of the type of housing that was available at or near the job site during the 2003 season. Plaintiffs have claimed in this lawsuit that Defendant breached the working arrangement it had entered into with Plaintiffs by failing to provide the promised terms and conditions of employment, one of which was that housing would be provided to those workers not reasonably able to return to their places of residence. Housing was part of the offer of employment that was made to Plaintiffs, thus a description of that housing is relevant to Plaintiffs' breach of contract and breach of the working arrangement claims.

October 4, 2004
Page 6 of 9

Interrogatory No. 11: This interrogatory asks for information about workers who were living in housing owned or controlled by Defendant in 2003. This information is relevant because these individuals 2003 are potential witnesses who may have information about what housing was available in 2003 and why housing and/or work was denied to Plaintiffs.

Interrogatory No. 15: In responding to this interrogatory, you object to the use of the term "positive recruitment." Please explain why you feel this term is inapplicable here. It is my understanding that as part of your application for alien agricultural labor certification in 2003, you were required to include in your job offer a statement agreeing to abide by the conditions set out in 20 C.F.R. 655.103, one of which requires that you engage in "positive recruitment" of U.S. workers. This interrogatory seeks further information about actions you were required to undertake as part of the application process.

Interrogatory No. 20: This interrogatory asks you to identify each person who worked for Frenchman Valley Produce from June 2000 to November 2003. In response, you refer to Interrogatory No. 8. Your answer to that Interrogatory is also incomplete. Again, this information is relevant because these employees have knowledge of Defendant's employment practices, and as such are potential witnesses. Further, as explained above, Defendant's past practices are relevant to damages calculations under the AWPA.

To Tammy May:

Tammy May's responses and objections to Interrogatory Nos. 1 and 4 appear to be the same as Frenchman Valley's responses. As such, please refer to the preceding paragraphs regarding those two Interrogatories for my responses.

Interrogatory No. 15: This interrogatory asks you to identify each person you recruited or solicited for employment with Frenchman Valley Produce in 2003, and asks for additional specific information regarding such recruitment or solicitation. Your response talks about recruitment activities undertaken in Texas, but does not mention efforts elsewhere. Please provide information regarding the recruitment and/or solicitation of the workers named in the payroll journal produced other than the five you identify who came from Texas. As explained above, this information is relevant because you have raised the family business exemption, putting your recruitment activities in 2003 directly at issue.

Responses to Requests for Production

In your responses to Plaintiffs' First Set of Requests for Production to Defendant Frenchman Valley Produce, you objected to 18 of 24 Requests on the ground of relevancy, and to 17 of 24 Requests on the ground that they were overbroad, unduly burdensome, and constitute fishing expeditions. In your responses to Plaintiffs' First Set of Requests for Production to Defendant Tammy May, you objected to 18 of 24 Requests on the ground of relevancy and to 18 of 24 Requests on the ground that they were overbroad, unduly burdensome, and constitute fishing expeditions. For the reasons stated above, I believe the majority of your blanket objections are invalid, but I will reserve my responses to your objections on those responses that appear to be complete until a later date.

October 4, 2004
Page 7 of 9

Moreover, after interposing general objections as described above in your response to RFP No. 1, you then provide certain specified documents in response without either (1) stating that the documents provided are the only documents in your possession in response to the request or (2) specifying documents or types of documents that you are withholding or for which you are refusing to search, based upon your objections. This type of response prevents Plaintiffs and the Court from knowing if you retain responsive documents and violates your obligation under Rule 34(b) to specify that part of the request to which an objection is maintained, where some documents are provided for inspection. This type of ambiguous response appears in Frenchman Valley Produce's Responses to Requests 2, 3, 4, 5, 6, 7, 8, 10, 16, 19, 23, and 24 and in Tammy May's Responses to Requests 2, 3, 5, 6, 7, 8, 10, 16, 20, and 23.

Please supplement your responses to each of these RFPs by either stating, as you did in Frenchman Valley Produce's response to RFP No. 18, "No other responsive documents are in the possession of this Defendant at this time," or identifying the documents or types of documents being withheld. Plaintiffs will then be in a position to decide whether further discussion or a motion to compel is appropriate.

To Frenchman Valley Produce:

RFP No. 7:  This requests seeks "employment records" and "personnel files of Plaintiffs. Your response states only that no "personnel files" exist, but does not state whether any other "employment records" are in your clients' custody and control. Please clarify.

RFP No. 8:  This request seeks all payroll records for workers employed by Defendants from June 2003 to January 2004 showing, inter alia, hours and days worked and the basis on which wages were paid to all such workers. You have provided only payroll totals for each worker for the pay period ending July 24, 2003 and the entire period from July 10 to October 11, 2003.

The principal issue in this case is whether you had justification for refusing to hire plaintiffs on the day their work was to begin. You claim that the entire 52 person crew had already been hired and was working by the time plaintiffs arrived late on July 18, 2004, and that this was the reason you refused to put them to work as promised. Plaintiffs are entitled to discovery to test your clients' defense. Documents showing who was working on July 18, 2003 and the critical days before and after that date, along with the amount of work available for these workers at that time, is reasonably calculated to lead to admissible evidence. As stated above, Plaintiffs are also entitled to know the names and addresses of potential witnesses concerning the work being provided and the hiring procedures on or around July 18, 2003.

RFP No. 14: This request asks Frenchman Valley Produce to produce a copy of all work agreements entered into between Frenchman Valley Produce and any worker employed by or furnished to Frenchman Valley Produce in 2003. In response, you produced paperwork completed by the individuals who had interviewed with Rosalinda Zarate at the Texas

October 4, 2004
Page 8 of 9

Workforce Commission who were subsequently hired by Frenchman Valley Produce. You have failed to produce the agreements for any other workers. As stated above, who and how many people were working, when they were engaged, and when they began work is an issue critical to the defense raised by Defendants. Plaintiffs are entitled to these documents for the potential information contained therein and to locate and speak with and/or depose potential witnesses as to the work provided and the hiring procedures for this harvest.

RFP No. 15: This request seeks documents reflecting the need for workers during the 2003 harvest on daily, weekly and monthly bases. You have produced some totals in response to RFP No. 8 and records of pre-harvest projections made to U.S.DOL. As discussed above, daily and hourly records of hours worked and numbers of workers employed, especially during the early stages of the harvest in late July and August 2003, are discoverable.

RFP No. 18: This requests asks that Frenchman Valley Produce produce all documents relating to any investigation of your operations for violations of employment related laws in 2001, 2002, 2003, and 2004. Requesting documents relating to *any* investigation does not reflect an "improper presumption" that violations of the law occurred in those years; the request simply asks that *if* any investigations have in fact taken place, you produce documents relating thereto. I refer you to Frenchman Valley Produce's response to Interrogatory No. 6, which states that an investigation was conducted in 2001 by the Department of Labor Nebraska Workforce Development in 2001. Please produce all documents relating to this investigation.

RFP No. 20: This request directly seeks documents showing the identity of workers in the 2003 potato harvest. As stated above, plaintiffs may discover these identities to interview them as potential witnesses. In addition, Plaintiffs are entitled to the identities of the foreign H-2A guestworkers to learn when they began working and to discover who recruited them for employment, inasmuch as Defendants claim the family farm exemption from AWPA coverage, requiring that all recruitment was done by members of the May family.

RFP No. 21: This request seeks all documents showing the amount of work performed for the Defendants by each worker it employed in the 2003 potato harvest. You have provided two summaries, neither of which shows for each worker daily starting times, daily hours, or weekly hours. As discussed above, this is important, discoverable information.

To Tammy May:

Tammy May's responses and objections to Requests 7, 8, 14, and 15 appear to be the same as Frenchman Valley's responses to Requests 7, 8, 14, and 15. As such, please refer to the preceding paragraphs regarding those Requests for my responses. Tammy May's responses to Requests 19, 21, and 22 appear to be the same as Frenchman Valley Produce's responses to Requests 18, 20, and 21, respectively. Please refer to the preceding paragraphs regarding Requests 18, 20, and 21 for my responses.

October 4, 2004
Page 9 of 9

     RFP 8: This request asks that Tammy May produce all payroll records that she made, obtained, or kept concerning any worker from June 2003 to January 2004. Your response refers to a payroll journal produced in response to Plaintiffs' Requests for Production to Defendant Frenchman Valley Produce, which contains hourly wage records from June 10th, 2003 through December 31st, 2003 and payroll summaries from July 10th, 2004 through October 11th, 2003. Please confirm that no responsive documents were made, obtained, or kept by Tammy May individually, apart from those records kept by Frenchman Valley Produce.

     Please amend your answer and your responses the Plaintiffs' discovery requests in light of the deficiencies outlined above within fifteen days. If you do not provide amended responses or an explanation of why your responses are accurate and complete, I will assume that you are not willing to discuss this matter further and I will seek guidance from the Court.

     Sincerely,

     TEXAS RIOGRANDE LEGAL AID, INC.

     Jennifer Smith
     Attorney for Plaintiffs