**GONZALES HOBLIT FERGUSON**

*A Limited Liability Partnership*

ATTORNEYS AT LAW

| | | |
|---|---|---|
| RUDY GONZALES, JR.* | ONE RIVERWALK PLACE | JOAQUIN CASTRO |
| R. CLAY HOBLIT* | 700 N. ST. MARY'S STREET, SUITE 1800 | JULIAN CASTRO |
| HARVEY FERGUSON, JR. | SAN ANTONIO, TEXAS 78205 | ROBERTA S. DOHSE |
| STEPHEN R. DARLING | | ROBERT A. EWERT |
| GARY E. RAMIREZ | (210) 224-9991 Voice | SHANNON C. FRANCIS |
| THOMAS A. COWEN* | (210) 226-1544 Facsimile | NICOLYN GARZA HARRIS |
| NATHAN MARK RALLS* | | MARCY HERNANDEZ |
| CARLOS I. URESTI | ———— | MICHAEL D. HUDLOW, JR. |
| CATHERINE D. TOBIN | | JENNIFER INGRAM |
| | CORPUS CHRISTI OFFICE | SCOTT LAYH |
| *Board Certified in Personal Injury Trial Law | (361) 888-9392 Voice | BENJAMIN C. NICHOLS |
| Texas Board of Legal Specialization | (361) 888-9187 Facsimile | PATRICK J. O'HARE |
| | | TAMMI ROESCH |
| | | ROXANA I. STEVENS |
| ROSS P. BROOKS | | AMANDA N. STRICKLAND |
| SCOTT A. CARLSON | | SCOTT M. TSCHIRHART |

February 1, 2005

***Via Facsimile: (956) 968-8823; and***
***Certified mail/return receipt requested***
Ms. Jennifer Smith
Texas RioGrande Legal Aid, Inc.
300 South Texas Blvd.
Weslaco, TX 78596

Re:   Civil Action No. B-04-122; *Ruben Alvarez-Carillo, et al vs. Frenchman Valley Produce, Inc., et al*; United States District Court, Southern District of Texas, Brownsville Division

Dear Ms. Smith:

This letter is in response to your January 11, 2005 letter regarding our responses and objections to Plaintiffs' first sets of interrogatories, request for admissions, and requests for production of documents. Hopefully my response will address your concerns. However, if there are still responses and objections to which you remain unsatisfied, please feel free to call me so that we may discuss the matter further.

I have organized my letter to follow the format of your January 11, 2005 letter. With regard to the items you addressed that we intend to supplement, we would ask that you allow a reasonable time for us to supplement our responses. We agree to tender our supplemental responses to you within 30 days from the date of this letter.

As you may be aware, Robert Dohse, the attorney at our firm who was handling this case, has recently left the firm. As I am new to the file, I would appreciate your understanding while I am in the process of familiarizing myself with the case.

FEB -

EXHIBIT
F

## A. INITIAL MATTERS

### 1. "GENERAL OBJECTION"

We intend to stand on our "general objection" that we are exempt from the requirements of the Migrant Seasonal Agricultural Workers Protection Act ("AWPA") as set forth in 29 U.S.C. § 1803(a)(1). We have attached to this letter, as Exhibit 1, the U.S. Department of Labor's ("DOL") investigation into Frenchman Valley Produce, Inc's ("Frenchman Valley") AWPA Family Business Exemption status. The DOL found that:

> "**The family business exemption is applicable** during [7/14/03 through 9/21/04] because no one other than Mr. & Mrs. May performed any of the six named MSPA activities[1]" (emphasis added).

Admittedly, Defendants have not yet plead this affirmative defense. However, this information was only recently obtained, and Defendants will timely seek to amend their Answer accordingly. We will soon contact you via telephone to conference regarding this amendment.

### 2. "LIST OF REPETITIVE OBJECTIONS"

You cited countless instances where you allege we responded "with lists of repetitive objections without specifically stating how each objection raised relates to the discovery request." This is simply untrue. For brevity, each issue you *specifically* raise in your letter will be addressed below. Furthermore, for the sake of argument, supposing that Defendant did make impermissible blanket objections, a court may allow a responsive party to make a more complete response. *Harrison v. U.S.*, 121 F.R.D. 652, 655 (W.D.N.C. 1988).

### 3. "RELEVANCE"

The section of your letter, beginning on page two dealing with relevance is correct with respect to the purpose of the Federal Rules. However, your description is incomplete. The 2000 amendments to FRCP 26 narrowed the scope of permissible discovery. *Thompson v. Department of Hous. & Urban Dev.*, 199 F.R.D. 168, 171 (D. Md. 2001). There are limits to the scope of discovery, and a request for information that has no conceivable bearing on the case will usually be disallowed. *Food Lion, Inc. v. United Food & Commercial Workers Int'l Un.*, 103 F.3d 1007, 1012-12 (D.C. Cir. 1997); *see Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter # 2*, 197 F.3d 922 (8th Cir. 1999). Furthermore, the 2000 amendments to Rule 26(b) narrowed the scope of party-controlled discovery to matters "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).

---

[1] The "six named MSPA activities come from the definition of "agricultural employer" as it is defined in 29 USC §1802(2). They are: recruiting, soliciting, hiring, employing, furnishing, or transporting any migrant or seasonal agricultural worker.

The term "relevant" is not defined in Rule 26 of the Fed. R. Civ. P. We must look to case law to shape what is and is not relevant. It is well established that discoverable information must bear on issues in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-354 (1978).

With respect to all of the issues you raised in your letter regarding our objections based on relevance, we intend to stand on our asserted objections. The information you requested in each instance we objected on relevance grounds did not bear on issues in the case. Ultimately, whether what you have asked for is "relevant" or not for discovery purposes is a fact-specific inquiry and is left to the discretion of the district court. *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (trial court has power to restrict discovery when justice requires protection from annoyance, embarrassment, oppression, or undue burden or expense).

### 4. "OBJECTED AND THEN FAILED TO PROVIDE A RESPONSE"

Defendant is unable to determine with any reasonably particularity which responses you are referring to because you did not provide any specific references to any responses to which you have an issue. To Defendant's knowledge, we answered all discovery requests properly in this regard. Please specify which responses you are referring to, so that we may attempt to come to some resolution to satisfy your concerns.

### 5. "PREMATURE"

This objection is meant to convey exactly what it stated in our responses that you cited, that Defendant, "objects *to the extent* this request is premature, insomuch as discovery is in its early infancy. [These] *response[s] will be supplemented* as may be appropriate" (emphasis added). Defendant objected on this basis because Defendant wanted Plaintiff to be clear that responsive materials may be later-identified and/or discovered, and at such time, if this occurs, Defendant will supplement as appropriate. This objection simply was calling Plaintiff's attention to this possibility. Defendant intends to stand on this objection. Note that each time after stating this objection, defendant responded "subject to the foregoing and without waiving same." Defendant did in fact respond properly to Plaintiff's requests. Defendant intends to stand on this objection for the reasons stated herein above.

## B. RESPONSES TO REQUESTS FOR ADMISSIONS

### Responses to Requests 17 through 22 for both Defendants

We concede that the information requested in these Admissions would be relevant *if* Defendant was subject to AWPA at the time of any alleged violation. However, since it is Defendant's contention that AWPA does not apply due to the Family Business Exemption, any discovery relating to AWPA is irrelevant, not calculated to lead to the discovery of admissible evidence and intended solely to harass Defendant. As noted above, we have attached the DOL's findings to this effect and we intend to seek leave of the Court to amend our pleadings accordingly. Also note that although we made objections to Requests 17 through 22, we answered "subject to this objection." In other words, we responded to the Request as fully as able given our position that AWPA is inapplicable.

### 1. TO FRENCHMAN VALLEY PRODUCE

**Requests 25-37**

Please refer to the relevance section above which is incorporated herein by reference. Defendant maintains that Request for Admissions 25 though 37 are irrelevant. §101(a)(15)(H)(ii)(a) of the Immigration and Nationality Act describes "H-2A" workers. Besides mentioning the Immigration and Nationality Act in Plaintiff's "fact section" of its pleadings, Plaintiff has not plead or otherwise asserted that Defendants violated any provisions of the Immigration and Nationality Act. Furthermore, the only act Plaintiff has alleged that Defendant violated is the AWPA, which Defendant maintains does not apply for the reasons detailed above. Therefore, Defendant intends to stand on its objections to Request for Admissions 25 through 37 to Frenchman Valley Produce.

**Requests 37-38**

Defendant maintains that these Requests are unclear on their face. Defendant is not required to search through vast amounts of information to determine what these Requests were referring to. The Request placed an undue burden on Defendant to determine what Plaintiff was asking for. And, the Request failed to provide a definition for the occupation title and code identified in the Request. However, now that Plaintiff has provided Defendant with a reasonable indication as to what these Requests are asking for, Defendant agrees to supplement their Responses in a timely manner as required by the Federal Rules of Civil Procedure.

### 2. TO TAMMY MAY

Defendant maintains that its response to Requests 25 through 29 are clear, and as such do not require clarification. A denial must be specific and must "fairly meet the substance of the requested admission." Fed.R.Civ.P. 36(a). When a party requests admission of an issue genuinely in dispute, the word "denied" is ordinarily sufficient to deny the request. *United Coal Cos. v. Powell Constr. Co.,* 839 F2d 958, 967 (3d Cir.1988). When good faith requires a party to qualify an answer or deny only part of the request, the party should admit as much as is true and qualify or deny the remainder. Fed.R.Civ.P. 36(a); *see Apex Oil Co. v. Belcher Co.,* 855 F.2d 1009, 1015 (2d Cir. 1988). Defendant responded as required by the rules, and intends to stand on its response to Requests 25 through 29. Good faith required Defendant to answer as it did. Furthermore, much of Defendant's response will be moot once Plaintiff's AWPA claim is disposed of.

## C. RESPONSES TO INTERROGATORIES

As to Plaintiff's general issues raised with Defendant's response to Interrogatories, Defendant intends to stand on its objections asserted in all of its Responses to Interrogatories. Furthermore, Defendant sufficiently answered all of Plaintiff's Interrogatories—any objections were appropriately asserted and were then followed by responses which were made expressly subject to stated objections.

Plaintiff raised specific issues with many of Defendant's responses which are addressed below.

## 1. TO FRENCHMAN VALLEY

**Interrogatory No. 1**

It is unreasonable for Plaintiff to request that Defendant "list and describe" "in detail" "every document." All relevant documents were listed and described in Defendant's Response. All that is required of Defendant is that it answers an Interrogatory by furnishing all discovery information requested. *Martin v. Brown*, 151 F.R.D. 580, 593-94 (W.D. Pa. 1993) (party answering must promptly furnish responsive information available through reasonable efforts). Defendant intends to stand on it's objection based on relevancy. Defendant also intends to stand on it objection based on the vagueness and over breadth of this request.

After duly considering Plaintiff's concerns regarding this Interrogatory, Defendant agrees to withdraw the following objections: "It is not possible for this Defendant to state each fact upon which Defendant will rely at trial;" "Furthermore, the Federal Rules of Civil Procedure do not require a party to state "with specificity" or "in detail" all information which may be known;" Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial;" "Defendant objects to the extent this request is premature, insomuch as discovery is in its infancy."

Defendant responded to Plaintiff's request in the manner that it did in order to leave open that possibility that through due diligence, other documents could be discovered that are applicable and relevant to this request. If this occurs, such documents would be supplemented in accordance with the Federal Rules of Civil Procedure.

**Interrogatory No. 4**

Defendant maintains that it responded appropriately to this Interrogatory. Defendant stands by its objections made in this Interrogatory, particularly that this request is vague and overbroad. Plaintiff did not state with the requisite specificity whether it intended this question to apply to both H-2A and non-H-2A agricultural workers. It is improper for Plaintiff now to attempt to secure additional Interrogatories through the guise of asking for a clarification in a discovery response dispute.

**Interrogatory No. 8**

Defendant adequately responded to this Interrogatory and intends to stand on its Response. Defendant again refers Plaintiff to the payroll journal produced contemporaneously with Defendant's discovery Reponses. The payroll journal, which relates to the 2003 potato harvest, reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information.

**Interrogatory No. 10**

Defendant maintains its objections, and again refers Plaintiff to the Job Clearance Order and all attachments thereto which was produced contemporaneously with its discovery responses. Subject to its asserted objections, Defendant agrees that information related to housing is relevant to Plaintiff's breach of contract claim, which is why Defendant referred Plaintiff to said materials. Defendant maintains that its stated reference to the Job Clearance Order was sufficient to reference a description of the type of housing that was available at or near the job site during the 2003 season. There are no other known responsive documents at this time to which Defendant can refer Plaintiff.

**Interrogatory No. 11**

Defendant intends to stands on its objections and response asserted in this Interrogatory. Please refer to the "Relevance" section listed herein above which is incorporated by reference.

**Interrogatory No. 15**
Defendant intends to stands on its objections and response asserted in this Interrogatory. Defendant maintains that it adequate explained why "positive recruitment" was inapplicable.

**Interrogatory No. 20**

Defendant refers Plaintiff to Defendant's Response to your concerns about Interrogatory No. 8 addressed herein above. Defendant asserts that this information is sufficient.

### 2. TO TAMMIE MAY

**Interrogatories Nos. 1 and 4**

Defendant refers Plaintiff to Defendant's responses to Plaintiff's concerns about Interrogatives Nos. 1 and 4 listed herein above in the "To Frenchman Valley" section.

**Interrogatory No. 15**

Given that the DOL already has determined that Defendant is entitled to the Family Business Exemption, Defendant intends to stand on its objections and response asserted in this Interrogatory. Please see Exhibit 1 for the DOL's findings regarding the Family Business Exemption. Please refer to the "Relevance" section listed herein above which is incorporated by reference.

## D. RESPONSES TO REQUESTS FOR PRODUCTION

Defendant maintains that with regard to your general comments concerning our responses to Requests for Production, Defendant responded appropriately. We agree to abide by the requirements for supplementation contained in the Federal Rules of Civil Procedure.

### 1. TO FRENCHMAN VALLEY PRODUCE

**Request for Production ("RFP") No. 7**

Defendant stands on its objections asserted in its Response to RFP No. 7. No personnel files were compiled for any Plaintiff because none of them were ever an employee of Defendant. Defendant objected on vagueness, over breadth, and burdensome grounds, in part, because Plaintiff did not provide a definition of "employment records." If Plaintiff is willing to define "employment records," Defendant will attempt to answer Plaintiff's clarified Request accordingly.

**RFP No. 8**

Defendant intends to stand on its objections and response to this Request. Defendant would also remind Plaintiff that discovery is in its infancy, and if relevant discoverable information is found, Defendant will supplement accordingly as required by the Federal Rules of Civil Procedure.

**RFP No. 14**

Defendant stands on its objections asserted in its Response to RFP No. 14.

**RFP No. 15**

Defendant stands on its objections asserted in its Response to RFP No. 15. Defendant provided all discoverable documents in its Response.

**RFP No. 18**

As to 2001, Defendant will supplement. Otherwise, Defendant intends to stand on its objections and responses to this Request.

**RFP No. 20**

Defendant adequately responded to this Request and intends to stand on its Response. Defendant again refers Plaintiff to the payroll journal produced contemporaneously with Defendant's discovery Reponses. The payroll journal, which relates to the 2003 potato harvest, reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information.

**RFP No. 21**

Defendant adequately responded to this Request and intends to stand on its Response. Defendant again refers Plaintiff to the payroll journal produced contemporaneously with Defendant's discovery Responses. The payroll journal, which relates to the 2003 potato harvest, reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information.

### 2. TO TAMMY MAY

Plaintiff has correctly noted that Tammy May's responses and objections to Requests 7, 8, 14, and 15 are the same as Frenchman Valley's responses to Requests 7, 8, 14, and 15. Please refer to Defendant's responses herein above addressing Plaintiff's concerns regarding Frenchman Valley's responses to Request 7, 8, 14, and 15 for Defendant's corresponding responses to Plaintiff's concerns regarding Tammy May's Responses. Similarly, Plaintiff has correctly noted that Tammy May's responses to Request 18, 21, and 22 are the same as Frenchman Valley Produce's responses to Requests 18, 20, and 21. Please refer to Defendant's responses herein above addressing Plaintiff's concerns regarding Frenchman Valley's responses to Requests 18, 21 and 22 for Defendants corresponding responses to Plaintiff's concerns regarding Tammy May's Responses.

### RFP 8

Defendant intends to stand on its objections and response asserted in this Interrogatory.

### E. CONCLUSION

I hope our exchange of letters has resolved some, if not all, of your concerns addressed in you letter dated January 11, 2005. Please feel free to contact me if you would like to discuss the matter further.

Sincerely,

Harvey Ferguson, Jr.
State Bar. No. 06913500
Fed. ID No. 8417
N. Mark Ralls
State Bar. No. 16489200
Fed. ID No. 24392

# EXHIBIT 1

**U.S. Department of Labor**        Employment Standards Administration
                                    Wage & Hour Division
                                    230 S. Dearborn St., Rm. 530
                                    Chicago, IL  60604



                                    Reply to the attention of: JLK

**CERTIFIED MAIL # 7001 2510 0002 5582 2840**

January 5, 2005

Ms. Roberta S. Dohse
Gonzales Hoblit Ferguson, LLP
Attorneys at Law
Frost Bank Plaza
802 North Carancahua, Suite 2000
Corpus Christi, Texas  78470

SUBJ:  Freedom of Information Act Request (FOIA)
       Frenchman Valley Produce, Inc

Dear Ms. Dohse:

This is in reply to your request for information received in letter form in this office on Monday,
December 6, 2004.  Your request, dated December 3, 2004, was addressed to US Department of
Labor, Wage and Hour Division, 111 South 18th Plaza, Suite 2238, Omaha, NE  68102-1321.
You requested ". .
by the Departmen
2000, and 2001 .

In response to your "information" request I have concluded that only part of the data you
requested can be disclosed under the Freedom of Information Act.  That data is enclosed and
identified as follows:

> **Frenchman Valley Produce, Inc**
> **P.O. Box 879**
> **Imperial, NE  69033**

          1-2      Copy of WHISARD Compliance Action Report, dated 10/29/2004

          3-14     Copy of MSPA,                   narrative reports

Pursuant to Exemption 5 of the Freedom of Information Act, which permits the withholding of opinions, advice, recommendations, or other policy-making process preceding the issuance of a final agency determination were deleted.  Furthermore, commercial and financial information regarding the employer has been deleted pursuant to Exemption 4.

The remaining information is exempt pursuant to Exemption 7 of the Act, because it is contained in an investigation file compiled for law enforcement purposes which:

     (C)     Authorizes the withholding of names and details of personal information related to various individuals which, if disclosed to the public, could reasonably be expected to constitute an unwarranted invasion of personal privacy.

Sincerely,

Timothy J. Reardon
Regional Administrator
Wage and Hour Division

Enclosures

Frenchman Valley Produce, Inc.
Local # 2004 180 04844
WHISARD # 1371926

## MSPA Narrative

Frenchman Valley Produce, Inc.
P.O. Box 879
Imperial, Nebraska 69033
(308) 882-4243

### COVERAGE

Subject employers, husband and wife, Tim and Tammy May, own and operate a potato packing shed operation which encompasses approximately 32 acres plus they lease approximately 1800 acres that the potatoes are grown on███████████During the agricultural season of 2003 and 2004, subject employers solicited████████████recruited, hired and employed seasonal and migrant agricultural workers. Therefore, by definition, Mr. & Mrs. May are agricultural employers (AGERs) within the meaning of Section 3(2) of the Migrant and Seasonal Agricultural Worker Protection Act as Amended (MSPA).     **EXEMPTION 5**

In addition, subject employers are a housing provider (HP). As of the date of the initial conference (IC) on September 21, 2004, there were approximately 20 people living in the employer provided housing████████████The housing was inspected and certified by███ of Nebraska Workforce Development McCook, NE office████████████The employer does not house family groups, only workers████████████Therefore, by definition, all of the individuals residing in the employer provided housing are migrant workers.

Given that subject employers engaged in four of the six named MSPA activities and they are a HP, MSPA coverage is asserted for the period of time that that encompassed the 2003 agricultural season, beginning July 14, 2003 through the date of the IC. Thus, the investigative period is from 7/14/03 through 9/21/04.

<u>Joint Employment</u>
During the investigative period subject employers did not utilize the services of a farm labor contractor. Hence, there was no joint employment. Subject AGERs are the sole employers.

**EXEMPTION 7(C)**

Frenchman Valley Produce, Inc.
Local # 2004 180 04844
WHISARD # 1371926

**EXEMPTIONS**    **Persons not subject to MSPA**
4(a)1   Applicable
The family business exemption is applicable during the entire investigative period because no
one other than Mr. & Mrs. May performed any of the six named MSPA activities. ██████████
who is the lead agricultural specialist at the National Office of U.S. Department of Labor, Wage
Hour Division, participated in and concurred with this determination.

As part of this compliance action, the MSPA complaint of ████████████ and █████████
husband and wife, taken by the Texas Workforce Commission and forwarded to the U.S.
Department of Labor (US DOL), Wage and Hour Division (WHD), Omaha, Nebraska (NE) Area
Office (AO) was investigated. ████████ and ████████ migrated to Nebraska from Texas
after speaking to ████████ who had approached Tim May to request that he hire ████
█████████████████████████████ were interviewed ████
█████████████████ by ████████████████ who speaks Spanish fluently.  This matter
was queried in the written statement of AGER, Tim May ████████████████ taken by WHI
████████████ In addition, other employees of the firm were interviewed ██████████
and employer's records were reviewed and copied ████████████████ as part of the fact
finding process pertaining to this complaint.

EXEMPTION 7(C)

EXEMPTION 7(C)

EXEMPTION 5

4

EXEMPTION 7(C) Johnson Valley Produce, Inc.
Local # 2004 180 04844
WHISARD # 1371926

Based upon a thorough analysis of all of the relevant facts, the family business exemption is not deemed to be inapplicable due to ███████████ referral of ██████████████ ██████████ r. May did not request, instruct or delegate to ██████████ to solicit or recruit ██████████████████████████.

**EXEMPTION 5**

In the 2003, the AGERs participated in the H-2A program and as part of this program they were required to post the job offer nationwide with State Employment Security Agency (SESA). In addition, the AGERs have a standing implicit understanding with the local SESA, the Nebraska Workforce Development office in McCook, NE to refer workers. Per the US DOL WHD Field Operation Handbook (FOH) Chapter 57a8(d), "An employer whose activities are otherwise exempt under section 4(a)(1) does not lose the exemption by using the services of a local SESA office to obtain workers." Therefore, even though in 2003 the AGERs obtained workers from the SESA in Texas ███████████████████████ the family business exemption is still deemed to be applicable during the entire investigative period.

**EXEMPTION 5**

4(a)(2)      Inapplicable.
Based on an extrapolation from Mr. May's statement ██████████████ during the 3rd calendar quarter 2003, AGERs exceeded 500 man-days. The math is as follows: 65 workers x 6 days a week x 10 weeks = 6,500 man-days. According to Mr. May, the 3rd quarter is the busiest calendar quarter and therefore that is when they employ the most employees. In 2003, they began operation of potato processing on July 18, 2003.

4(a)(3)(A)      Inapplicable. AGER is not a common carrier.
4(a)(3)(B)      Inapplicable. AGER is not a labor organization.
4(a)(3)(C)      Inapplicable. AGER is not a charitable organization.
4(a)(3)(D)      Inapplicable. AGER employed agricultural workers for more than 13 weeks.
4(a)(3)(E)      Inapplicable. AGER is not a custom combine operation.
4(a)(3)(F)      Inapplicable. AGER is not a poultry operation.
4(a)(3)(G)      Inapplicable. AGER and workers' principle occupation is agriculture.
4(a)(3)(H)      Inapplicable. AGER does not grow shade tobacco.
4(a)(3)(I)      Inapplicable. AGER is not an employee of persons described in A through H.

4(b)      Applicable.
By definition, Mr. & Mrs. May are an AGER, and therefore Title I of the Act does not apply.

## STATUS OF COMPLIANCE
Complaint Data
This compliance action was set-up as a directed case as part of the national recidivism survey in agriculture during fiscal year 2004. Subsequent to this case file being set up, a MSPA complaint was forwarded to the Omaha AO as discussed above. There was no specific indication as to which MSPA standard was allegedly violated. However, on Form EEO-13 completed by Texas Workforce Development Specialist ██████ item 13 pertaining to allegations of discrimination, an "X" appears next to the words "Reprisal/Retaliation". This allegation of discrimination is unsubstantiated for it did not meet the criteria set forth in Section 505.

**EXEMPTION 7(C)**

Frenchman Valley Produce, Inc.
Local # 2004 180 04844
WHISARD # 1371926

**EXEMPTION 7(C)**

None of the individuals cited in the complaint were employees in 2004 ███████. The employer's explanation for the reason these individuals were not hired was due to their poor work history ████████ when they had worked for subject enterprise in 2001 and that they were aware of this reason because they had been expressly told so in 2004 ████ ████████ Mr. May also said that ████████████████████████████ have called in 2002 and maybe 2003 to ask if we'd hire them and Tammy (May) said no."

Given that AGERs are persons not subject to the Act, no determination of compliance was made.

AGERs are housing providers. The housing consists of two buildings, one built in 1984 and the second in 1986. Both were designed and built in accordance with US DOL OSHA specifications. The maximum occupancy for both buildings is 52 people ████████████

The housing was inspected and certified to meet all safety and health standards by ████████ of the Nebraska Workforce Development office in McCook, NE ███████████. On 9/21/04, ████████, and ████████████ conducted a walk-through housing inspection. No apparent housing or safety violations were observed. In addition, during the housing inspection ████████ spoke in Spanish to the occupants and none reported any problems or concerns.

**DISPOSITION**

On October 8, 2004, a telephonic final conference (FC) was held with AGER, Tim May, and ████████████████████ notified Mr. May that in the 2003 and 2004 season they were deemed as persons not subject to the Act under the family business exemption. ████████ explained to Mr. May criteria of this exemption. Mr. May conveyed that even though exempt they were in compliance with the requirements of the law (MSPA) and would continue to do so.

Recommendation ████████████████████

████████████████████

Lead Investigator
October 26, 2004

**EXEMPTION 5**

**EXEMPTION 7(C)**