**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAR 2 8 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and | § | |
| Juana Hernandez-Vasquez | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. B-04-122 |
| v. | § | |
| | § | |
| Frenchman Valley Produce, Inc. and | § | |
| Tammy May, | § | JURY TRIAL REQUESTED |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY WITH SUPPORTING AUTHORITIES

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Frenchman Valley Produce, Inc. and Tammy May, Defendants in the above styled and numbered cause, file this Response to Plaintiffs' Motion to Compel Discovery With Supporting Authorities, and in support thereof show as follows:

### I.

### FACTUAL BACKGROUND

Defendant Frenchman Valley Produce, Inc., hereinafter referred to as "Frenchman Valley," is a small, family-run potato farm in Imperial, Nebraska. Exhibit 1 (Affidavit of Tammy May, which is attached hereto and incorporated by reference as if fully set forth herein). Tammy May is Frenchman Valley's Secretary and Treasurer, and Tim May is Frenchman Valley's President. *Id.* The farm has been in Tim May's family since 1984. *Id.* It is undisputed that Tammy and Tim May are the sole owners of Frenchman Valley.

In their Original Complaint, Plaintiffs generally asserted two causes of action against Defendants: (1) that Defendants violated The Migrant and Seasonal Agricultural Workers

Protection Act of 1983 (29 U.S.C.A. §§ 1801 et seq.), hereinafter referred to as "AWPA," and

(2) that Defendants entered into and breached a contract with Plaintiffs.

The AWPA is designed "to assure necessary protections for migrant and seasonal

agricultural workers." 29 U.S.C. § 1801. The AWPA imposes requirements on labor contractors,

agricultural employers, and agricultural associations related to the terms of employment and

requires certain disclosures. However, family farmers who meet certain criteria are exempt from

the statute. The AWPA provides:

> "(a) The following persons are not subject to this chapter--
> (1) Family business exemption.--Any individual who engages in a
> farm labor contracting activity on behalf of a farm ... which is
> owned or operated exclusively by such individual or an immediate
> family member of such individual, if such activities are performed
> only for such operation and exclusively by such individual or an
> immediate family member, but without regard to whether such
> individual has incorporated or otherwise organized for business
> purposes."

29 U.S.C. § 1803(a)(1). The term "farm labor contracting activity" is defined as one of six types

of acts: "recruiting, soliciting, hiring, employing, furnishing, or transporting any migrant or

seasonal agricultural worker." 29 U.S.C. § 1802(6). Plaintiffs are migrant agricultural workers.

Plaintiffs' Original Complaint § 3.2.

Defendants believe that they are exempt from the requirements of the AWPA.

Defendants have filed their Unopposed Motion for Leave to File their First Amended Original

Answer and First Amended Original Answer asserting the affirmative defense of exemption from

the AWPA under the Family Business Exemption, 29 U.S.C.A. § 1803(a)(1), hereinafter referred

to as the "Family Business Exemption." The court granted said Motion on March 14, 2005.

Following up on the belief they were exempt from the AWPA, Defendants sent a

Freedom of Information Request to the U.S. Department of Labor Wage and Hour Division. The

U.S. Department of Labor, hereinafter referred to as the "DOL," investigated Plaintiffs' alleged complaints with respect to Frenchman Valley. In an opinion letter, dated January 5, 2005, the DOL found that Frenchman Valley did not violate any AWPA regulations, and furthermore found that **Frenchman Valley is a family-owned business, and is therefore exempt from the AWPA by virtue of the Family Business Exemption.** A true and correct copy of the DOL's letter is attached hereto as Exhibit 2 and is incorporated by reference as if fully set forth herein. The DOL stated,

> **"The [F]amily [B]usiness [E]xemption is applicable** during [7/14/03 through 9/21/04] because no one other than Mr. & Mrs. May performed any of the six named MSPA activities[1]" (emphasis added).

Defendants intend to move for Summary Judgment as to the inapplicability of the AWPA to Defendants by reason of the Family Business Exemption. Defendants anticipate filing this motion prior to or shortly after the submission date of this discovery matter. Because Plaintiffs' discovery requests deal with a cause of action under the AWPA, Defendants request the Court hold its ruling on these discovery matters in abeyance until it has had an opportunity to review Defendants' Motion for Summary Judgment.

Defendants made two good faith efforts to resolve Plaintiffs' discovery dispute. In response to Plaintiffs' initial nine-page discovery dispute letter dated October 4, 2004, Defendants thoroughly and thoughtfully responded on February 1, 2005 and supplemented their discovery on March 2, 2005. Plaintiffs' initial discovery dispute letter and Defendants' response are attached hereto as Exhibits 4 and 5, respectively, and are both incorporated by reference as if fully set forth herein. For completeness, Defendants have also included Plaintiffs' second discovery dispute letter as Exhibit 6 and incorporate it by reference as if fully set forth herein.

---

[1] The "six named MSPA activities" come from the definition of "agricultural employer" as it is defined in 29 USC §1802(2). They are: recruiting, soliciting, hiring, employing, furnishing, or transporting any migrant or seasonal agricultural worker.

## II.

## ARGUMENTS AND AUTHORITIES

For simplicity and brevity, Defendants have organized their Response to Plaintiffs' Motion to Compel, hereinafter referred to as "Plaintiffs' Motion" in the following manner. Defendant has deviated from Plaintiffs' format where they felt it necessary. Part 1 globally addresses the standards governing discovery and responds to Section D of Plaintiff's Motion, addressing relevance objections and Section E of Plaintiffs' Motion addressing breadth and burden objections. Next, Part 2 details independent grounds for denying Plaintiffs' Motion. Then, Part 3 addresses the specific discovery requests Plaintiffs have moved to compel and is organized to correspond to Plaintiffs' Motion, and therefore contains four sections: Part A relates to "requests regarding Defendants' recruitment activities," Part B relates to "requests regarding Defendants' refusal to hire Plaintiffs," Part C relates to the requirement that Defendants state whether or not "all responsive documents have been provided, " and Part D relates to the "privacy rights of third parties." There are several individual discovery requests that Plaintiffs address twice, and for brevity, Defendants have only addressed each request once. Attached, for the Court's convenience, are Tammy May's Responses to Plaintiffs' Interrogatories, Frenchman Valley's Responses to Plaintiffs' Interrogatories, Tammy May's Responses to Plaintiffs' Request for Production, and Frenchman Valley's Responses to Plaintiffs' Request for Production as Exhibits 7, 8, 9, and 10 respectively.

### 1. STANDARDS GOVERNING DISCOVERY

The Advisory Committee's Notes to the 2000 Amendment to Rule 26(b) of the Federal Rules of Civil Procedure states, "The amendment [to Rule 26] is designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery...When judicial intervention

is invoked, the actual scope of discovery should be determined *according to the reasonable needs of the actions*." Subdivision (b)(1), (emphasis added). Defendants believe that "the reasonable needs of the action" allow the Court to rule on Defendants' Motion for Summary Judgment with respect to the applicability of the AWPA and the Family Business Exemption prior to ruling on any discovery dispute. *See id.* This corresponds with the wide discretion that the Court is given over controlling discovery. *See* Fed. R. Civ. Pro. 26(d). Rule 26(d) of the Federal Rules of Civil Procedure allows a court, "...upon motion, for the convenience of parties and witnesses and in the interests of justice...methods of discovery may be used in any sequence..." *Id.* In addition to the "reasonable needs" of the action, Defendants also submit that the "convenience of the parties" and in "the interests of justice" allow the Court to rule on Defendants' Motion for Summary Judgment on the applicability of the family business exemption before ruling on Plaintiffs' Motion to Compel.

## A. RELEVANCY OBJECTIONS

Beginning on page 16 of Plaintiffs' Motion, Plaintiffs address Defendants' relevancy objections. Defendants maintain that each and every one of their relevancy objections are valid and Plaintiffs' complaints are without merit and generally fail to consider the narrowed scope of discovery under the 2000 Amendments to Rule 26. With the exception of *Thompson v. HUD*, 199 F.R.D. 168, 172 (D. Md. 2001), each case Plaintiffs cite as authority in support of their relevancy argument is outdated and does not take into account the 2000 Amendments to Rule 26 of the Federal Rules of Civil Procedure. Furthermore, Plaintiffs' reliance on *Thompson v. HUD* is misplaced. *Id.* The paragraph quoted by Plaintiffs continues on to state the following, "It is equally clear, however, that the new rule represents a change from the old version, and that, unless expanded by the court for good cause shown, it is intended that the scope of discovery be

narrower than it was, in some meaningful way." *Id* at 172.  Plaintiffs have not shown any good cause to expand the scope of this discovery.

Defendants maintain that the time period of July 14, 2003 to October 11, 2003 is the time period relevant to this action.  Plaintiffs, however, in the requests they have moved to compel, request items and information that extends to before and after this time period.  The time period of July 14 to October 11, 2003 is the period of time on the DOL's Job Clearance Order[2], which is attached hereto as Exhibit 3 and is incorporated by reference as if fully set forth herein.[3] Therefore, any request for information prior to that time is overbroad and irrelevant.[4]  Plaintiffs have acknowledged these are the relevant dates. *See* Plaintiffs' Original Complaint §4.4, pleading that the period of employment would run from July 14, 2003 to October 11, 2003.[5] Each request Plaintiffs have moved to compel is addressed separately below.

By way of example, in Interrogatory No. 4 to Tammy May and to Frenchman Valley, Plaintiffs requested information regarding Defendants recruitment procedures in 2000, 2001, and 2002.  These time periods, and the corresponding activities that occurred during these time periods, have no effect on the present litigation, and accordingly are irrelevant and overbroad, and Defendants respectfully request that this Court deny any and all requests related to those years.  Furthermore, Plaintiffs already have in their possession numerous documents that they have produced for Defendants in their initial disclosures that cover these time periods.  Furthermore, Plaintiffs are

---

[2] The DOL's Job Clearance Order authorized Frenchman Valley to hire migrant agricultural workers like Plaintiffs.
[3] Defendants acknowledge that May's interviews with the Plaintiffs are relevant to this lawsuit, which predates the July 14, 2003 start date on the DOL's Job Clearance Orders.  Accordingly, Defendants have produced documents relating to Defendants' interviewing activities.
[4] *See* Sections "D" and "E" *supra* (Relevance and Breadth & Burden Sections respectively).
[5] See FN 3 and 4, *Supra*.

improperly seeking information about prior acts contrary to Rule 404 of the Federal Rules of Evidence.

## B. BREADTH AND BURDENSOME OBJECTIONS

Beginning on page 17 of Plaintiffs' Motion, Plaintiffs assert that Defendants' breadth and burden objections are without merit. Defendants dispute this. An objection of undue burden is appropriate when a discovery request places a burden or expense on a party that outweighs its likely benefit. FRCP(b)(2)(iii). Defendants properly objected to discovery that they felt was unduly burdensome. In particular, Tammy May has stated in her Affidavit that it would take her a minimum of 68 hours at a cost of $2,380 plus copying expenses to produce Frenchman Valley's personnel files for the requested relevant periods.[6] Exhibit 1. Tammy May also stated that, "If I were to copy the personnel files for the time period of July 14, 2003 to October 11, 2003, I would be kept from doing my other regular duties in maintaining and running the day-to-day operations of the farm. This would be a great burden to the family-business given how time consuming and costly the task would be. The eight to nine day I spent retrieving, going through, and copying employee files would pose a great hardship to the farm."

In terms of both dollars and time, the cost of copying the personnel files greatly outweighs the meager benefit this information would offer to Plaintiffs, particularly given Defendants' clear entitlement to summary judgment under the family business exemption. Given this, any discovery that seeks matters related to compliance with the AWPA would be unduly burdensome given the needs of the case. *Id; see Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438-429 (9th Cir. 1992);

---

[6] The Affidavit considers what Defendant considers to be the relevant time period for this action: July 14, 2003 to October 11, 2003.

*Grahm v Casey's Gen. Stores, Inc.*, 206 F.R.D. 251, 254 (S.D. Ind. 2002). Also, this Request may well be moot, or at the very least premature, given Defendants' position on the applicability of the Family Business Exemption. Alternatively, and without waiving their objections to production, Defendants request that Plaintiffs reimburse Defendants for their time and expenses incurred in copying any compelled items.

Additionally, Defendants have objected to Plaintiffs' requests on the grounds that they constitute a "fishing expedition" and as such should not be allowed. An objection that a request is a "fishing expedition" is sufficient when tied to a valid objection. *See Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 98th Cir. 1992); *Micro Motion, Inc. v. Kane Steel Co.,* 894 F.2d 1318, 1327-28 (Fed. Cir. 1990). Defendants tied their objection of a "fishing expedition" to relevance. *See Id.*

An over breadth objection implies that a given request inquires into matters that go beyond what is relevant to the parties' claims or defenses. FRCP 26(b)(1)(2); *see Mack v. Great Atl. & Pac. Tea Co.,* 871 F.2d 179, 187 (1st Cir. 1989). Defendants properly objected to discovery that it felt was overbroad given the pleadings in the case and its contention that the AWPA is inapplicable. The same reasoning discussed above in Section A (Relevancy Objections) with respect to what Defendants maintain are the time periods relevant to this action apply equally for Defendants' reasons for objecting to Plaintiffs' discovery as overbroad. For brevity, Defendant refers the Court to the preceding Section regarding what Defendants maintain are the relevant time periods and incorporates the applicable reasoning by reference.

For the reasons stated herein above, Defendants respectfully request that the court deny Plaintiffs' Motion to Compel with respect to Defendants' relevance and

breadth and burdensome objections. Each individual Request and Interrogatory that Plaintiff has moved to compel is addressed briefly and individually in Section 3.

## 2. INDEPENDENT GROUNDS FOR DENYING PLAINTIFFS' MOTION

### A. DEFERENCE TO ADMINISTRATIVE RULING

In their Motion for Summary Judgment, Defendants will detail their position on why the Court should defer to the DOL's findings that, for the relevant time period for the facts giving rise to this lawsuit, Frenchman Valley was not subject to the AWPA by reason of the Family Business Exemption. See DOL Letter, Exhibit 2. However, for continuity purposes with respect to this Response, Defendants will briefly mention their legal support for this notion.

*Skidmore v. Swift & Co.* requires a court to accord deference to an administrative judgment, "depend[ing] upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." 323 U.S. at 140, 64 S. Ct. 161.

The DOL was thorough in its investigation into Frenchman Valley. Its reasoning is logical. There is nothing before Defendants or the court to indicate any inconsistency with earlier and later pronouncements. Defendants respectfully submit that these factors combined should persuade the court to defer to the DOL's thoughtfully-reached decision.

### B. PURPOSE OF AWPA AND THE FAMILY BUSINESS EXEMPTION SHOULD BE HONORED IN DISCOVERY

The AWPA protects migrant workers. And, as the Sixth Circuit noted, "[the] AWPA also protects farmers by establishing a clear standard of acceptable conduct which minimizes the risk of 'haphazard' and 'burdensome litigation.'" F.R. Rep. No. 885, 97th Cong., 2d Sess. 1 (1982), reprinted in 1982 U.S.C.C.A.N. 4547, 4547. The court continues on to note that the statute's legislative history explains that the AWPA "[wa]s a consensus bill enacted only after extensive

negotiation between representatives of the agricultural community, organized labor, migrant groups, the Untied States Department of Labor, and the committees of jurisdiction in both Houses of Congress." *Id.*

"Apparently believing that family farms pose little threat of worker exploitation, Congress has exempted such operations, under certain conditions, from AWPA's regulatory scope." 29 U.S. C. § 1803(a)(1)." *Id.*

As stated in Tammy May's Affidavit, Frenchman Valley is a small, family-run farm. Tammy May's Affidavit, Exhibit 1. The Mays and their farm represent precisely the type of small farm Congress expressly exempted from coverage of the AWPA. Congress recognized the "oft-beleaguered family farmer" and accordingly exempted them from the stringent requirements of the AWPA. See *Flores, citing* 11 U.S.C. §§ 1201-1231 ("providing special bankruptcy protection to family farmers.")

## 3. RESPONSE TO MOTION

### A. PLAINTIFFS' REQUEST FOR DOCUMENTS RELATING TO DEFENDANTS' RECRUITMENT ACTIVITIES IS PREMATURE, IRRELEVANT, AND UNDULY BURDENSOME

Defendants maintain that the following discovery requests that Plaintiff has describes as "relating to Defendants' recruitment activities" are premature, irrelevant, and unduly burdensome: Interrogatory No. 4 to both Defendants, Interrogatory No. 8 to Frenchman Valley, Interrogatory No. 11 to Frenchman Valley, Interrogatory No. 15 to Tammy May, and Request for Production No. 21 to Frenchman Valley (and No. 21 to Tammy May). For the reasons discussed above in the "Standards Governing Discovery Section" and for the reasons discuses herein below, Defendants respectfully request that the court deny Plaintiffs' Motion to compel with respect to the following items:

<u>Interrogatory No. 4 [to both Defendants]</u>

Please describe in detail your procedure for securing agricultural and/or packing house workers during the period 2000 to the present. Please include information relating to: communications with farm labor contractors, the method of recruitment, the employees or farm labor contractors hired or assigned to recruit, the source of the labor pool, the locations where migrant or guest workers have been recruited and the dates on which they have been recruited.

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. It is not possible for this Defendant to state each fact upon which Defendant will rely at trial. Furthermore, the Federal Rules of Civil Procedure do not require a party to state "with specificity" or "in detail" all information which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Defendant has not applied for or employed the use of H2-A workers in all the referenced years. In 2003, Defendant did file applications to be able to hire H2-A workers for the potato harvest, should such become necessary. In 2003, Defendant was also required by the Department of Labor to advertise publicly for workers in two media in the Brownsville, Texas area. Defendant was required to publish a notice in one newspaper, and to provide on ad on one radio station. The newspaper advertisement was published in the *Brownsville Herald* newspaper, Brownsville, Texas. The ad aired on the KGBT radio station which broadcasted to the Brownsville, Texas area. Once all prerequisites were satisfied, all investigations were completed, and all aspects of the applications were approved by the Department of Labor, the job clearance orders issued. The job clearance orders and all attachments were then automatically circulated by the Department of Labor to various Workforce Development agencies throughout the country, including the Texas Workforce Development. Defendants engaged in no other recruitment activities. Defendants did not employee the use of any recruiters. No employees or farm labor contractors were assigned to recruitment.

Other domestic workers from the surrounding area that were hired presumably learned of the job by word of mouth. No H2-A workers were ever hired in violation of any tenet of any applicable law or statute.

Defendants adequately responded to this Interrogatory.

<u>Interrogatory No. 8 [to Frenchman Valley Produce, Inc.]</u>

Please identify every agricultural and/or packing house worker, including all Plaintiffs and any H-2A workers, who worked for you in your potato harvest and/or packing house in 2003. For each such person identified, please provide:

a.    their name, address, phone number, job title, and rate of pay;
b.    the dates worked;
c.    the types of work or tasks performed;
d.    the locations where each type of work was performed; and
e.    the date and location of their recruitment.

**RESPONSE:**

Defendant objects to the extent this request is vague, overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence. Defendant object to the extent this request would invade the personal privacy and Constitutional privileges of individuals who are not parties to this suit. Only five persons who contacted Frenchman Valley through the Texas Workforce Development appeared and were hired. On those, only three actually reported for work on July 18. Please also see payroll journal being produced contemporaneously herewith.

Subject to the foregoing and without waiving same, jobs were as described in the job clearance order. All work was performed at the Frenchman Valley Produce, Inc., site, East Highway 6, Imperial, Nebraska. Availability of work was made known and various applicants contacted Frenchman Valley regarding the work. All hiring took place on July 18, 2003.

Defendants adequately responded to this Interrogatory

Interrogatory No. 11 [to Frenchman Valley]

Please identify each person who lived in housing owned or controlled by you in 2003. For each such person identified, please provide:

a.    their name, address, phone number, and job title;

b.    the address of the housing, including unit number;

c.    the dates of occupancy; and

d.    the terms and conditions of the occupancy.

**RESPONSE:**

Defendant objects to the extent this request is vague, overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

In their January 11, 2005 letter to Defendants regarding their discovery dispute, Plaintiffs state that they are seeking this information because, "these individuals [are] potential witness." That stated reason makes clear that Plaintiffs have not utilized the proper vehicle for the discovery sought. Instead, Rule 26 Disclosures are the proper method for obtaining the identity of known potential witnesses. Defendants have already provided Plaintiffs the names and, if known, addresses and telephone numbers of known potential witnesses. *See* FRCP 26(a)(1)(A); *see* Defendants' Initial Disclosures which is attached hereto as Exhibit 11 and is incorporated by reference as if fully set forth herein.

Interrogatory No. 15 [to Tammy May]

Please identify each person you recruited or solicited for employment with Frenchman Valley Produce in 2003 and the state the date, location, and means of such recruitment or solicitation.

**RESPONSE:**

Defendant objects to the use of the terms "recruited" or "solicited" as inappropriate to the fact in this suit and reflects a legal conclusion. Defendant did communicate with persons now identified as Plaintiffs through the Texas workforce Commission located in Brownsville, Texas.

Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, please see the payroll journal which has been produced in this matter, which relates to the 2003 potato harvest and which reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information. Employees identified thereon are identified by number. Of those employees only two were identified through the Texas Workforce Commission. Those individuals were competent in English. They were interviewed with out an

intepreter. They are believed to have come from the McAllen Workforce Commission. Five people identified by Rosalina Zuarte timely reported and completed all paperwork and were hired for work, which commenced on July 18, 2003. These individuals had all of the proper parperwork and knew the proper procedures. Of those five, only three actually reported for work on July 18, 2003, worked for Defendants, and were employed and earned wages. The other two apparently returned to Texas.

The process of looking for employees for the 2003 potato harvest included advertising for workers in Brownsville, Texas. This requirement was imposed by the Department of Labor. As a result of those advertisements and communications with the Texas Workforce Commission, Defendants believed that between 27 and 29 persons from Texas would be appearing on time for work on July 18, 2003. That did not occur. The telephone log of Tammy May produced in this matter reflects communications with potential prospective workers, the majority of whom contacted Defendants through the Texas Workforce Commission.

Defendants adequately responded to this Interrogatory.

Request for Production No. 20 [to Frenchman Valley and 21 to Tammy May]

Please produce all documents which evidence the identity of any worker employed by you at any time from June 2003 to January 2004.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, see response to RFP No. 8 above.

RFP No. 8 [to both]

Please produce all payroll records that you made, obtained, or kept concerning any worker employed by or furnished to you or Frenchman Valley Produce covering the period from June 2003 to January 2004. This includes but is not limited to: check stubs, canceled checks, wage statements, mileage statements,

and any other document showing the basis on which wages were paid, the number of piecework units earned, the number of hours and days worked, the starting and stopping times and the date that work was performed, the total pay period earnings, the specific sums withheld and the purpose of each sum withheld, and the net pay.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, please see payroll journal produced separately in this matter which related to the 2003 potato harvest and which reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information.

Defendants properly responded to this Request.

**D. PLAINTIFFS' REQUEST FOR INFORMATION REGARDING DEFENDANTS' REFUSAL TO HIRE PLAINTIFFS HAS BEEN ADEQUATELY RESPONDED TO AND ANY ADDITIONAL INFORMATION IS UNDULY BURDENSOME AND IRRELEVANT**

Plaintiffs' introductory language to this section oversimplifies and misstates Defendants' position. Defendants maintain that no agreement for employment was ever reached between Plaintiffs and Defendants, or alternatively, if an agreement were found to exist, Plaintiffs breached that agreement by arriving nine hours late for their first day of work. Defendants knew Plaintiffs were going to leave late, and accordingly advised Plaintiffs not to make the journey because they could not arrive in time to fill Defendant's needs.[7] Plaintiffs had ample time to arrange for reliable transportation before the job was set to begin.

---

[7] See Tammy May's Response to Interrogatory No. 10, wherein she stated, "[I] advised Ms. Benavides (an employee at the Texas Workforce Commission) that Plaintiffs would not able to make the lengthy twenty-two hour trip in a timely manner, they would not be able to appear on time, and that they should therefore not make the trip" (parenthetical added). Exhibit 7.

The *Avilia et al. v. A. Sam & Sons, et al.* case that Plaintiffs cite to is not binding on this Court and does not appear to stand for the position for which Plaintiffs cite. Moreover, Defendants have no reasonable way of contraverting it given that Plaintiffs neglected to include a page citation. 856 F. Supp. 763, W.D.N.Y. 1994).

Plaintiffs state that they seek to compel production of documents "that would show how many people were working for Defendants on the date Plaintiffs arrived...who these people were, when they were engaged, when they began to work, and for what period they were hired." Defendants have already provided Plaintiffs relevant payroll records for the period Plaintiffs' potential dates of employment that which reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information. The only other known documents that Plaintiffs can gather are contained in the individual employment files of each of Defendant's employees which show the days and hours work was performed and would be unduly burdensome for Defendants to gather, especially in light of its position on its exemption from the AWPA by reason of the Family Business Exemption.[8] Tammy May, in her Affidavit, estimated that it would take a minimum of 68 hours at a cost of $2,380 plus copying expenses to produce Frenchman Valley's personnel files for the requested relevant periods.[9] Exhibit 1.

Plaintiffs also argue that the items they seek could lead to the discovery of potential witness. However, the records already provided in Defendants' Rule 26 Disclosures show the identity of potential witnesses. See Exhibit 11. Again, Plaintiffs' request is nothing more than an impermissible fishing expedition.

---

[8] Defendants did not have any personnel files on Plaintiffs because Plaintiffs were never hired, or in the alternative, did not appear in a timely manner for work.

[9] The Affidavit considers what Defendant considers to be the relevant time period for this action: July 14, 2003 to October 11, 2003.

Plaintiffs separately listed the discovery requests they are seeking information on with respect to Defendants' alleged refusal to hire Plaintiffs, and accordingly, Defendants will address each separately. For the reasons described herein, Defendants respectfully request that the Court deny Plaintiffs' Motion to compel with respect to the following items:

Interrogatory No. 8 [to Frenchman Valley]

Defendants addressed this Interrogatory in Section A above (regarding "recruitment activities.") That section, referencing Interrogatory No. 8 is incorporated by reference as if fully set forth herein.

Interrogatory No. 11 [to Frenchman Valley]

Defendants addressed this Interrogatory in Section A above (regarding "recruitment activities.") That section, referencing Interrogatory No. 11 is incorporated by reference as if fully set forth herein.

Request for Production No. 8 [to both Defendants]

> Please produce all payroll records that Frenchman Valley Produce made, obtained, or kept concerning any worker employed by or furnished to Frenchman Valley Produce covering the period from June 2003 to January 2004. This includes but is not limited to: check stubs, canceled checks, wage statements, mileage statements, and any other document showing the basis on which wages were paid, the number of piecework units earned, the number of hours and days worked, the total pay period earnings, the specific sums withheld and the purpose of each sum withheld, and the net pay.
> **RESPONSE:**
>
> Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.
>
> Subject to the foregoing and without waiving same, please see attached payroll journal which related to the 2003 potato harvest and which reflects employees

who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information.

Defendants adequately responded to this Interrogatory.

Request for Production No. 14 [to both Defendants]

Please produce a copy of all written work agreements entered into between Frenchman Valley Produce and any worker employed by or furnished to Frenchman Valley Produce in 2003.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see attached documents which include the paperwork completed by the individuals who had interviewed through Rosalinda Zarate with Texas Workforce Development who actually did timely appear and report for work. The paperwork reflects that which would have been presented to Plaintiffs had they appeared for work, and is indicative of the materials provided to other workers as well. The only written "agreements" are the written acknowledgments signed by employees that they have reviewed and agreed to the terms and conditions of the job order, the policy manual and the housing rules. Copies of those forms are also attached.

Defendants adequately responded to this Request.

Request for Production No. 15 [to both Defendants]

Please produce all documents that, for the periods June 2003 to January 2004, reflect on a daily, weekly, or monthly basis the number of workers needed by you or Frenchman Valley Produce, the type of work to be done, and the location in which such work was performed.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Plaintiffs have already been provided, in conjunction with this production, with materials reflecting the demand for labor that was anticipated and used with respect to the 2003 potato harvest. See response to RFP No. 1 and No. 8 [below].

RFP No 1

Please produce all correspondence, written statements, notes of conversations, memoranda, or other documents that in any way relate to the hiring, recruitment, or employment of any Plaintiff by you in 2003 and 2004.

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, attached hereto are copies of the applications and job clearance orders for hiring of H2-A workers in 2003. Also attached is a telephone log reflecting communications with various individuals relating to that application process and to the hiring of individuals to work in the 2003 potato harvest. See also attached written communications between Defendant and the Department of Labor.

RFP No 8

Please produce all payroll records that you made, obtained, or kept concerning any worker employed by or furnished to you or Frenchman Valley Produce covering the period from June 2003 to January 2004. This includes but is not limited to: check stubs, canceled checks, wage statements, mileage statements, and any other document showing the basis on which wages were paid, the number of piecework units earned, the number of hours and days worked, the starting and stopping times and the date that work was performed, the total pay period earnings, the specific sums withheld and the purpose of each sum withheld, and the net pay.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, please see payroll journal produced separately in this matter which related to the 2003 potato harvest and which reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information.

Defendants adequately responded to this Request. Plaintiffs' stated reason for seeking this information is to inquire into the absence of work. Plaintiffs, however, have not pleaded "the absence of work" nor have they given any indication that they intend to assert this as a reason for not hiring Plaintiffs. As such, any inquiry into this is irrelevant. Defendants discuss their position on relevance above and expressly incorporate that section below by reference as if fully set forth herein.

Request for Production No. 20 [to Frenchman Valley Produce, Inc. and 21 to Tammy May]

Defendants addressed this Request in Section A above (regarding "recruitment activities.") That section, referencing Production No. 20 [to Frenchman Valley and 21 to Tammy May] is incorporated by reference as if fully set forth herein.

Request for Production 21 [to Frenchman Valley Product and 22 to Tammy May]

Please produce all documents which evidence the amount of work performed by each worker employed by you at any time from June 2003 to January 2004.

**RESPONSE:**

Defendant objects that this request is overbroad and unduly burdensome and constitutes nothing more than an impermissible fishing expedition. Defendant objects that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, see response to RFP No. 8 above.

RFP No. 8

Please produce all payroll records that Frenchman Valley Produce made, obtained, or kept concerning any worker employed by or furnished to Frenchman

Valley Produce covering the period from June 2003 to January 2004. This includes but is not limited to: check stubs, canceled checks, wage statements, mileage statements, and any other document showing the basis on which wages were paid, the number of piecework units earned, the number of hours and days worked, the total pay period earnings, the specific sums withheld and the purpose of each sum withheld, and the net pay.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, please see attached payroll journal which related to the 2003 potato harvest and which reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information.

Defendants adequately responded to this Request.

## C. THERE IS NO REQUIREMENT THAT DEFENDANTS STATE WHETHER OR NOT "ALL RESPONSIVE DOCUMENTS HAVE BEEN PROVIDED"

Plaintiffs request that the Court compel Defendants to state whether or not "all responsive documents have been provided" in their Responses to Requests Nos. 2-8, 10, 16, 19 for both Tammy May and Frenchman Valley. However, Plaintiffs have failed to cite any authority indicating that Defendants are so required to state whether or not "all responsive documents have been provided." Defendants are well aware of the supplementation requirements of the Federal Rules of Civil Procedure, and should any responsive documents be discovered, Defendants will supplement as required. Plaintiffs did not argue that Defendants' responses are evasive or incomplete. *See* F.R.C.P. 37(a). Nor have Plaintiffs described any good cause or extenuating circumstances justifying any expansion of the Federal Rules of Civil Procedure. *See Thompson v.*

*HUD*, 199 F.R.D. 168, 172 (D. Md. 2001) (stating scope of discovery and requirement of good cause for expanding scope). Accordingly, no expansion is warranted.

**D. PRIVACY RIGHTS OF THIRD PARTIES SHOULD BE RESPECTED**

In Plaintiffs' Motion To Compel, Plaintiffs request that the Court compel Defendants to state "whether or not all responsive documents have been provided" to Requests for Production Nos. 2-8, 10, 16, 19, and 23-24 for Frenchman Valley and Request for Production Nos. 2-8, 10, 16, 19, and 23-24 for Tammy May. Again, Plaintiffs cite to the need to discover potential witnesses as a valid reason for violating the privacy rights of third-parties to this lawsuit.

In *Cook v. Yellow Freight Systems, Inc.*, a case cited by Plaintiffs in support of their position with respect to the privacy of non-party employees, the Court noted that the court will balance each party's respective interests in discovering the names and addresses of employees. 132 F.R.D. 548, 551. The Court further noted that, "Individuals have a privacy interest in not having their names and addresses disclosed." *Id.* at 551-552, citing *Breed v. U.S. Dist. Court for Northern Dist. of California*, 542 F.2d 1114 at 116 (9th Cir. 1976); *Heights Community Congress v. Veterans Administration*, 732 F.2d 526, 529-30 (6th Cir. 1984, cert. denied, 469 U.S. 1034 (1984). "…[T]he initiation of a law suit does not, by itself, grant plaintiffs the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose. *Cook* at 551.

At the present position of this case, it is premature to allow Plaintiffs "unchecked" access into the private information and affairs of uninvolved and uninterested third party employees. *See Id.* The prudent balance in this case between

Plaintiffs' needs and Defendants' concern for the undeniable privacy rights of third parties is to await the Court's decision as to the applicability of the AWPA. The names of any third-party employees are not central to Plaintiffs' claims against Defendants. Furthermore, Frenchman Valley owes its former employees a duty of privacy that it takes very seriously. *See* Tammy May's Affidavit, Exhibit 1. The filing of this lawsuit and service of accompanying discovery requests do not automatically give Plaintiffs the right to go through the private affairs of third party employees.

The second case Plaintiffs cite in support of their request to invade the privacy rights of third-parties is a case involving discovery in an age discrimination case where such requested disclosure could reveal the names of potential additional plaintiffs. *See Vivone v. Adme Markets, Inc.,* 105 F.R.D. 65 (E.D. Penn. 1985). It is not apparent from any of the pleadings thus far that Plaintiffs intend to locate and add additional plaintiffs. Accordingly, the *Vivone case* is not relevant to this matter.

For the reasons stated herein above, Defendants respectfully request that the Court deny Plaintiffs' Motion to Compel with respect to the information protecting third parties' privacy rights. Alternatively, and without waving Defendants' objection, should the court compel production of the information sought, Defendants respectfully request that the Court issue such protection orders as the Court deems just and necessary protect the personal information of third-parties.

## 4. REQUESTED RELIEF

WHEREFORE, Defendants respectfully request that this Court issue an order granting the following relief pursuant to the above referenced case law and rules:

a. Deny Plaintiffs' Motion to Compel in its entirety;

b.  In the alternative, if the Court does compel Defendants to produce some of the requested information, Defendants respectfully request the Court grants only these requests necessary for the needs of the case;

c.  Protect the personal information of third-parties as it sees appropriate;

d.  Alternatively, and without waver of Defendants' objections to production, reimburse Defendants for the reasonable expenses incurred in copying compelled items;

e.  Such further relief as this Court decrees just and necessary.

Respectfully submitted,

*Mark Ralls w/p NH*

N. Mark Ralls
State Bar No. 16489200
Federal Bar No. 24392

Harvey Ferguson, Jr.
State Bar No. 06913500
Federal ID No. 8417

**Gonzales Hoblit Ferguson, LLP**
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, Texas 78250
(210) 224-9991 (Telephone)
(210) 226-1544 (Facsimile)

ATTORNEYS FOR DEFENDANTS FRENCHMAN VALLEY PRODUCE, INC. AND TAMMY MAY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 25th of March, 2005, a true and correct copy of the foregoing instrument was forwarded to all counsel of record, as follows:

Nathaniel Norton
Jennifer Smith
Rodolfo D. Sanchez
300 South Texas
Weslaco, TX 78596
*Via Certified Mail/RRR*

_N. Mark Ralls_