# EXHIBIT 5

# GONZALES HOBLIT FERGUSON

*A Limited Liability Partnership*

ATTORNEYS AT LAW

| | | |
|---|---|---|
| RUDY GONZALES, JR.* | ONE RIVERWALK PLACE | JOAQUIN CASTRO |
| R. CLAY HOBLIT* | 700 N. ST. MARY'S STREET, SUITE 1800 | JULIAN CASTRO |
| HARVEY FERGUSON, JR. | SAN ANTONIO, TEXAS 78205 | ROBERTA S. DOHSE |
| STEPHEN R. DARLING | | ROBERT A. EWERT |
| GARY E. RAMIREZ | (210) 224-9991 Voice | SHANNON C. FRANCIS |
| THOMAS A. COWEN* | (210) 226-1544 Facsimile | NICOLYN GARZA HARRIS |
| NATHAN MARK RALLS* | | MARCY HERNANDEZ |
| CARLOS I. URESTI | | MICHAEL D. HUDLOW, JR. |
| CATHERINE D. TOBIN | | JENNIFER INGRAM |
| | CORPUS CHRISTI OFFICE | SCOTT LAYH |
| *Board Certified in Personal Injury Trial Law | (361) 888-9392 Voice | BENJAMIN C. NICHOLS |
| Texas Board of Legal Specialization | (361) 888-9187 Facsimile | PATRICK J. O'HARE |
| | | TAMMI ROESCH |
| | | ROXANA I. STEVENS |
| ROSS P. BROOKS | | AMANDA N. STRICKLAND |
| SCOTT A. CARLSON | | SCOTT M. TSCHIRHART |

February 1, 2005

*Via Facsimile: (956) 968-8823; and*
*Certified mail/return receipt requested*
Ms. Jennifer Smith
Texas RioGrande Legal Aid, Inc.
300 South Texas Blvd.
Weslaco, TX 78596

Re:    Civil Action No. B-04-122; *Ruben Alvarez-Carillo, et al vs. Frenchman Valley
       Produce, Inc., et al*; United States District Court, Southern District of Texas,
       Brownsville Division

Dear Ms. Smith:

This letter is in response to your January 11, 2005 letter regarding our responses and objections
to Plaintiffs' first sets of interrogatories, request for admissions, and requests for production of
documents. Hopefully my response will address your concerns. However, if there are still
responses and objections to which you remain unsatisfied, please feel free to call me so that we
may discuss the matter further.

I have organized my letter to follow the format of your January 11, 2005 letter. With regard to
the items you addressed that we intend to supplement, we would ask that you allow a reasonable
time for us to supplement our responses. We agree to tender our supplemental responses to you
within 30 days from the date of this letter.

As you may be aware, Robert Dohse, the attorney at our firm who was handling this case, has
recently left the firm. As I am new to the file, I would appreciate your understanding while I am
in the process of familiarizing myself with the case.

## A. INITIAL MATTERS

### 1. "GENERAL OBJECTION"

We intend to stand on our "general objection" that we are exempt from the requirements of the Migrant Seasonal Agricultural Workers Protection Act ("AWPA") as set forth in 29 U.S.C. § 1803(a)(1). We have attached to this letter, as Exhibit 1, the U.S. Department of Labor's ("DOL") investigation into Frenchman Valley Produce, Inc's ("Frenchman Valley") AWPA Family Business Exemption status. The DOL found that:

> **"The family business exemption is applicable** during [7/14/03 through 9/21/04] because *no one other than Mr. & Mrs. May performed any of the six named* MSPA activities[1]" (emphasis added).

Admittedly, Defendants have not yet plead this affirmative defense. However, this information was only recently obtained, and Defendants will timely seek to amend their Answer accordingly. We will soon contact you via telephone to conference regarding this amendment.

### 2. "LIST OF REPETITIVE OBJECTIONS"

You cited countless instances where you allege we responded "with lists of repetitive objections without specifically stating how each objection raised relates to the discovery request." This is simply untrue. For brevity, each issue you *specifically* raise in your letter will be addressed below. Furthermore, for the sake of argument, supposing that Defendant did make impermissible blanket objections, a court may allow a responsive party to make a more complete response. *Harrison v. U.S.*, 121 F.R.D. 652, 655 (W.D.N.C. 1988).

### 3. "RELEVANCE"

The section of your letter, beginning on page two dealing with relevance is correct with respect to the purpose of the Federal Rules. However, your description is incomplete. The 2000 amendments to FRCP 26 narrowed the scope of permissible discovery. *Thompson v. Department of Hous. & Urban Dev.*, 199 F.R.D. 168, 171 (D. Md. 2001). There are limits to the scope of discovery, and a request for information that has no conceivable bearing on the case will usually be disallowed. *Food Lion, Inc. v. United Food & Commercial Workers Int'l Un.*, 103 F.3d 1007, 1012-12 (D.C. Cir. 1997); *see Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter # 2*, 197 F.3d 922 (8th Cir. 1999). Furthermore, the 2000 amendments to Rule 26(b) narrowed the scope of party-controlled discovery to matters "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).

---

[1] The "six named MSPA activities come from the definition of "agricultural employer" as it is defined in 29 USC §1802(2). They are: recruiting, soliciting, hiring, employing, furnishing, or transporting any migrant or seasonal agricultural worker.

The term "relevant" is not defined in Rule 26 of the Fed. R. Civ. P.  We must look to case law to shape what is and is not relevant.  It is well established that discoverable information must bear on issues in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-354 (1978).

With respect to all of the issues you raised in your letter regarding our objections based on relevance, we intend to stand on our asserted objections.  The information you requested in each instance we objected on relevance grounds did not bear on issues in the case.  Ultimately, whether what you have asked for is "relevant" or not for discovery purposes is a fact-specific inquiry and is left to the discretion of the district court. *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (trial court has power to restrict discovery when justice requires protection from annoyance, embarrassment, oppression, or undue burden or expense).

### 4.    "OBJECTED AND THEN FAILED TO PROVIDE A RESPONSE"

Defendant is unable to determine with any reasonably particularity which responses you are referring to because you did not provide any specific references to any responses to which you have an issue.  To Defendant's knowledge, we answered all discovery requests properly in this regard.  Please specify which responses you are referring to, so that we may attempt to come to some resolution to satisfy your concerns.

### 5.    "PREMATURE"

This objection is meant to convey exactly what it stated in our responses that you cited, that Defendant, "objects *to the extent* this request is premature, insomuch as discovery is in its early infancy.  [These] *response[s] will be supplemented* as may be appropriate"  (emphasis added).  Defendant objected on this basis because Defendant wanted Plaintiff to be clear that responsive materials may be later-identified and/or discovered, and at such time, if this occurs, Defendant will supplement as appropriate.  This objection simply was calling Plaintiff's attention to this possibility.  Defendant intends to stand on this objection.  Note that each time after stating this objection, defendant responded "subject to the foregoing and without waiving same."  Defendant did in fact respond properly to Plaintiff's requests. Defendant intends to stand on this objection for the reasons stated herein above.

## B.  RESPONSES TO REQUESTS FOR ADMISSIONS

### Responses to Requests 17 through 22 for both Defendants

We concede that the information requested in these Admissions would be relevant *if* Defendant was subject to AWPA at the time of any alleged violation.  However, since it is Defendant's contention that AWPA does not apply due to the Family Business Exemption, any discovery relating to AWPA is irrelevant, not calculated to lead to the discovery of admissible evidence and intended solely to harass Defendant.  As noted above, we have attached the DOL's findings to this effect and we intend to seek leave of the Court to amend our pleadings accordingly.  Also note that although we made objections to Requests 17 through 22, we answered "subject to this objection." In other words, we responded to the Request as fully as able given our position that AWPA is inapplicable.

## 1. TO FRENCHMAN VALLEY PRODUCE

**Requests 25-37**

Please refer to the relevance section above which is incorporated herein by reference. Defendant maintains that Request for Admissions 25 though 37 are irrelevant. §101(a)(15)(H)(ii)(a) of the Immigration and Nationality Act describes "H-2A" workers. Besides mentioning the Immigration and Nationality Act in Plaintiff's "fact section" of its pleadings, Plaintiff has not plead or otherwise asserted that Defendants violated any provisions of the Immigration and Nationality Act. Furthermore, the only act Plaintiff has alleged that Defendant violated is the AWPA, which Defendant maintains does not apply for the reasons detailed above. Therefore, Defendant intends to stand on its objections to Request for Admissions 25 through 37 to Frenchman Valley Produce.

**Requests 37-38**

Defendant maintains that these Requests are unclear on their face. Defendant is not required to search through vast amounts of information to determine what these Requests were referring to. The Request placed an undue burden on Defendant to determine what Plaintiff was asking for. And, the Request failed to provide a definition for the occupation title and code identified in the Request. However, now that Plaintiff has provided Defendant with a reasonable indication as to what these Requests are asking for, Defendant agrees to supplement their Responses in a timely manner as required by the Federal Rules of Civil Procedure.

## 2. TO TAMMY MAY

Defendant maintains that its response to Requests 25 through 29 are clear, and as such do not require clarification. A denial must be specific and must "fairly meet the substance of the requested admission." Fed.R.Civ.P. 36(a). When a party requests admission of an issue genuinely in dispute, the word "denied" is ordinarily sufficient to deny the request. *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir.1988). When good faith requires a party to qualify an answer or deny only part of the request, the party should admit as much as is true and qualify or deny the remainder. Fed.R.Civ.P. 36(a); *see Apex Oil Co. v. Belcher Co.*, 855 F.2d 1009, 1015 (2d Cir. 1988). Defendant responded as required by the rules, and intends to stand on its response to Requests 25 through 29. Good faith required Defendant to answer as it did. Furthermore, much of Defendant's response will be moot once Plaintiff's AWPA claim is disposed of.

## C. RESPONSES TO INTERROGATORIES

As to Plaintiff's general issues raised with Defendant's response to Interrogatories, Defendant intends to stand on its objections asserted in all of its Responses to Interrogatories. Furthermore, Defendant sufficiently answered all of Plaintiff's Interrogatories—any objections were appropriately asserted and were then followed by responses which were made expressly subject to stated objections.

Plaintiff raised specific issues with many of Defendant's responses which are addressed below.

### 1. TO FRENCHMAN VALLEY

**Interrogatory No. 1**

It is unreasonable for Plaintiff to request that Defendant "list and describe" "in detail" "every document." All relevant documents were listed and described in Defendant's Response. All that is required of Defendant is that it answers an Interrogatory by furnishing all discovery information requested. *Martin v. Brown*, 151 F.R.D. 580, 593-94 (W.D. Pa. 1993) (party answering must promptly furnish responsive information available through reasonable efforts). Defendant intends to stand on it's objection based on relevancy. Defendant also intends to stand on it objection based on the vagueness and over breadth of this request.

After duly considering Plaintiff's concerns regarding this Interrogatory, Defendant agrees to withdraw the following objections: "It is not possible for this Defendant to state each fact upon which Defendant will rely at trial;" "Furthermore, the Federal Rules of Civil Procedure do not require a party to state "with specificity" or "in detail" all information which may be known;" Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial;" "Defendant objects to the extent this request is premature, insomuch as discovery is in its infancy."

Defendant responded to Plaintiff's request in the manner that it did in order to leave open that possibility that through due diligence, other documents could be discovered that are applicable and relevant to this request. If this occurs, such documents would be supplemented in accordance with the Federal Rules of Civil Procedure.

**Interrogatory No. 4**

Defendant maintains that it responded appropriately to this Interrogatory. Defendant stands by its objections made in this Interrogatory, particularly that this request is vague and overbroad. Plaintiff did not state with the requisite specificity whether it intended this question to apply to both H-2A and non-H-2A agricultural workers. It is improper for Plaintiff now to attempt to secure additional Interrogatories through the guise of asking for a clarification in a discovery response dispute.

**Interrogatory No. 8**

Defendant adequately responded to this Interrogatory and intends to stand on its Response. Defendant again refers Plaintiff to the payroll journal produced contemporaneously with Defendant's discovery Reponses. The payroll journal, which relates to the 2003 potato harvest, reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information.

**Interrogatory No. 10**

Defendant maintains its objections, and again refers Plaintiff to the Job Clearance Order and all attachments thereto which was produced contemporaneously with its discovery responses. Subject to its asserted objections, Defendant agrees that information related to housing is relevant to Plaintiff's breach of contract claim, which is why Defendant referred Plaintiff to said materials. Defendant maintains that its stated reference to the Job Clearance Order was sufficient to reference a description of the type of housing that was available at or near the job site during the 2003 season. There are no other known responsive documents at this time to which Defendant can refer Plaintiff.

**Interrogatory No. 11**

Defendant intends to stands on its objections and response asserted in this Interrogatory. Please refer to the "Relevance" section listed herein above which is incorporated by reference.

**Interrogatory No. 15**

Defendant intends to stands on its objections and response asserted in this Interrogatory. Defendant maintains that it adequate explained why "positive recruitment" was inapplicable.

**Interrogatory No. 20**

Defendant refers Plaintiff to Defendant's Response to your concerns about Interrogatory No. 8 addressed herein above. Defendant asserts that this information is sufficient.

2. **TO TAMMIE MAY**

**Interrogatories Nos. 1 and 4**

Defendant refers Plaintiff to Defendant's responses to Plaintiff's concerns about Interrogatives Nos. 1 and 4 listed herein above in the "To Frenchman Valley" section.

**Interrogatory No. 15**

Given that the DOL already has determined that Defendant is entitled to the Family Business Exemption, Defendant intends to stand on its objections and response asserted in this Interrogatory. Please see Exhibit 1 for the DOL's findings regarding the Family Business Exemption. Please refer to the "Relevance" section listed herein above which is incorporated by reference.

**D. RESPONSES TO REQUESTS FOR PRODUCTION**

Defendant maintains that with regard to your general comments concerning our responses to Requests for Production, Defendant responded appropriately. We agree to abide by the requirements for supplementation contained in the Federal Rules of Civil Procedure.

### 1. TO FRENCHMAN VALLEY PRODUCE

**Request for Production ("RFP") No. 7**

Defendant stands on its objections asserted in its Response to RFP No. 7. No personnel files were compiled for any Plaintiff because none of them were ever an employee of Defendant. Defendant objected on vagueness, over breadth, and burdensome grounds, in part, because Plaintiff did not provide a definition of "employment records." If Plaintiff is willing to define "employment records," Defendant will attempt to answer Plaintiff's clarified Request accordingly.

**RFP No. 8**

Defendant intends to stand on its objections and response to this Request. Defendant would also remind Plaintiff that discovery is in its infancy, and if relevant discoverable information is found, Defendant will supplement accordingly as required by the Federal Rules of Civil Procedure.

**RFP No. 14**

Defendant stands on its objections asserted in its Response to RFP No. 14.

**RFP No. 15**

Defendant stands on its objections asserted in its Response to RFP No. 15. Defendant provided all discoverable documents in its Response.

**RFP No. 18**

As to 2001, Defendant will supplement. Otherwise, Defendant intends to stand on its objections and responses to this Request.

**RFP No. 20**

Defendant adequately responded to this Request and intends to stand on its Response. Defendant again refers Plaintiff to the payroll journal produced contemporaneously with Defendant's discovery Reponses. The payroll journal, which relates to the 2003 potato harvest, reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information.

**RFP No. 21**

Defendant adequately responded to this Request and intends to stand on its Response. Defendant again refers Plaintiff to the payroll journal produced contemporaneously with Defendant's discovery Responses. The payroll journal, which relates to the 2003 potato harvest, reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information.

### 2. TO TAMMY MAY

Plaintiff has correctly noted that Tammy May's responses and objections to Requests 7, 8, 14, and 15 are the same as Frenchman Valley's responses to Requests 7, 8, 14, and 15. Please refer to Defendant's responses herein above addressing Plaintiff's concerns regarding Frenchman Valley's responses to Request 7, 8, 14, and 15 for Defendant's corresponding responses to Plaintiff's concerns regarding Tammy May's Responses. Similarly, Plaintiff has correctly noted that Tammy May's responses to Request 18, 21, and 22 are the same as Frenchman Valley Produce's responses to Requests 18, 20, and 21. Please refer to Defendant's responses herein above addressing Plaintiff's concerns regarding Frenchman Valley's responses to Requests 18, 21 and 22 for Defendants corresponding responses to Plaintiff's concerns regarding Tammy May's Responses.

### RFP 8

Defendant intends to stand on its objections and response asserted in this Interrogatory.

### E. CONCLUSION

I hope our exchange of letters has resolved some, if not all, of your concerns addressed in you letter dated January 11, 2005. Please feel free to contact me if you would like to discuss the matter further.

Sincerely,

Harvey Ferguson, Jr.
State Bar. No. 06913500
Fed. ID No. 8417
N. Mark Ralls
State Bar. No. 16489200
Fed. ID No. 24392

# EXHIBIT 1

**U.S. Department of Labor**

Employment Standards Administration
Wage & Hour Division
230 S. Dearborn St., Rm. 530
Chicago, IL 60604



Reply to the attention of: JLK

CERTIFIED MAIL # 7001 2510 0002 5582 2840

January 5, 2005

Ms. Roberta S. Dohse
Gonzales Hoblit Ferguson, LLP
Attorneys at Law
Frost Bank Plaza
802 North Carancahua, Suite 2000
Corpus Christi, Texas 78470

SUBJ: Freedom of Information Act Request (FOIA)
       Frenchman Valley Produce, Inc

Dear Ms. Dohse:

This is in reply to your request for information received in letter form in this office on Monday,
December 6, 2004. Your request, dated December 3, 2004, was addressed to US Department of
Labor, Wage and Hour Division, 111 South 18th Plaza, Suite 2238, Omaha, NE 68102-1321.
You requested ". .
by the Departmen
2000, and 2001 .

In response to your "information" request I have concluded that only part of the data you
requested can be disclosed under the Freedom of Information Act. That data is enclosed and
identified as follows:

                    **Frenchman Valley Produce, Inc**
                    **P.O. Box 879**
                    **Imperial, NE  69033**


       1-2     Copy of WHISARD Compliance Action Report, dated 10/29/2004

       3-14    Copy of MSPA,               narrative reports

Pursuant to Exemption 5 of the Freedom of Information Act, which permits the withholding of opinions, advice, recommendations, or other policy-making process preceding the issuance of a final agency determination were deleted. Furthermore, commercial and financial information regarding the employer has been deleted pursuant to Exemption 4.

The remaining information is exempt pursuant to Exemption 7 of the Act, because it is contained in an investigation file compiled for law enforcement purposes which:

        (C)      Authorizes the withholding of names and details of personal information related to various individuals which, if disclosed to the public, could reasonably be expected to constitute an unwarranted invasion of personal privacy.

Sincerely,

Timothy J. Reardon
Regional Administrator
Wage and Hour Division

Enclosures

Frenchman Valley Produce, Inc.
Local # 2004 180 04844
WHISARD # 1371926

## MSPA Narrative

Frenchman Valley Produce, Inc.
P.O. Box 879
Imperial, Nebraska 69033
(308) 882-4243

### COVERAGE

Subject employers, husband and wife, Tim and Tammy May, own and operate a potato packing shed operation which encompasses approximately 32 acres plus they lease approximately 1800 acres that the potatoes are grown on███████████ During the agricultural season of 2003 and 2004, subject employers solicited█████████ recruited, hired and employed seasonal and migrant agricultural workers. Therefore, by definition, Mr. & Mrs. May are agricultural employers (AGERs) within the meaning of Section 3(2) of the Migrant and Seasonal Agricultural Worker Protection Act as Amended (MSPA).          **EXEMPTION 5**

In addition, subject employers are a housing provider (HP). As of the date of the initial conference (IC) on September 21, 2004, there were approximately 20 people living in the employer provided housing███████████ The housing was inspected and certified by ████ ████ of Nebraska Workforce Development McCook, NE office███████ Therefore, by employer does not house family groups, only workers██████████ Therefore, by definition, all of the individuals residing in the employer provided housing are migrant workers.

Given that subject employers engaged in four of the six named MSPA activities and they are a HP, MSPA coverage is asserted for the period of time that that encompassed the 2003 agricultural season, beginning July 14, 2003 through the date of the IC. Thus, the investigative period is from 7/14/03 through 9/21/04.

### Joint Employment

During the investigative period subject employers did not utilize the services of a farm labor contractor. Hence, there was no joint employment. Subject AGERs are the sole employers.

**EXEMPTION 7(C)**

**EXEMPTION 7(C)** *(left margin, vertical)*

Frenchman Valley Produce, Inc.
Local # 2004 180 04844
WHISARD # 1371926

**EXEMPTIONS      Persons not subject to MSPA**
4(a)1   Applicable
The family business exemption is applicable during the entire investigative period because no
one other than Mr. & Mrs. May performed any of the six named MSPA activities. ███████████
who is the lead agricultural specialist at the National Office of U.S. Department of Labor, Wage
Hour Division, participated in and concurred with this determination.

As part of this compliance action, the MSPA complaint of ██████████████ and ███████████
husband and wife, taken by the Texas Workforce Commission and forwarded to the U.S.
Department of Labor (US DOL), Wage and Hour Division (WHD), Omaha, Nebraska (NE) Area
Office (AO) was investigated. ████████ and ████████ migrated to Nebraska from Texas
after speaking to ██████████████████████ who had approached Tim May to request that he hire ███
█████████████████████████████████████████ were interviewed ████
█████████████████ by █████████████████████ who speaks Spanish fluently.  This matter
was queried in the written statement of AGER, Tim May████████████████████ taken by WHI
███████████ In addition, other employees of the firm were interviewed ████████████████
and employer's records were reviewed and copied ████████████████ as part of the fact
finding process pertaining to this complaint.

**EXEMPTION 5**

EXEMPTION 7(C)

EXEMPTION 7(C) ▇▇▇hman Valley Produce, Inc.
Local # 2004 180 04844
WHISARD # 1371926

Based upon a thorough analysis of all of the relevant facts, the family business exemption is not deemed to be inapplicable due to ▇▇▇▇▇▇ referral of ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ r. May did not request, instruct or delegate to ▇▇▇▇▇▇▇▇ to solicit or recruit ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

## EXEMPTION 5

In the 2003, the AGERs participated in the H-2A program and as part of this program they were required to post the job offer nationwide with State Employment Security Agency (SESA). In addition, the AGERs have a standing implicit understanding with the local SESA, the Nebraska Workforce Development office in McCook, NE to refer workers. Per the US DOL WHD Field Operation Handbook (FOH) Chapter 57a8(d), "An employer whose activities are otherwise exempt under section 4(a)(1) does not lose the exemption by using the services of a local SESA office to obtain workers." Therefore, even though in 2003 the AGERs obtained workers from the SESA in Texas▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ the family business exemption is still deemed to be applicable during the entire investigative period.

## EXEMPTION 5

4(a)(2)        Inapplicable.
Based on an extrapolation from Mr. May's statement ▇▇▇▇▇▇▇▇▇▇▇▇▇ during the 3rd calendar quarter 2003, AGERs exceeded 500 man-days. The math is as follows: 65 workers x 6 days a week x 10 weeks = 6,500 man-days. According to Mr. May, the 3rd quarter is the busiest calendar quarter and therefore that is when they employ the most employees. In 2003, they began operation of potato processing on July 18, 2003.

4(a)(3)(A)    Inapplicable. AGER is not a common carrier.
4(a)(3)(B)    Inapplicable. AGER is not a labor organization.
4(a)(3)(C)    Inapplicable. AGER is not a charitable organization.
4(a)(3)(D)    Inapplicable. AGER employed agricultural workers for more than 13 weeks.
4(a)(3)(E)    Inapplicable. AGER is not a custom combine operation.
4(a)(3)(F)    Inapplicable. AGER is not a poultry operation.
4(a)(3)(G)    Inapplicable. AGER and workers' principle occupation is agriculture.
4(a)(3)(H)    Inapplicable. AGER does not grow shade tobacco.
4(a)(3)(I)    Inapplicable. AGER is not an employee of persons described in A through H.

4(b)          Applicable.
By definition, Mr. & Mrs. May are an AGER, and therefore Title I of the Act does not apply.

## STATUS OF COMPLIANCE
### Complaint Data
This compliance action was set-up as a directed case as part of the national recidivism survey in agriculture during fiscal year 2004. Subsequent to this case file being set up, a MSPA complaint was forwarded to the Omaha AO as discussed above. There was no specific indication as to which MSPA standard was allegedly violated. However, on Form EEO-13 completed by Texas Workforce Development Specialist▇▇▇▇▇▇▇▇▇▇item 13 pertaining to allegations of discrimination, an "X" appears next to the words "Reprisal/Retaliation". This allegation of discrimination is unsubstantiated for it did not meet the criteria set forth in Section 505.

## EXEMPTION 7(C)

Frenchman Valley Produce, Inc.
Local # 2004 180 04844
WHISARD # 1371926

**EXEMPTION 7(C)**

None of the individuals cited in the complaint were employees in 2004 ████████. The employer's explanation for the reason these individuals were not hired was due to their poor work history ████████ when they had worked for subject enterprise in 2001 and that they were aware of this reason because they had been expressly told so in 2004 ████████ ████████ Mr. May also said that ████████████ have called in 2002 and maybe 2003 to ask if we'd hire them and Tammy (May) said no."

Given that AGERs are persons not subject to the Act, no determination of compliance was made.

AGERs are housing providers. The housing consists of two buildings, one built in 1984 and the second in 1986. Both were designed and built in accordance with US DOL OSHA specifications. The maximum occupancy for both buildings is 52 people ████████

The housing was inspected and certified to meet all safety and health standards by ████ of the Nebraska Workforce Development office in McCook, NE ████████ On 9/21/04, ████████ and ████████ conducted a walk-through housing inspection. No apparent housing or safety violations were observed. In addition, during the housing inspection ████████ spoke in Spanish to the occupants and none reported any problems or concerns.

**DISPOSITION**
On October 8, 2004, a telephonic final conference (FC) was held with AGER, Tim May, and ████████████ notified Mr. May that in the 2003 and 2004 season they were deemed as persons not subject to the Act under the family business exemption. ████████ explained to Mr. May criteria of this exemption. Mr. May conveyed that even though exempt they were in compliance with the requirements of the law (MSPA) and would continue to do so.

Recommendation
████████████████

**EXEMPTION 5**

Lead Investigator
October 26, 2004

**EXEMPTION 7(C)**

# EXHIBIT 6

LAW OFFICE OF
# TEXAS RIOGRANDE LEGAL AID, INC.
**WESLACO**
300 SOUTH TEXAS BLVD
WESLACO, TX 78596
TELEPHONE (956) 968-6574 TOLL FREE (800) 369-0574
FAX (956) 968-8823

**LSC**

Via Fax and CM/RRR

February 18, 2005

Harvey Ferguson, Jr.                    ***Via CM/RRR#: 7002 2030 0005 5870 6289***
Gonzalez Hoblit Ferguson, L.L.P.
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, TX 78205

     Re:    Alvarez-Carillo et al. v Frenchman Valley Produce, Inc. and Tammy May

Dear Mr. Ferguson:

I am responding to your letter of February 1, 2005, which responded to our letter to you concerning the discovery dispute over your clients' responses to written discovery requests submitted to them. Although you agree to supplement some responses by the second day of March, there are several refusals to respond that we will pursue with a motion to compel.

The purpose of this letter is to identify such requests for you so you can either disabuse us of our misunderstanding, in the event all *responsive* documents have already been provided, or reconsider your refusals prior to court intervention. I will not in this letter seek to convince you of the appropriateness of our discovery of this material; we have discussed this back and forth by mail. Should you not understand our position on the pertinence of any of these requests or questions to the discovery of admissible evidence, please call me immediately.

## Frenchman Valley Produce, Inc. and Tammy May

Interrogatory No. 1: Your response is that "all relevant documents were listed and described." We take this mean that of the documents that are *responsive* to this request, those that you believe are *relevant* were described; those you believe are not relevant were not identified or described. We will move to compel a complete response to this interrogatory. If all *responsive* documents have been identified and described, please advise me so we do not waste the Court's and our time.

Interrogatory No. 4: This question was not limited to non-H-2A workers; it covers all workers in the 2003 harvest. We will move to compel a complete response.

Request For Production No. 8: We will move to compel a complete response to this request. In the unlikely event that no documents other than those already provided exist, showing, as one example, the hours worked by each worker on July 18, 2003, the identities

FEB 2 2 2005

2/18/2005
Page 2 of 3

of each of those workers, their addresses or other contact information, and/or when they were hired, and whether such workers were H-2A workers, please advise me immediately.

Request For Production No. 14: We will move to compel a complete response to this request.

Request For Production No. 15: We will move to compel a complete response to this request. Again, we assume that documents responsive to this request are being withheld. Please advise if this is not so.

**Frenchman Valley Produce, Inc.**

Interrogatory No. 8: We will move to compel a complete response to this question.

Interrogatory No. 11: We will move to compel a response to this question.

Request For Production No. 20: We will move to compel a complete response to this request.

Request For Production No. 21: We will move to compel a complete response to this request.

**Tammy May**

Interrogatory No. 15: We will move to compel a complete response to this question.

Request For Production No. 21: We will move to compel a complete response to this request.

Request For Production No. 22: We will move to compel a complete response to this request.

Please note the likelihood that certain documents your client is withholding, such as complete payroll records for the 2003 harvest, are probably responsive to many of the above requests.

Finally, with one exception[1] and despite our previous request, in numerous instances you have still not told us whether you are withholding documents responsive to requests, where you have made objections but then provided certain documents. See, Frenchman Valley Produce's Responses to Requests 2,3,4,5,6,7,8,10,16,19,23,24, and Tammy May's Responses to Requests 2,3,5,6,7,8,10,16,20,23.

Please have your clients state with respect to each of these responses that "No other responsive documents are in the possession of this Defendant at this time." If you do not so

---

[1] In response to RFP No. 18, you properly stated "No other responsive documents are in the possession of this Defendant at this time."

2/18/2005
Page 3 of 3

state, we will assume responsive documents are being withheld and will also move to compel complete responses to these requests.

If clarification is needed or if you are willing to provide some or all of the outstanding responses, please contact me immediately. We will file our motion to compel during the first week in March.

Sincerely,

TEXAS RIOGRANDE LEGAL AID, INC.

Jennifer Smith
Attorney at Law

# EXHIBIT 7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and | § | |
| Juana Hernandez-Vasquez | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. B-04-122 |
| v. | § | |
| | § | |
| Frenchman Valley Produce, Inc. and | § | |
| Tammy May, | § | JURY TRIAL REQUESTED |
| | § | |
| Defendants. | § | |

## DEFENDANT TAMMY MAY'S
## ANSWERS AND OBJECTIONS TO PLAINTIFFS
## FIRST SET OF INTERROGATORIES

TO:     Plaintiffs Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez-Vasquez, by and
through their attorneys of record, Nathaniel Norton, Texas Rural Legal Aid, 300 South
Texas, Weslaco, TX 78596

Pursuant to the provisions of the Federal Texas Rules of Civil Procedure, Defendant
Tammy May, by and through its attorney of record, serves these objections and responses to
Plaintiffs' First Set of Interrogatories to Defendant.

1

Respectfully submitted,

*Harvey Ferguson* (with permission rsd)
Harvey Ferguson, Jr.
State Bar No. 06913500
Federal ID No. 8417

Attorney in Charge Defendants Frenchman
Valley Produce, Inc. and Tammy May

**Gonzales Hoblit Ferguson, LLP**
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, Texas 78250
(210) 224-9991 (Telephone)
(210) 226-1544 (Facsimile)


ATTORNEYS FOR DEFENDANTS FRENCHMAN
VALLEY PRODUCE, INC. AND TAMMY MAY

**OF COUNSEL:**

Rudy Gonzales, Jr.
State Bar No. 08121700
Federal ID No. 1896
Roberta Dohse
State Bar No. 05955400
Federal ID No. 14487
**Gonzales Hoblit Ferguson, LLP**
Frost Bank Plaza
802 N. Carancahua, Suite 2000
Corpus Christi, Texas 78470
(361) 888-9392 (Telephone)
(361) 888-9187 (Facsimile)

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Initial Rule 26 Disclosures has been forwarded in the manner indicated below on this the ___17___ day of November 2004, to all counsel of record as follows:

Nathaniel Norton
Jennifer Smith
Rodolfo D. Sanchez
300 South Texas
Weslaco, TX 78596
*Via Certified Mail/RRR*
*and Via Facsimile:  (956) 968-8823*

Roberta S. Dohse

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and | § | |
| Juana Hernandez-Vasquez | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. B-04-122 |
| v. | § | |
| | § | |
| Frenchman Valley Produce, Inc. and | § | |
| Tammy May, | § | JURY TRIAL REQUESTED |
| | § | |
| Defendants. | § | |

## VERIFICATION

| | |
|---|---|
| STATE OF NEBRASKA | § |
| | § ss. |
| COUNTY OF CHASE | § |

Before me, the undersigned notary, on this day personally appeared Tammy May, known by me to be the person whose name is subscribed to this affidavit, and after being, by me, duly sworn, stated that she is the person identified as a Defendant in the above-entitled and numbered cause, and that the Answers to Plaintiffs' First Set of Interrogatories attached hereto are within her personal knowledge and are true and correct to the best of her knowledge and belief.

_____
Tammy May

SUBSCRIBED AND SWORN TO BEFORE ME on this _17th_ day of November, 2004.

_____
Notary Public, State of Nebraska
My commission expires: 3-25-2007

## INTERROGATORIES

## GENERAL OBJECTION

Defendant objects to all these interrogatories to the extent they seek to inquire into alleged violations under or compliance with the Migrant Seasonal Agricultural Workers Protection Act. It is Defendants' contention that they are exempt from the requirements of the Act as being a family owned business, as set forth in 29 U.S.C. §1803(a)(1).

## INTERROGATORY NO. 1

Please identify and describe in detail every document you made, kept, preserved and/or posted concerning the recruitment, hiring, terms and conditions of employment, labor, earnings, deductions, housing terms and conditions, transportation, rights, benefits and/or termination of all workers, including U.S. and H-2A workers, employed by you to harvest, sort, and/or pack potatoes in 2003.

## RESPONSE:

Defendant objects to the extent this request is vague and overbroad and uduly burdensome, and consitutes nothing more than an impermissible fishing expedition.n It is not possible for this Defendnat to state each fact upon which Defendant will rely at trial. Furthermore, the Federal Rules of Civil Procedure do not require a party to sate "with specififity" or "in detail" all information which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Defendant objects to the extent this request is premature, inas much as discovery is in its infancy.

Subject to the foregoing and with out waiing same, relevant documents include but are not necessarily limited to the following:

    Letter from attorneys forwarding applications for H2-A temporaru labor
    Certification

    ETA 750 application for H2-A temporary labor certification

    ETA 790 clearance order for H2-A temporary labor certification

    Attachments to ETA-790 relating to job specifications and conditions

    Work rules and disciplinary procedures

    ETA-795

    Written communication with Department of Labor, Nebraska Workforce, including
    communication of June 27, 2003, September 22, 2004 and September 24, 2004 phone log

(including notes of communication relating to ETA-795, and relating contacts from various individuals seeking employment, as well as contacts with Department of Labor and various workforce personnel)

Written communicatio with Chris Gonzalez, Chicago office Department of Labor

Copies of communication with Brownsville, Texas *Herald newspaper,* and with Brownsville, Texas radio station KGBT regarding advertisement for availbale jobs.

Application tendered by all individuals hired for the potato harvest in 2003

Payroll joural relating to all individuals hired for the potatoe harvest in 2003

1-9 forms tendered by all individuals hored for the potato harvest in 2003

**INTERROGATORY NO. 2**

Please identify and describe every document you or anyone acting on your behalf provided to any Plaintiff during 2003 and identify the date on which and location where the document was provided to the individual.

**RESPONSE:**

Defendant objects to the estent this request is vague and overborad and unduly hburdensome, and consitutes nothing more than an impermissible fishing expedition. It is not possible for this Defendant to state each document upon which Defendant will rely at trial. Furthermore, the Federal Rules of Civil Procedure do not require a party to describe with specificity or in detail all inforamtion which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Dedendant objects to the extent this request seeks information irrelevant to any isues inthis suit, and not calculated to lead to the discovery of admissible evidence. Defendant objects to the extent this request is premature, inas much as discovery is in its infancy. Defendant objects to the extent this request seeks information not within the possession of control of Defendant.

Subject to the foregoing and without waiving same, no documents were provided by this Defendant directly to any Plaintiffs in this matter. It is believed that relevant documents reflecting the job order and job clearnace order were orovded to Plaintiffs bu personnel at the Texas Workforcer Development office in Brownsville, Texas. Information was initially provided by Defendant to the Department of Labor, who reviewed, investigated and then certified the job clearance order. The Department of Labor then forwarded materials including the job clearance order, its requirements and its attachments to the various workforce offices, including the Texas Workforce office in Brownsville, Texas. Additional information was provided to all workers who appeared timely for work site they were hired.

**INTERROGATORY NO. 3**

If any documents are being withheld from discovery on the basis of a claim of privilege, exemption from discovery or other objection, please furnish the following information for each such document:

a.      description of the document;

b.      date the document was generated;

c.      name(s), address(es) and telephone number(s) of the author(s) of the document;

d.      names, addresses and telephone numbers of any indicated recipients of the document;

e.      name, address and telephone number of every person to whom the document has ever been disclosed, and the dates and circumstances of each such disclosure;

f.      the precise subject matter of the document;

g.      the name, address and telephone number of every person who has custody or control over the document; and

h.      the basis for claiming privilege or exemption from discovery.

**RESPONSE:**

Certain information related to specific identity and social security numbers of other workers employed by Frenchman Valley Produce, Inc. in 2003 are being withheld based upon those persons' Consitutional rights to privacy. No documents have been discussed which fall within attorney-client communcation that may have arisen subsequent to the filing of this suit, and/or attorney work product.

**INTERROGATORY NO. 4**

Please describe in detail your procedure for securing agricultural and or packing house workers during the period 2000 to the present. Please include information relating to: communications with farm labor contractors, the method of recruitment, the employees or farm labor contractors hired or assigned to recruit, the source of the labor pool, the locations where migrant or guest workers have been recruited and the dates on which they have been recruited.

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. It is not possible for this Defendant to state each fact upon which Defendant will reply at trial. Furthermore, the Federal Rules of Civil Procedure do not require a party to state "with specificity" or "in detail" all information which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discoberu of admissible evidence.

Subject to the foregoing and without waiving same, Defendant has not applied for or employed the use of H2-A workers in all the referenced years, In 2003, Defendant didi file applications to be able to hire H2-A workers for the potato harvest, should such become necessary. In 2003, Defendant was also required by the Department of Labor to advertise publicity for workers in two media in the Brownsville, Texas area. Defendant was required to publish a notice in one newspaper, and to provide on ad on one radio station. The newspaper advertisement was published in the *Brownsville Herald newspaper*, Brownsville, Texas. The ad aired on the KGBT radio station which broadcasted to the Brownsville, Texas area. Once all prerequisites were satisfied, all investigations were completed, and all aspects of the applications were approved by satisfied, all investigations were completed, and all aspects of the applications were approved by the Department of Labor, the job clearnace orders issued. The job clearance orders and all attachments were then automatically circulated by the Department of Labor to various Workforce Development agencies throughout the country, including the Texas Wrokforce Development. Defendants engaged in no other recruitment activities. Defendants did not employee the use of any recruiters. No employees or farm labor contractors were assigned to recruitment.

Other domestic workers from th surrounding area that were hired presumably learned of the job by word of mouth. No H2-A workers were ever hired on violation of any tenent of any application law or statue.

**INTERROGATORY NO. 5**

Please describe in detail your position(s) and job duties with Frenchman Valley Produce.

**RESPONSE:**

Defendant Tammy May is an owner. She is involved heavily in office paperwork with respect to managing and tracking shipping of product, receipts on products, and monies paid as related to shipments, etc. She serves principally as a shipping clerk. She assists in overseeing some day to day operations and supervisors in conjunction with her husband Tim May.

**INTERROGATORY NO. 6**

Please list any lawsuits, prosecutions, or administrative agency proceedings in which you have been a party and/or in which you have testified during the last ten years, providing the style, cause number and court or agency in which each action was pending, and briefly describing the

nature of the proceeding.

**RESPONSE:**

Defendant objects to the extent this request is vague, overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, there have been no prosecutions. There have been no lawsuits other than this suit and the one prior suit identified in Plaintiffs' Original Complaint. Defendant has not been a party to any administrative agency proceedings.

**INTERROGATORY NO. 7**

Please describe in detail the role you played in recruiting or hiring the Plaintiffs in 2003, including in this description what documents were provided Plaintiffs, what terms of employment were disclosed to the Plaintiffs, and the identity and authority of the recruiting or hiring agent.

**RESPONSE:**

Defendant objects to the presumptive use of the terms "recruited or hired" in this inquiry. Defendant objects to the presumption that any recruiting or hiring "agent" was used or relied upon by Defendants. Defendant objects to the extent this request overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. It is not possible for this Defendant to state each fact upon which Defendant will rely at trial. Furthermore, the Federal Rules of Civil Procedure do not require a party to state "with specificity" or "in detail" all information which may be known. Defendant also objects to this Interrogatory to the extent it seeks to limit this party's testimony at trial. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Defendant filed applications to be able to hire H2-A workers for the 2003 potato harvest, should such become necessary. Defendant was inspected and approved by the Department of Labor and for 52 workers prior to issuance of the job clearance orders. Defendant also advertised publicly for workers in two media in the Brownsville, Texas area, as required by the Department of Labor. Defendant published an advertisement in one newspaper, the *Brownsville Herald,* and provide an ad on one radio station KGBT. Once its applications were approved, the authorized job clearance orders were automatically circulated by the Department of Labor to various Workforce Development agencies throughout the country, including the Texas Workforce Development. Defendant was subsequently contacted by the Texas Workforce Development, who presented numerous individuals for telephone interviews. Defendant never met any of the individuals directly. Defendant spoke with the individuals through translators, including Susie Benavides and Rosalinda Zarate, employees of the Texas Workforce Development. The conversations consisted

of review of all aspects of the job order, including the nature of the job and its physical requirements, related duties, the various tasks that would be performed, the dates of employment, hourly rate, numbers of hours required per week, date, time, and place to appear for work, and any procedural requirements related to notification of anticipated date and time of arrival. Each applicant was asked to affirm that he or she understood the requirements of the job and the attendant terms. Defendant relied upon Texas Workforce Development personnel Susie Benavides and Rosalinda Zarate to accurately translate the conversation to the individual applicants. The applicants were advised that they would be hired upon appearing timely for work on the designated date at the identified location. Based upon contact with various job applicants, including those presented by the Texas Workforce Development, Defendants anticipated and understood that between 27 to 29 individuals from the area of Brownsville, Texas, including the Plaintiffs in this action, would be reporting for work in Nebraska on the identified date, time and place for Defendant's 2003 potato harvest.

**INTERROGATORY NO. 8**

Please explain in detail how, why and when each Plaintiff's employment was terminated or why employment was not provided to each Plaintiff in 2003.

**RESPONSE:**

Plaintiffs' employment was not "terminated," inasmuch as Plaintiffs were never "hired." One factor in Plaintiffs not being ultimately employed with Defendants was that they did not timely report for work by arriving at the date, time, and location indicated to them. Other factors considered included the legal obligations of Defendants to fulfill the job order on that date by hiring personnel who did timely appear and who were qualified, both under any statutory provisions and physically, to perform the work.

**INTERROGATORY NO. 9**

Please identify every business, farm, ranch, warehouse, processing establishment, packing shed, grower association or cooperative which you owned, managed, directed, worked for, contracted with, or participated in or with at any time during 2003 and describe the form in which each enterprise was organized, and the precise relationship you had with it.

**RESPONSE:**

Defendant objects to the extent this request is vague, overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, none other than Frenchman Valley Produce, Inc.

**INTERROGATORY NO. 10**

Please identify and summarize the nature of any communications between you or anyone acting on your behalf and any Plaintiff in 2003. Include the date, content, and place of each such communication.

**RESPONSE:**

Defendant objects to the extent this request is impermissibly vague. Defendant objects that this request is overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request calls for information not within the possession or control of this Defendant.

Subject to the foregoing and without waiving same, Defendant never met any of the individuals directly during the application process. Defendant spoke with the individuals over the phone through translators, including Susie Benavides and Rosalinda Zarate, employees of the Texas Workforce Development. The conversations consisted of review of all aspects of the job order and its attachments, including the nature of the job and its physical requirements, related duties, the various tasks that would be performed, the dates of employment, hourly rate, numbers of hours required per week, date, time, and place to appear for work, and any procedural requirements related to notification of anticipated date and time of arrival. Each applicant was asked to affirm that he or she understood the requirements of the job and the attendant terms. Defendant relied upon Texas Workforce Development personnel Susie Benavides and Rosalinda Zarate to accurately translate the conversation to the individual applicants. The applicants were advised that they would be hired upon appearing timely for work on the designated date at the identified location. Texas Workforce Development subsequently advised that 27 to 29 individuals, including the Plaintiffs in this action, would be reporting for work in Nebraska on or before the identified date, time and place for Defendant's 2003 potato harvest.

Subsequently, Defendant did have a conversation with Susie Benavides on July 17, 2003, but had no opportunity to speak directly with any of the Plaintiffs. Ms. Benavides advised Defendant that Plaintiffs Jorge Sauceda was coming, and that the other Plaintiffs were still looking for some other individuals, and that they would be leaving after they found those individuals. There was no indication as to when Plaintiffs actually intended to depart. Defendant directly advised Ms. Benavides that Plaintiffs would not able to make the lengthy twenty-two hour trip in a timely manner, they would not be able to appear on time, and that they should therefore not make the trip.

Subsequently, of the 27-29 individuals believed to have been sent by the Texas Workforce Development, who indicated they would report for work with Defendant on or before July 18, 2004, only five individuals sent by Rosalinda Zarate of the Texas Workforce Development did timely appear and register for work. Those individuals were hired. On July 18, 2004, only three of those reported to work and remained on payroll. Plaintiffs did not appear until later in the day on July 18, 2003. Plaintiffs are believed to have appeared between 3:30 and 4:00 p.m. When they did appear, an employee of Defendant did attempt to explain to them as best she was able, inasmuch as she did not speak Spanish, that they were late that the jobs were no longer available.

Plaintiffs departed.  These conversations took place in the offices of Frenchman Valley Produce, Inc.

## INTERROGATORY NO. 11

Please identify and summarize the nature of any communications between you or anyone acting on your behalf and any employee of the Texas Workforce Commission, Nebraska Workforce Development, or the United States Department of Labor in 2003. Include individuals participating, the date, content, and place of each such communication.

## RESPONSE:

Defendant objects that this request is overbroad and unduly burdensom.  Defendant objects to the extent this request seeks information irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, the extensive communications between Tammy May and any such personnel are fully reflected in the telephone log produced in this matter.  Please also see responses of Frenchman Valley Produce to interrogatories propounded to it, and specifically responses to Nos. 1 and 22.

## INTERROGATORY NO. 12

Please describe in detail your telephone interviews with each of the Plaintiffs. Included in your answer should be a specification of everything you told or asked Susie Benavides, everything you told or asked each Plaintiff, and any questions or statements Susie Benavides or any Plaintiff asked or made.

## RESPONSE:

Defendant objects that this request is overbroad and unduly burdensome. Defendant objects to the extent this reponse may be relied upon to limit testimony at trial.  Defendant objects to the extent this request calls for information that may be wtihin the custody or control of third parties over whom Defendant has no control, or that is equally available to Plaintiffs.  Defendant objects to the extent this request is directed to information not within the custody, control, or knoweldge of this Defendant.

Subject to the foregoing and without waiving same, the extensive communications between Tammy May and any such personnel are fully reflected in the telephone log produced in this matter.  All telephone interviews with the Plaintiffs included Susie Benavides as participant and interpreter in the conversations.  Tammy May inquired whether or not each plaintiff had read and understood the job work order and its contents, as well as all attachments thereto.  She inquired whether they were applying for the short contract or the long contract.  She inquired whether they were physically able to stand for lenghy periods of time, lift the required pounds, and perform the other physical requirements of the job. Ms. Benavides communicated directly with the Plaintiffs; the translations did not occur within Ms. May's listening range.  No translations

took place while Ms. May was on the phone, and Ms. Benavides routinely would call back on the next day. Ms. Benavides represented that all information had been properly and fully communicated to the various persons, including Plaintiffs. She represented that that the materials had been fully overviewed with each individual. Ms. May understood that the job order and all its attachments had already been fully reviewed by all individuals prior to the phone conference; in some instances short translations may have occurred during the phone conversation but Ms. May could not hear any of those. Ms. May understood that these short translations related to verification of answers to the questions specifically identified above. Please see telephone log.

**INTERROGATORY NO. 13**

Please describe in detail what occurred when each Plaintiff arrived at Frenchman Valley Produce on July 18, 2003. Included in your answer should be a specification of everything you or any Frenchman Valley Produce employee told or asked each Plaintiff, and any questions or statements any Plaintiff asked or made to you or any Frenchman Valley Produce employee.

**RESPONSE:**

Defendant objects that this request is overbroad and unduly burdensome. Defendant objects to the extent this reponse may be relied upon to limit testimony at trial. Defendant objects to the extent this request calls for information that may be wtihin the custody or control of third parties over whom Defendant has no control, or that is equally available to Plaintiffs. Defendant objects to the extent this request is directed to information not within the custody, control, or knoweldge of this Defendant.

Subject to the foregoing and without waiving same, Tammy May was not present at the location where and when the Plaintiffs arrived. She had no personal contact with the individuals when they arrived. She understands that Gloria Hubbard, an employee of Frenchman Valley, met the individuals and advised them that the positions had been filled.

**INTERROGATORY NO. 14**

Please describe in detail the facts and circumstances that lead you and/or Frenchman Valley Produce to change the clearance order's period of employment from July 14, 2003 - October 11, 2003 to July 18, 2003 - October 11, 2003.

**RESPONSE:**

Defendants object to the extent this request is vague, overbroad and unduly burdensome.

Subject to the foregoing and without waiving same, it was originally contemplated that the potato harvest would commence several days earlier than it did. Unfortunately, there was an excessive amount of hail in a major storm on Memorial Day weekend in late May 2003. The harvest was delayed because of related agricultural reasons. The Department of Labor was timely notified and proper change orders were timely submitted. Work commenced timely as

indicated in those changed orders.

**INTERROGATORY NO. 15**

Please identify each person you recruited or solicited for employment with Frenchman Valley Produce in 2003 and the state the date, location, and means of such recruitment or solicitation.

**RESPONSE:**

Defendant objects to the use of the terms "recruited" or "solicited" as inappropriate to the fact in this suit and reflects a legal conclusion. Defendant did communicate with persons now identified as Plaintiffs through the Texas workforce Commission located in Brownsville, Texas.

Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, please see the payroll journal which has been produced in this matter, which relates to the 2003 potato harvest and which reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information. Employees identified thereon are identified by number. Of those employees only two were identified through the Texas Workforce Commission. Those individuals were competent in English. They were interviewed with out an interpreter. They are believed to have come from the McAllen Workforce Commission. Five people identified by Rosalina Zuarte timely reported and completed all paperwork and were hired for work, which commenced on July 18, 2003. These individuals had all of the proper parperwork and knew the proper procedures. Of those five, only three actually reported for work on July 18, 2003, worked for Defendants, and were employed and earned wages. The other two apparently returned to Texas.

The process of looking for employees for the 2003 potato harvest included advertising for workers in Brownsville, Texas. This requirement was imposed by the Department of Labor. As a result of those advertisements and communications with the Texas Workforce Commission, Defendants believed that between 27 and 29 persons from Texas would be appearing on time for work on July 18, 2003. That did not occur. The telephone log of Tammy May produced in this matter reflects communications with potential prospective workers, the majority of whom contacted Defendants through the Texas Workforce Commission.

**INTERROGATORY NO. 16**

Please identify each document Frenchman Valley Produce or you made or retained in 2003 that contains the identities by name, Social Security number, or other means of identification, of any persons working in the potato harvest, including in the shed, and in sorting or packing.

13

**RESPONSE:**

Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, please see attached payroll journal which has beenproduced in this matter, which relates to the 2003 potato harvest and which reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information. Employees identified thereon are identified by number. See also telephone log of Tammy May produced in this matter.