# EXHIBIT 9

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez-Vasquez | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. B-04-122 |
| v. | § § | |
| Frenchman Valley Produce, Inc. and Tammy May, | § § | JURY TRIAL REQUESTED |
| Defendants. | § § | |

## DEFENDANT TAMMY MAY'S
## ANSWERS AND OBJECTIONS TO PLAINTIFFS
## FIRST SET OF REQUESTS FOR PRODUCTION

TO:    Plaintiffs Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez-Vasquez, by and through their attorneys of record, Nathaniel Norton, Texas Rural Legal Aid, 300 South Texas, Weslaco, TX 78596

Pursuant to the provisions of the Federal Texas Rules of Civil Procedure, Defendant Tammy May, by and through its attorney of record, serves these objections and responses to Plaintiffs' First Set of Requests for Production to Defendant.

Respectfully submitted,

*Harvey Ferguson, Jr.*
Harvey Ferguson, Jr.    *(By permission rad)*
State Bar No. 06913500
Federal ID No. 8417

Attorney in Charge Defendants Frenchman
Valley Produce, Inc. and Tammy May

**Gonzales Hoblit Ferguson, LLP**
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, Texas 78250
(210) 224-9991 (Telephone)
(210) 226-1544 (Facsimile)


ATTORNEYS FOR DEFENDANTS FRENCHMAN
VALLEY PRODUCE, INC. AND TAMMY MAY

**OF COUNSEL:**

Rudy Gonzales, Jr.
State Bar No. 08121700
Federal ID No. 1896
Roberta Dohse
State Bar No. 05955400
Federal ID No. 14487
**Gonzales Hoblit Ferguson, LLP**
Frost Bank Plaza
802 N. Carancahua, Suite 2000
Corpus Christi, Texas 78470
(361) 888-9392 (Telephone)
(361) 888-9187 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Initial Rule 26 Disclosures has been forwarded in the manner indicated below on this the _18_ day of November 2004, to all counsel of record as follows:

Nathaniel Norton
Jennifer Smith
Rodolfo D. Sanchez
300 South Texas
Weslaco, TX 78596
*Via Certified Mail/RRR*
*and Via Facsimile:  (956) 968-8823*


Roberta S. Dohse

## REQUESTS FOR PRODUCTION

## GENERAL OBJECTION

Defendant objects to all these requests for production to the extent they seek to inquire into alleged violations under or compliance with the Migrant Seasonal Agricultural Workers Protection Act. It is Defendants' contention that they are exempt from the requirements of the Act as being a family owned business, as set forth in 29 U.S.C. §1803(a)(1).

## REQUEST FOR PRODUCTION NO. 1

Please produce all correspondence, written statements, notes of conversations, memoranda, or other documents that in any way relate to the hiring, recruitment, or employment of any Plaintiff by you in 2003 and 2004.

## RESPONSE:

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Defendants have previously produced copies of the applications and job clearance orders for hiring of H2-A workers in 2003, a telephone log reflecting communications with various individuals relating to that application process and to the hiring of individuals to work in the 2003 potato harvest, and various written communications between Defendant and the Department of Labor.

## REQUEST FOR PRODUCTION NO. 2

Please produce all correspondence, written statements, notes of conversations, memoranda, or other documents evidencing oral or written communications between you and any Plaintiff, from 2003 to the present.

## RESPONSE:

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see response to RFP No. 1.

4

**REQUEST FOR PRODUCTION NO. 3**

Please produce all written documents provided by you or anyone acting on your behalf to Plaintiffs regarding the terms and conditions of their employment or any other matter related to their employment with you in 2003 and 2004.

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see response to RFP No. 1.

**REQUEST FOR PRODUCTION NO.4**

Please produce all documents that contain information provided to you by any Plaintiff during the period 2003 to the present.

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see materials previously produced in thisi matter and response to RFP 1.

**REQUEST FOR PRODUCTION NO. 5**

Please produce all documents written or signed by any Plaintiff

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent that responsive documents may not be within the possession of Defendant, or are in the possession of Plaintiffs or of third parties over whom Defendant has no control. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, inasmuch as it requests "all documents written or signed by Plaintiffs."

Defendant further objects to the extent this request is premature, inasmuch as discovery is in its

infancy. This response will be supplemented as may be appropriate.

Subject to the foregoing as without waiving same, attached, Defendants have previously provided copies of the statements submitted by or on behalf of Plaintiffs in conjunction with their complaints related to the 2003 harvest hiring practices. Defendants are unable to assert with any certainty whether or not these complaints were actually signed by Plaintiffs.

## REQUEST FOR PRODUCTION NO. 6

Please produce any document that you contend is or contains an admission of any Plaintiff.

## RESPONSE:

Defendant objects to the extent this request is premature, inasmuch as discovery is in its infancy. This response will be supplemented as may be appropriate.

Subject to the foregoing as without waiving same, please see materials included in response to Request for Production No. 5 propounded to Defendant Frenchman Valley Produce.

## REQUEST FOR PRODUCTION NO. 7

Please produce all employment records and personnel files that you made, obtained, or kept concerning each Plaintiff in 2003 and 2004.

## RESPONSE:

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Plaintiffs were never hired by Defendant. No personnel files were compiled for any Plaintiff because none of them were ever an employee of Defendant.

## REQUEST FOR PRODUCTION NO. 8

Please produce all payroll records that you made, obtained, or kept concerning any worker employed by or furnished to you or Frenchman Valley Produce covering the period from June 2003 to January 2004. This includes but is not limited to: check stubs, canceled checks, wage statements, mileage statements, and any other document showing the basis on which wages were paid, the number of piecework units earned, the number of hours and days worked, the starting and stopping times and the date that work was performed, the total pay period earnings,

the specific sums withheld and the purpose of each sum withheld, and the net pay.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, please see payroll journal produced separately in this matter which related to the 2003 potato harvest and which reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information.

**REQUEST FOR PRODUCTION NO. 9**

Please produce any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

**RESPONSE:**

Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Plaintiffs have already been previously provided in conjunction with Defendants' Initial Rule 26 Disclosures with a copy of the Certificate of Insurance applicable to this matter.

**REQUEST FOR PRODUCTION NO. 10**

Please produce any document consulted or referred to in responding to Plaintiffs' First Set of Interrogatories and Requests for Admissions to Defendant Tammy May.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition.

Subject to the foregoing and without waiving same, Defendant would refer Plaintiffs to all materials being produced contemporaneously herewith, or that have previously been produced in this matter.

**REQUEST FOR PRODUCTION NO. 11**

Please produce all documents that have been made or prepared by an expert who may be called to testify as a witness in this case.

**RESPONSE:**

Defendant objects to the extent this request is premature. No expert witnesses have been retained at this time. This response will be appropriately supplemented in a timely manner in accord with the Federal Rules of Civil Procedure and any scheduling order entered in this matter.

**REQUEST FOR PRODUCTION NO. 12**

Please produce all documents that have been made or prepared by an expert who was consulted regarding this matter and who is not expected to be called to testify as a witness in this case but whose work product has been or will be reviewed by an expert who may be called as a witness.

**RESPONSE:**

Defendant objects to the extent this request is premature. No expert witnesses have been retained at this time. This response will be appropriately supplemented in a timely manner in accord with the Federal Rules of Civil Procedure and any scheduling order entered in this matter.

**REQUEST FOR PRODUCTION NO. 13**

Please produce all documents that state the subject matter on which any expert witness whom you expect to call at trial is expected to testify, that have been provided or relied on by any such expert, or that state the substance of the facts and opinions to which the expert is expected to testify and/or grounds for each opinion.

**RESPONSE:**

Defendant objects to the extent this request is premature. No expert witnesses have been retained at this time. This response will be appropriately supplemented in a timely manner in accord with the Federal Rules of Civil Procedure and any scheduling order entered in this matter.

**REQUEST FOR PRODUCTION NO. 14**

Please produce a copy of all written work agreements entered into between you or Frenchman Valley Produce and any worker employed by or furnished to you or Frenchman Valley Produce in 2003.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see documents previously produced I this matter which include the paperwork completed by the individuals who had interviewed through Rosalinda Zarate with Texas Workforce Development who actually did timely appear and report for work. The paperwork reflects that which would have been presented to Plaintiffs had they appeared for work, and is indicative of the materials provided to other workers as well. The only written "agreements" are the written acknowledgments signed by employees that they have reviewed and agreed to the terms and conditions of the job order, the policy manual and the housing rules. Copies of those forms have also been provided.

## REQUEST FOR PRODUCTION NO. 15

Please produce all documents that, for the periods June 2003 to January 2004, reflect on a daily, weekly, or monthly basis the number of workers needed by you or Fenchman Valley Produce, the type of work to be done, and the location in which such work was performed.

## RESPONSE:

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Plaintiffs have already been provided, in conjunction with this production, with materials reflecting the demand for labor that was anticipated and used with respect to the 2003 potato harvest. See response to RFP No. 1 and No. 8 above.

## REQUEST FOR PRODUCTION NO. 16

Please produce all written statements, affidavits, notes, diaries, memoranda, and/or correspondence made or kept by you about or in connection with the recruitment, relocation, or hiring of labor in Texas 2003, including any and all documents concerning communications between you and any farm labor contractor, Job Service office, or state or federal employment or immigration office.

## RESPONSE:

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and

constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant objects to the extent this inquiry would invade attorney client communications that have been initiated subsequent to receipt of notice of suit in this matter.

Subject to the foregoing and without waiving same, please see response to RFP No. 1 above.

**REQUEST FOR PRODUCTION NO. 17**

Please produce all written statements, affidavits, notes, diaries, memoranda, and/or correspondence made or kept by you about or in connection with the recruitment, relocation, or hiring of labor in places other than in Texas in 2003, including any and all documents concerning communications between you and any farm labor contractor, Job Service office, or state or federal employment or immigration office.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant objects to the extent this inquiry would invade attorney client communications that have been initiated subsequent to receipt of notice of suit in this matter.

Subject to the foregoing and without waiving same, all responsive materials have been produced in conjunction with other requests for production in this matter.

**REQUEST FOR PRODUCTION NO. 18**

Please produce all documents relating to your application for H-2A workers in 2003, including all correspondence with the Department of Labor, all application materials, and any documents relating to the clearance order issued after your application was approved.

**RESPONSE:**

Please see Response to RFP No. 1 above. Please also see materails separately produced in this matter.

**REQUEST FOR PRODUCTION NO. 19**

Please produce any and all documents relating to any investigation of you by the United States Department of Labor, State Job Service, Nebraska Workforce Development, or other agency of government, for violation of employment related laws in 2001, 2002, 2003, and 2004.

**RESPONSE:**

Defendant objects that this request is overbroad and unduly burdensome and constitutes nothing more than an impermissible fishing expedition. Defendants object that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the improper presumption reflected in the request that violations of employment related laws occurred in 2001, 2003, 2003 and 2004. Defendant further objects to the extent there has never been any investigation of this Defendant individually.

Subject to the foregoing and without waiving same, please see documents produced in this matter which relate to the investigation performed in conjunction with the complaints brought by these Plaintiffs with respect the 2003 employment. No other responsive documents are in the possession of this Defendant at this time.

**REQUEST FOR PRODUCTION NO. 20**

Please produce all letters, correspondence, notes or other documents between you and the Nebraska job service, Nebraska Workforce Development, the Texas Workforce Commission, or United States Department of Labor, between April 2003 and January 2004.

**RESPONSE:**

Defendant object that this request is overbroad and unduly burdensome. Defendant objects to the extent the request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence. Defendant object that the request is impermissibly vague, particularly with respect to "any other documents."

Subject to the foregoing and without waiving same, please see Response to RFP No. 1 and other responsive materials provided in conjunction with the responses to these requests for production.

**REQUEST FOR PRODUCTION NO. 21**

Please produce all documents which evidence the identity of any worker employed by you at any time from June 2003 to January 2004.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, see response to RFP No. 8 above.

**REQUEST FOR PRODUCTION NO. 22**

Please produce all documents which evidence the amount of work performed by each worker employed by you at any time from June 2003 to January 2004.

**RESPONSE:**

Defendant objects that this request is overbroad and unduly burdensome and constitutes nothing more than an impermissible fishing expedition. Defendant objects that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, see response to RFP No.__ 8? above.

**REQUEST FOR PRODUCTION NO. 23**

Please produce all documents which evidence any advertisement, flyer, or announcement of any employment, offered by Frenchman Valley Produce, at any time between June 2003 and January 2004.

**RESPONSE:**

Defendant objects that this request is overbroad, unduly burdensome and constitutes nothing more than an impermissible fishing expedition. Defendant objects that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see attached materials.

**REQUEST FOR PRODUCTION NO. 24**

Please produce all documents Frenchman Valley Produce or you made or retained in 2003 that contains the identities by name, Social Security number, or other means of identification, of any persons working in Frenchman Valley Produce's potato harvest, including in the shed, and in sorting or packing.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would

invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, please see payroll journal which has been produced in this matter, which relates to the 2003 potato harvest and which reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information. Employees identified thereon are identified by number. See also telephone log of Tammy May produced in this matter.

# EXHIBIT 10

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and | § | |
| Juana Hernandez-Vasquez | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. B-04-122 |
| v. | § | |
| | § | |
| Frenchman Valley Produce, Inc. and | § | |
| Tammy May, | § | JURY TRIAL REQUESTED |
| | § | |
| Defendants. | § | |

## DEFENDANT FRENCHMAN VALLEY PRODUCE, INC.'S
## ANSWERS AND OBJECTIONS TO PLAINTIFFS
## FIRST SET OF REQUESTS FOR PRODUCTION

TO:    Plaintiffs Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez-Vasquez, by and
through their attorneys of record, Nathaniel Norton, Texas Rural Legal Aid, 300 South
Texas, Weslaco, TX 78596

Pursuant to the provisions of the Federal Texas Rules of Civil Procedure, Defendant

Frenchman Valley Produce, Inc. ("Frenchman Valley"), by and through its attorney of record,

serves these objections and responses to Plaintiffs' First Set of Requests for Production to

Defendant.

Respectfully submitted,

Harvey Ferguson, Jr.
State Bar No. 06913500 *(by permission rsd)*
Federal ID No. 8417

Attorney in Charge Defendants Frenchman
Valley Produce, Inc. and Tammy May

**Gonzales Hoblit Ferguson, LLP**
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, Texas 78250
(210) 224-9991 (Telephone)
(210) 226-1544 (Facsimile)

**ATTORNEYS FOR DEFENDANTS FRENCHMAN
VALLEY PRODUCE, INC. AND TAMMY MAY**

**OF COUNSEL:**

Rudy Gonzales, Jr.
State Bar No. 08121700
Federal ID No. 1896
Roberta Dohse
State Bar No. 05955400
Federal ID No. 14487
**Gonzales Hoblit Ferguson, LLP**
Frost Bank Plaza
802 N. Carancahua, Suite 2000
Corpus Christi, Texas 78470
(361) 888-9392 (Telephone)
(361) 888-9187 (Facsimile)

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Initial Rule 26 Disclosures has been forwarded in the manner indicated below on this the _21_ day of October, 2004, to all counsel of record as follows:

Nathaniel Norton
Jennifer Smith
Rodolfo D. Sanchez
300 South Texas
Weslaco, TX 78596
*Via Certified Mail/RRR*
*and Via Facsimile: (956) 968-8823*

Roberta S. Dohse

3

## REQUESTS FOR PRODUCTION

## GENERAL OBJECTION

Defendant objects to all these requests for production to the extent they seek to inquire into alleged violations under or compliance with the Migrant Seasonal Agricultural Workers Protection Act. It is Defendants' contention that they are exempt from the requirements of the Act as being a family owned business, as set forth in 29 U.S.C. §1803(a)(1).

## REQUEST FOR PRODUCTION NO. 1

Please produce all correspondence, written statements, notes of conversations, memoranda, or other documents that in any way relate to the hiring, recruitment, or employment of any Plaintiff by you in 2003 and 2004.

## RESPONSE:

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, attached hereto are copies of the applications and job clearance orders for hiring of H2-A workers in 2003. Also attached is a telephone log reflecting communications with various individuals relating to that application process and to the hiring of individuals to work in the 2003 potato harvest. See also attached written communications between Defendant and the Department of Labor.

## REQUEST FOR PRODUCTION NO. 2

Please produce all correspondence, written statements, notes of conversations, memoranda, or other documents evidencing oral or written communications between you and any Plaintiff, from 2003 to the present.

## RESPONSE:

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see response to RFP No. 1.

4

**REQUEST FOR PRODUCTION NO. 3**

Please produce all written documents provided by Frenchman Valley Produce or anyone acting on behalf of Frenchman Valley Produce to Plaintiffs regarding the terms and conditions of their employment or any other matter related to their employment with you in 2003 and 2004.

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition.  Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see response to RFP No. 1.

**REQUEST FOR PRODUCTION NO. 4**

Please produce all documents that contain information provided to you by any Plaintiff during the period 2003 to the present.

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition.  Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same,  please see response to RFP No. 1.

**REQUEST FOR PRODUCTION NO. 5**

Please produce all documents written or signed by any Plaintiff.

**RESPONSE:**

Defendant objects to the extent this request is vague and overbroad and constitutes nothing more than an impermissible fishing expedition.  Defendant objects to the extent that responsive documents may not be within the possession of Defendant, or are in the possession of Plaintiffs or of  third parties over whom Defendant has no control.  Defendant objects to the extent this request seeks materials irrelevant to any issues in this suit, inasmuch as it requests "all documents written or signed by Plaintiffs."

Defendant further objects to the extent this request is premature, inasmuch as discovery is in its infancy.  This response will be supplemented as may be appropriate.

Subject to the foregoing as without waiving same, attached are copies of the statements submitted by or on behalf of Plaintiffs in conjunction with their complaints related to the 2003 harvest hiring practices. Defendants are unable to assert with any certainty whether or not these complaints were actually signed by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 6**

Please produce any document that Frenchman Valley Produce contends is or contains an admission of any Plaintiff.

**RESPONSE:**

Defendant objects to the extent this request is premature, inasmuch as discovery is in its infancy. This response will be supplemented as may be appropriate.

Subject to the foregoing as without waiving same, please see materials included in response to Request for Production No. 5 above.

**REQUEST FOR PRODUCTION NO. 7**

Please produce all employment records and personnel files that you made, obtained, or kept concerning each Plaintiff in 2003 and 2004.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Plaintiffs were never hired by Defendant. No personnel files were compiled for any Plaintiff because none of them were ever an employee of Defendant.

**REQUEST FOR PRODUCTION NO. 8**

Please produce all payroll records that Frenchman Valley Produce made, obtained, or kept concerning any worker employed by or furnished to Frenchman Valley Produce covering the period from June 2003 to January 2004. This includes but is not limited to: check stubs, canceled checks, wage statements, mileage statements, and any other document showing the basis on which wages were paid, the number of piecework units earned, the number of hours and days worked, the total pay period earnings, the specific sums withheld and the purpose of each sum withheld, and the net pay.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, please see attached payroll journal which related to the 2003 potato harvest and which reflects employees who worked, date range of employment, number of hours worked, hourly rate, total wages paid, and withholding information.

**REQUEST FOR PRODUCTION NO. 9**

Please produce any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

**RESPONSE:**

Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Plaintiffs have already been previously provided in conjunction with Defendants' Initial Rule 26 Disclosures with a copy of the Certificate of Insurance applicable to this matter.

**REQUEST FOR PRODUCTION NO. 10**

Please produce any document consulted or referred to in responding to Plaintiffs' First Set of Interrogatories and Requests for Admissions to Defendant Frenchman Valley Produce, Inc.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition.

Subject to the foregoing and without waiving same, Defendant would refer Plaintiffs to all materials being produced contemporaneously herewith.

**REQUEST FOR PRODUCTION NO. 11**

Please produce all documents that have been made or prepared by an expert who may be called to testify as a witness in this case.

**RESPONSE:**

Defendant objects to the extent this request is premature. No expert witnesses have been retained at this time. This response will be appropriately supplemented in a timely manner in accord with the Federal Rules of Civil Procedure and any scheduling order entered in this matter.

**REQUEST FOR PRODUCTION NO. 12**

Please produce all documents that have been made or prepared by an expert who was consulted regarding this matter and who is not expected to be called to testify as a witness in this case but whose work product has been or will be reviewed by an expert who may be called as a witness.

**RESPONSE:**

Defendant objects to the extent this request is premature. No expert witnesses have been retained at this time. This response will be appropriately supplemented in a timely manner in accord with the Federal Rules of Civil Procedure and any scheduling order entered in this matter.

**REQUEST FOR PRODUCTION NO. 13**

Please produce all documents that state the subject matter on which any expert witness whom you expect to call at trial is expected to testify, that have been provided or relied on by any such expert, or that state the substance of the facts and opinions to which the expert is expected to testify and/or grounds for each opinion.

**RESPONSE:**

Defendant objects to the extent this request is premature. No expert witnesses have been retained at this time. This response will be appropriately supplemented in a timely manner in accord with the Federal Rules of Civil Procedure and any scheduling order entered in this matter.

**REQUEST FOR PRODUCTION NO. 14**

Please produce a copy of all written work agreements entered into between Frenchman Valley Produce and any worker employed by or furnished to Frenchman Valley Produce in 2003.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the

extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see attached documents which include the paperwork completed by the individuals who had interviewed through Rosalinda Zarate with Texas Workforce Development who actually did timely appear and report for work. The paperwork reflects that which would have been presented to Plaintiffs had they appeared for work, and is indicative of the materials provided to other workers as well. The only written "agreements" are the written acknowledgments signed by employees that they have reviewed and agreed to the terms and conditions of the job order, the policy manual and the housing rules. Copies of those forms are also attached.

**REQUEST FOR PRODUCTION NO. 15**

Please produce all documents that, for the periods June 2003 to January 2004, reflect on a daily, weekly, or monthly basis the number of workers needed by Frenchman Valley Produce, the type of work to be done, and the location in which such work was performed.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, Plaintiffs have already been provided, in conjunction with this production, with materials reflecting the demand for labor that was anticipated and used with respect to the 2003 potato harvest. See response to RFP No. 1 and No. 8 above.

**REQUEST FOR PRODUCTION NO. 16**

Please produce all written statements, affidavits, notes, diaries, memoranda, and/or correspondence made or kept by Frenchman Valley Produce about or in connection with the recruitment, relocation, or hiring of labor in Texas 2003, including any and all documents concerning communications between you and any farm labor contractor, Job Service office, or state or federal employment or immigration office.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant objects to the extent this inquiry would invade attorney client communications that have been initiated subsequent to receipt of notice of suit in this matter.

9

Subject to the foregoing and without waiving same, please see response to RFP No. 1 above.

**REQUEST FOR PRODUCTION NO. 17**

Please produce all documents relating to your application for H-2A workers in 2003, including all correspondence with the Department of Labor, all application materials, and any documents relating to the clearance order issued after your application was approved.

**RESPONSE:**

Please see Response to RFP No. 1 above. Please also see attached documentation.

**REQUEST FOR PRODUCTION NO. 18**

Please produce any and all documents relating to any investigation of your operations by the United States Department of Labor, State Job Service, Nebraska Workforce Development, or other agency of government, for violation of employment related laws in 2001, 2002, 2003, and 2004.

**RESPONSE:**

Defendant objects that this request is overbroad and unduly burdensome and constitutes nothing more than an impermissible fishing expedition. Defendants object that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the improper presumption reflected in the request that violations of employment related laws occurred in 2001, 2003, 2003 and 2004.

Subject to the foregoing and without waiving same, please see attached documents which relate to the investigation performed in conjunction with the complaints brought by these Plaintiffs with respect the 2003 employment. No other responsive documents are in the possession of this Defendant at this time.

**REQUEST FOR PRODUCTION NO. 19**

Please produce all letters, correspondence, notes or other documents between you and the Nebraska job service, Nebraska Workforce Development, the Texas Workforce Commission, or United States Department of Labor, between April 2003 and January 2004.

**RESPONSE:**

Defendant object that this request is overbroad and unduly burdensome. Defendant objects to

10

the extent the request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence. Defendant object that the request is impermissibly vague, particularly with respect to "any other documents."

Subject to the foregoing and without waiving same, please see Response to RFP No. 1 and other responsive materials provided in conjunction with the responses to these requests for production.

**REQUEST FOR PRODUCTION NO. 20**

Please produce all documents which evidence the identity of any worker employed by you at any time from June 2003 to January 2004.

**RESPONSE:**

Defendant objects to the extent this requests is vague, overbroad and unduly burdensome, and constitutes nothing more than an impermissible fishing expedition. Defendant objects to the extent the request seeks material irrelevant to the issues in this suit and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request would invade the personal and constitutional privacy rights of third persons who are not parties to this suit.

Subject to the foregoing and without waiving same, see response to RFP No. 8 above.

**REQUEST FOR PRODUCTION NO. 21**

Please produce all documents which evidence the amount of work performed by each worker employed by you at any time from June 2003 to January 2004.

**RESPONSE:**

Defendant objects that this request is overbroad and unduly burdensome and constitutes nothing more than an impermissible fishing expedition. Defendant objects that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, see response to RFP No. 8 above.

**REQUEST FOR PRODUCTION NO. 22**

Please produce your articles of incorporation.

**RESPONSE:**

Defendant objects that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see attached.

**REQUEST FOR PRODUCTION NO. 23**

Please produce all documents which evidence any advertisement, flyer, or announcement of any employment, offered by Frenchman Valley Produce, at any time between June 2003 and January 2004.

**RESPONSE:**

Defendant objects that this request is overbroad, unduly burdensome and constitutes nothing more than an impermissible fishing expedition. Defendant objects that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, please see attached materials.

**REQUEST FOR PRODUCTION NO. 24**

Please produce all documents pertaining to the 1999 United States Department of Labor Investigation of you.

**RESPONSE:**

Defendant objects that this request is overbroad and unduly burdensome and constitutes nothing more than an impermissible fishing expedition. Defendant objects that this request seeks documents that are irrelevant to any of the issues in this suit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving same, there was no investigation of Defendant by the Department of Labor in 1999.

# EXHIBIT 11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and | § | |
| Juana Hernandez-Vasquez | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. B-04-122 |
| v. | § | |
| | § | |
| Frenchman Valley Produce, Inc. and | § | |
| Tammy May, | § | JURY TRIAL REQUESTED |
| | § | |
| Defendants. | § | |

*United States*
*Southern Dis.*
*FIL.*

SEP 2 8 2005

Michael N. Milby
Clerk of Court

## . DEFENDANTS' INITIAL RULE 26 DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW Defendants Frenchman Valley Produce, Inc. and Tammy May, and pursuant to Rule 26, Federal Rules of Civil Procedure, files this their Initial Disclosures and in support thereof would respectfully show as follows:

**Rule 26(a)(1)(A): The name and, if known the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying all subjects of the information.**

1. Mr. Ruben Alvarez Carrillo
   6785 Atascosa Drive
   Brownsville, Texas 78521
   T: (956) 867-6940

   Mr. Carrillo is a Plaintiff in the lawsuit.

2. Mr. Jorge Sauceda
   217 W. 1st St.
   Brownsville, Texas 78520
   (956) 504-0271

   Mr. Sauceda is a Plaintiff in the lawsuit.

1

3.  Ms. Juana Hernandez-Vasquez
    935 E. 13th St., Apt. A
    Brownsville, Texas 78570
    T: (956) 541-8124

    Mr. Hernandez-Vasquez is a Plaintiff in the lawsuit.

4.  Mrs. Tammy May
    Frenchman Valley Produce, Inc.
    P.O. Box 879
    Imperial, Nebraska 69033
    T: (308) 882-4243

    Mrs. May is a defendant in the lawsuit. She has knowledge of the business operations
    of Defendants, the Defendants' compliance with federal regulations and statutory
    requirements related to the hiring of agricultural workers, the application and
    procedural steps undertaken in connection with the jobs that are at issue in this suit,
    Defendants' communications with the Texas Workforce Commission and other issues
    related to the interview process conducted with Plaintiffs.

5.  Mr. Tim May, President
    Frenchman Valley Produce, Inc.
    P.O. Box 879
    Imperial, Nebraska 69033
    T: (308) 882-4243

    Mr. May is the President of Frenchman Valley Produce, Inc. He has knowledge of
    the business operations of Defendants, the Defendants' compliance with federal
    regulations and statutory requirements related to the hiring of agricultural workers,
    the procedural steps undertaken in connection with the jobs that are at issue in this
    suit. He may have some information related to the interview process conducted with
    Plaintiffs. He is also familiar with the subsequent investigation conducted by the
    Nebraska Workforce Development Commission and its outcome.

6.  Gloria Hubbard
    Frenchman Valley Produce, Inc.
    P.O. Box 879
    Imperial, Nebraska 69033
    T: (308) 882-4243

7.  Cindy Acton
    34113 Road 724
    Wauneta, NE 69045
    (308) 394-5178

The foregoing are either current or former employees of Frenchman Valley Produce who have information relating to the issues involved in this suit, including business operations of Defendants, the Defendants' compliance with federal regulations and statutory requirements related to the hiring of agricultural workers, the procedural steps undertaken in connection with the jobs that are at issue in this suit, the events occurring on the initial date of work and Plaintiffs' failure to timely appear and report for that work.

8. Mr. Armando Perez
   State Monitor Advocate
   Migrant & Seasonal Farm Workers (MSFW)
   Office of Workforce Services
   Nebraska Workforce Development, Department of Labor
   5404 Cedar Street
   Omaha, NE 68106
   Telephone: (402) 595-3034

   Mr. Perez has knowledge of the complaints filed by Plaintiffs with the Department of Labor in 2003, and the subsequent investigation conducted by the Nebraska Workforce Development and the United States Department of Labor pertaining to the job services complaints filed by Plaintiffs. He also has knowledge of the procedures to be used to secure H2A workers and the duties or obligations owed to as well as owed by any such H2A workers.

9. Mr. Thomas A. Ukinski
   Nebraska Workforce Development Nebraska Department of Labor
   Foreign Labor Certification Unit
   550 South 16th St.
   Lincoln, NE 68509-4600
   Telephone: (402) 471-9912

   Mr. Ukinski has knowledge of the investigation conducted by the Nebraska Workforce Development and the United States Department of Labor pertaining to the job services complaints filed by Plaintiffs. He also has knowledge of the procedures to be used to secure H2A workers and the duties or obligations owed to as well as owed by any such H2A workers. He has knowledge of whether or not Plaintiffs made any telephone calls to communicate any information with respect to their anticipated time of arrival.

10. Ms. Madhavi Bhadbhade
    Nebraska Workforce Development Nebraska Department of Labor
    Foreign Labor Certification Unit
    550 South 16th St.
    Lincoln, NE 68509-4600
    Telephone:(402) 471-2693

Ms. Bhadbhade has knowledge of the investigation conducted by the Nebraska Workforce Development and the United States Department of Labor pertaining to the job services complaints filed by Plaintiffs. She has extensive knowledge of the efforts undertaken by Defendants to comply with federal regulations and statutory requirements related to the hiring of agricultural workers, including H2A workers, and the procedural steps undertaken in connection with those jobs, including the jobs that are at issue in this suit.

11. Susana De La Llata ("Susie Benavides")
    Texas Workforce Commission
    851 Old Alice Rd
    Brownsville, Texas 78520-8551
    T: (956) 546-3141

Ms. De La Llata has knowledge of the facts pertaining to the job interview process involving Plaintiffs and Defendants. She assisted with job interviews and applicants, including some or all of the Plaintiffs in this suit.

12. Rosalinda Zarate
    Texas Workforce Commission
    851 Old Alice Rd
    Brownsville, Texas 78520-8551
    T: (956) 546-3141

Ms. Zarate has knowledge of the facts pertaining to the job interview process involving Plaintiffs and Defendants. She assisted with job interviews and applicants for the same jobs that are at issue in this suit. The applicants she assisted did timely report for the work in issue.

13. Other Co-workers of Susana De La Llata ("Susie Benavides")
    Texas Workforce Commission
    851 Old Alice Rd
    Brownsville, Texas 78520-8551
    T: (956) 546-3141

Additional co-workers of Ms. De La Llata may have knowledge of the facts pertaining to the job interview process involving Plaintiffs and Defendants.

Defendants would also adopt and incorporate by reference any person identified by any other party to this litigation as having knowledge of relevant facts. Defendants reserve the right to elicit expert testimony from any individual having knowledge of relevant facts. Defendants

4

will supplement the foregoing information as may be appropriate in accord with the Federal Rules.

**Rule 26(A)(1)(B): a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession custody, or control of that party that are relevant to disputed facts alleged with particularity in the pleadings.**

Categories of documents that may be relevant to this suit include the various materials filed by Frenchman Valley Produce with the Department of Labor, including the application for Alien Employment certification and related materials, job information and notices provided to the Texas Workforce Commission and prospective workers, materials provided to the Nebraska Workforce Development in conjunction with the investigation of Plaintiffs' complaints, Plaintiffs' complaints, and any additional materials that may reflect the factual development of this matter.

Defendants are currently reviewing all documents in its possession. However, once relevant documents are identified they will be made available for inspection and copying upon reasonable notice, during regular business hours, at the offices of counsel for Defendants: Gonzales Hoblit & Ferguson, LLP, One Riverwalk Place, 700 N. St. Mary's Street, Suite 1800, San Antonio, Texas 78250

**Rule 26(a)(1)(C): a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

At this time, Defendants have asserted no claims against Plaintiffs that would enable Defendants to recover damages.

**Rule 26(a)(1)(D):** **for inspection and copying as under rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

The copy of the declaration page for the applicable liability insurance for Defendants is attached hereto.

Respectfully submitted,

_Harvey Ferguson_ (By permission rsd)
Harvey Ferguson, Jr.
State Bar No. 06913500
Federal ID No. 8417

Attorney in Charge Defendants Frenchman
Valley Produce, Inc. and Tammy May

**Gonzales Hoblit Ferguson, LLP**
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, Texas 78250
(210) 224-9991 (Telephone)
(210) 226-1544 (Facsimile)

**OF COUNSEL:**

Rudy Gonzales, Jr.
State Bar No. 08121700
Federal ID No. 1896
Roberta Dohse
State Bar No. 05955400
Federal ID No. 14487
**Gonzales Hoblit Ferguson, LLP**
Frost Bank Plaza
802 N. Carancahua, Suite 2000
Corpus Christi, Texas 78470
(361) 888-9392 (Telephone)
(361) 888-9187 (Facsimile)

ATTORNEYS FOR DEFENDANTS FRENCHMAN
VALLEY PRODUCE, INC. AND TAMMY MAY

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Initial Rule 26 Disclosures has been forwarded in the manner indicated below on this the _____ day of September, 2004, to all counsel of record as follows:


Nathaniel Norton
Jennifer Smith
Rodolfo D. Sanchez
300 South Texas
Weslaco, TX 78596
*Via Certified Mail/RRR*
*and Via Facsimile: (956) 968-8823*


Roberta S. Dohse

7



### EMPLOYMENT PRACTICES LIABILITY INSURANCE
### DECLARATIONS

**THIS POLICY PROVIDES CLAIMS MADE AND REPORTED COVERAGE. DEFENSE COSTS APPLY AGAINST THE LIMITS OF INSURANCE AND ARE SUBJECT TO THE DEDUCTIBLE STATED.**

Policy No. <u>698730067</u>

Mid-Century Insurance Company
Producer Number <u>12-07-344</u>

1. **NAMED INSURED:**    FRENCHMAN VALLEY PRODUCE, INC.

2. **MAILING ADDRESS:**
   Street    PO BOX 879
   City, State, Zip    IMPERIAL, NE 69033

3. **POLICY PERIOD: From:** August 20, 2003    **To:** August 20, 2004    at 12:01 A.M. Standard Time at your mailing address

**IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL TERMS OF THIS POLICY, WE AGREE TO PROVIDE YOU WITH THE INSURANCE COVERAGE STATED IN THIS POLICY.**

4. **LIMITS OF INSURANCE:**

   Policy Aggregate Limit    $500,000

   Each "Claim" Limit    $500,000

5. **DEDUCTIBLE:**

   Each "Claim":    $10,000

6. **COINSURANCE PARTICIPATION:** 0%    Subject to a Maximum of: N/A

7. **PREMIUM:**    $5,002

8. **RETROACTIVE DATE:**

   Retroactive Date: <u>January 1, 1992</u>    (Enter date or "none" if no retroactive date. If left blank, the entry will be Deemed the same as "From" in item 3 above.)

9. **FORM OF BUSINESS:**

   Individual _____ Limited Liability Company_____ Partnership _____ Joint Venture _____
   Organization (Other Than Limited Liability Company, Partnership or Joint Venture) __X__

10. **FORMS AND ENDORSEMENTS OF THE POLICY**

   E2100, 1st Ed.; Claims Reporting Endorsement; S1249

COUNTERSIGNED BY: _____    DATE: 8-18-03
(Authorized Representative)

91-2101, 1st Edition   1/89

Page 1 of 1