## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez Vasquez | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. B-04-122 |
| v. | § § | |
| Frenchman Valley Produce, Inc. and Tammy May, | § § § | JURY TRIAL REQUESTED |
| Defendants. | § | |

## PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME Ruben Alvarez-Carillo, *et al.,* Plaintiffs in the above-captioned matter, and hereby submit this Reply to Defendants' Response to Plaintiffs' Motion to Compel. Plaintiffs' reply is offered to address new issues raised in Defendants' response and as additional support for Plaintiffs' motion. The thrust of Defendants' response is that they will file and prevail on a motion for summary judgment claiming that they are exempt from the Agricultural Worker Protection Act, (AWPA), and that therefore much of the disputed discovery is irrelevant. They also assert that responding to the discovery would be an undue burden on them.

As discussed below, Plaintiffs contend that the requested information is discoverable. Plaintiffs ask that the court deny Defendants' request that the court hold in abeyance its ruling on Plaintiffs' Motion to Compel and grant Plaintiffs' Motion to Compel in its entirety.

A. Defendants' assertion that they will file a motion for summary judgment on the family business exemption to the AWPA and that they will prevail on that motion does not take the disputed requests outside the scope of permissible discovery.

Defendants, in their Response to Plaintiffs' Motion to Compel, ask that the Court limit Plaintiffs' discovery based on a presumed victory on a summary judgment motion yet to be filed. Defendants are attempting to foreclose discovery on the very issues on which they assert they will be seeking summary judgment. Defendants ask this Court to presume a Defendant victory on summary judgment is inevitable. Plaintiffs dispute Defendants' defense, though they concede Defendants would be more likely to prevail if they are allowed to simply assert they are entitled to the defense and then deny Plaintiffs access to discoverable and relevant information with which to contest this claim – a claim on which Defendants bear the burden of proof. See Blackmon v. Brookshire Grocery Co., 835 F.2d 1135, 1137 (5th Cir. 1988); Aviles v. Kunkle, 765 F.Supp. 358, 362 (S.D.Tex. 1991), rev'd on other grounds. Moreover, Defendants' mere assertion of their intention to file for summary judgment is insufficient to take any of the disputed requests out of the scope of permissible discovery. Indeed, that Defendants intend to file a motion for summary judgment on the exemption issue indicates that information on the subject is not only discoverable, but relevant to the degree of being potentially dispositive of the entire case.

Plaintiffs contest the applicability of the family business exemption to this defendant. Plaintiffs will, in response to Defendants' properly filed summary judgment motion, argue that the Department of Labor opinion letter upon which Defendants' claim to the exemption relies is neither determinative of the matter nor worthy of the Court's

deference. Nevertheless, neither Plaintiffs' motion to compel nor Defendants' response is

a motion for summary judgment and Plaintiffs will not argue such a motion here.

B.  The discovery sought is relevant

    1.  The 2000 Amendments to Rule 26 do not take interrogatories and requests for production that are directly related to a party's claim or defense out of the scope of permissible discovery

Rule 26(b)(1) allows discovery relating to a party's claims or defenses.

Defendants point out that the 2000 amendments to Rule 26(b)(1) were intended to narrow

discovery in some meaningful way. It is correct that the 2000 amendments sought to

address the situation of parties seeking to justify discovery requests that "sweep far

beyond the claims and defenses of the parties." Defendants have not argued that the

discovery requests at issue here do so. As set out fully in Plaintiffs' Motion to Compel,

Plaintiffs contend that all of the disputed requests are directly relevant either to

Defendant's affirmative defense or to Plaintiffs' claim that Defendants had no

justification for breaching the working arrangement they made with Plaintiffs.

Defendants have offered no authority, and Plaintiffs submit that no authority exists, to

support the proposition that the amendments to Rule 26(b)(1) intended to take out of the

scope of permissible discovery interrogatories and requests for production that directly

relate to the parties' claims or defenses.

    2.  Defendants misstate the time period that is "relevant" to this action

Some of Defendants' relevancy objections rest on their assumption that any

information regarding Defendants' activities prior to July 14, 2003 and after October 11,

2003, the period of time during which Plaintiffs were to be employed by Defendants, is

irrelevant to the claims or defenses of the parties. Plaintiffs dispute this limited view of

relevance. As set out fully in Plaintiffs motion, information relating to any recruiting, soliciting, hiring, employing, furnishing, or transporting of agricultural workers is relevant to Defendants' affirmative defense. Any such activity with respect to Defendants' 2003 employees would necessarily have taken place prior to the scheduled start date of employment on July 14, 2003, making the time period before the start date of employment directly relevant to this defense.

Defendants further dispute that information regarding Defendants' activities in 2000, 2001, and 2002 are relevant. Defendants' past recruitment practices may lead to evidence of how recruitment was done in 2003.

Defendants' past failure to comply with the AWPA and involvement with DOL investigations regarding compliance may also be relevant to the amount of damages Plaintiffs are entitled to recover in this case. See e.g., Beliz v. W.H. McLeod & Sons, 765 F.2d 1317, 1332 (5th Cir. 1985) [In determining whether an award accomplishes the purpose of the Farm Labor Contractor Registration Act, the predecessor to the AWPA, a court should consider, "the nature and persistence of the violations."], Aviles v. Kunkle, 765 F.Supp. 358, 367 (S.D. Tex. 1991) ["In fixing damages, the Court must consider the following Beliz factors: (1) nature and persistence of the violations -- including whether the violations are substantive or technical; (2) the extent of the defendants' culpability;....]. Defendants have not disputed this reasoning.

With respect to prior acts, Defendants in their response suggest that Plaintiffs are improperly seeking information about prior acts contrary to Rule 404 of the Federal Rules of Evidence. Plaintiffs do not believe that any of the disputed discovery is inadmissible under this Rule, but assuming *arguendo* that it is, evidence can be relevant

and discoverable even if not admissible. See Comments to Rule 26: "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

     3.    <u>Defendants' assertion that a contract did not exist between the parties does not take requests relating to Plaintiffs breach of contract claim/breach of the working arrangement claim out of the scope of permissible discovery</u>

Defendants have raised relevancy objections to discovery requests relating to Defendants' alleged justification for refusing to hire Plaintiffs in 2003. Defendants' response misstates Plaintiffs' argument as to why this information is discoverable. Plaintiffs' stated reason for seeking this information is not, as Defendants suggest, to "inquire into the absence of work," but rather to test Defendants' assertion that they had a valid reason for refusing to hire Plaintiffs when they arrived at the job site. As set out more fully in Plaintiffs' Motion to Compel, absent a valid justification for doing so, Defendants' refusal to provide work to Plaintiffs upon arrival at the job site constitutes a breach of the working arrangement and breach of contract. Further, as explained in detail in Plaintiffs' motion, Defendants were obligated, as H-2A employers, to hire any domestic worker up to the time 50% of the contract term had elapsed. Plaintiffs' contend that their failure to do so constitutes a breach of the working arrangement that is actionable under the AWPA.

Plaintiffs' inquiries into these matters are relevant under Rule 26(b)(1) in that they relate to a claim of a party. It is irrelevant to this inquiry that Defendant has not asserted the "absence of work" as a reason for not hiring Plaintiffs. <u>See</u> Defendants' Response at page 20. Further, Defendants' assertion that "no agreement for employment was ever reached between Plaintiffs and Defendants," (Defendants' Response at page 15), does not

take requests relating to Plaintiffs' claim for breach of contract or breach of the working arrangement out of the scope of permissible discovery. It is not necessary for Plaintiffs and Defendants to agree that particular causes of action or defenses exist or are provable for information relating to them to be discoverable. Plaintiffs contend that an employment agreement did exist between the parties and the bases for that assertion are set out fully in Plaintiffs' Original Complaint. Defendants' mere assertion that such a contract did not exist does not take these requests out of the scope of permissible discovery.

C.  The disputed requests do not place an undue burden on Defendants

Defendants argue that "any discovery that seeks matters related to compliance with the AWPA would be unduly burdensome given the needs of the case." See Defendants' Response at page 7. Defendants argue that the time and expense Tammy May would have to go to in physically copying the responsive documents would be an undue burden.

First, this argument ignores the option given Defendants under Rules 33(d) and 34(b) to provide the records as they are kept, thereby placing these burdens on the Plaintiffs. By simply exercising this option, Defendants can avoid almost entirely the burdens they assert.

Second, Defendants cite two cases that are clearly distinguishable. The first is a case in which the defendant was not allowed access to "millions" of pages of documents, a miniscule percentage of which were relevant to the case. See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co, 981 F.2d 429, 438-439 (9th Cir. 1992). Here, the pertinent documents consist of some documents in approximately 118 personnel files.

The second case is cited presumably to support Defendants' contention that an undue burden objection is appropriate when a discovery request places a burden or expense on a party that outweighs its likely benefit. Graham v. Casey's Gen. Stores, Inc., 206 F.R.D. 251, 254 (S.D. Ind. 2002). While Plaintiffs do not deny the importance of balancing competing interests, given the options provided by the Rules, whatever inconvenience Plaintiffs' requests may cause Defendants is far outweighed by the likely benefit Plaintiffs will derive from discovering information directly relevant to the parties' claims and defenses. This is especially true given that Plaintiffs know of no less intrusive means for accessing this information.

D.  Plaintiffs' discovery requests are the proper means of discovering the identity of potential witnesses.

Defendants insinuate that Rule 26 disclosures are the only proper means of discovering the identity of witnesses and that as such, many of Plaintiffs' interrogatories and requests for production are improper. However, they have provided no authority for this position. FRCP 33(c) states, "Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1)...." Similarly, FRCP 34 states, "Any party may serve on any other party a request (1) to produce... documents... which constitute or contain matters within the scope of Rule 26(b)...." FRCP 26(b)(1) states, "Parties may obtain discovery regarding any matter not privileged, that is relevant to the claim or defense of any party, including... the identity and location of persons having knowledge of any discoverable matter." Therefore, Plaintiffs are permitted to use interrogatories and requests for production to discover the identity of witnesses.

Beyond the fact that requests for production are a proper means for identifying witnesses, Defendants have redacted the documents they have provided to the extent that

they are not responsive to our requests.  For example, to test Defendants' assertion that they had a full complement of workers by the time Plaintiffs arrived in the early afternoon of July 18, 2003 and that none were H-2A workers, Plaintiffs' Request for Production No. 8 requested documents showing the identity and number of persons who worked on that day and the hours they worked.  The documents Defendants provided are payroll summaries for two-week or several-month periods that include a total number of hours worked over those periods.  It is impossible to tell from these documents whether an individual worked on any particular day or what hours an individual worked during a day.  Additionally, the only identifying information provided on these documents is a last name and first initial.  The remainder of the first names, and any other identifying information that may exist on the original (such as a Social Security numbers for domestic workers), has been redacted.  One document provided that appears to list the last names and total hours worked by all workers has a column for Social Security numbers.  These numbers have been redacted and the document contains a note stating that the number 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 was assigned to the H2 workers.  Had these numbers not also been redacted Plaintiffs would at least have been able to determine the number of H2 workers employed by Defendants over the course of the season.  For representative samples of the documents provided please see Exhibit A.

Defendants apparently claim that the only existing documents that contain the information sought by Plaintiffs to test Defendants' assertion noted above are in the personnel files of the individual workers.  As such, and for the reasons stated in Plaintiffs' motion, these records should be provided to Plaintiffs.

E.  <u>Plaintiffs have asked for the Court's intervention as a last resort.</u>

Plaintiffs conferred with Defendants when Defendants failed to provide complete discovery responses. Plaintiffs sent Defendants detailed letters explaining why they believed Defendants' responses were deficient. In particular, before filing their motion to compel, Plaintiffs repeatedly asked Defendants to clarify whether they are withholding documents that are responsive to requests to which they object. Plaintiffs were attempting to avoid unnecessarily involving the Court in a dispute over documents that may not exist. Defendants failed to clarify whether or not they are withholding documents. In order to determine whether Defendants are withholding documents, to gain access to documents that do exist and were not provided, and to receive complete responses to discovery requests, Plaintiffs filed their motion to compel.

F. Conclusion

Plaintiffs' discovery requests are proper and there is no legal or equitable reason to grant the relief sought by Defendants in their response. For the reasons stated above and in Plaintiffs' Motion to Compel, the Court should grant Plaintiffs the relief requested in the Motion to Compel.

Respectfully Submitted,


 s/ Jennifer Smith_____
Jennifer Smith
Texas Bar No. 24037514
S.D. No. 36274
Co-Counsel for Plaintiffs

TEXAS RIOGRANDE LEGAL AID, INC.
300 S. Texas Blvd.
Weslaco, Texas 78586
Telephone: (956) 968-6574
Facsimile: (956) 968-8823

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Mr. N. Mark Ralls, attorney of record for Defendants, and engaged in a good faith effort to resolve the matters in dispute, but was unable to reach an agreement on the discovery issues raised in this Reply.

s/ Jennifer Smith_____
Jennifer Smith

## CERTIFICATE OF SERVICE

I hereby certify that on 13th day of April, 2005, a true and correct copy of the foregoing Reply was sent First Class U.S. Mail to counsel of record, Mr. Mark Ralls, at

Gonzalez Hoblit Ferguson, L.L.P.
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, TX 78205

s/ Jennifer Smith_____
Jennifer Smith