UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Ruben Alvarez-Carillo, Jorge Sauceda, and Juana Hernandez Vasquez | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. B-04-122 |
| v. | § § | |
| Frenchman Valley Produce, Inc. and Tammy May, | § § § § | JURY TRIAL REQUESTED |
| Defendants. | § § | |

PLAINTIFFS' OPPOSED RULE 56(f) MOTION FOR A CONTINUANCE AND REQUEST FOR EXPEDITED HEARING, WITH SUPPORTING AUTHORITIES

Pursuant to Fed.R.Civ.P. Rule 56(f), Plaintiffs Ruben Alvarez-Carillo, *et al.* move for a continuance of the disposition of the motion for summary judgment filed by Defendants, to permit discovery to be had. In support of this motion, the Plaintiffs note that discovery relating to the issue on which Defendants seek summary judgment is the subject of a pending discovery dispute; much of the knowledge relevant to the disputes is uniquely in the hands of the Defendants; and the parties are still allowed to conduct discovery for another two months. In general support of this motion see, Affidavit of Nathaniel Norton, attached as Exhibit A. In further support of this motion, the Plaintiffs would show as follows:

I. BACKGROUND

1.   Defendant filed their motion for partial summary judgment on May 6, 2005 and Plaintiffs' response is due on May 26, 2005.

*Plaintiffs' Opposed Rule 56(f) Motion for a Continuance
and Request for Expedited Hearing with Supporting Authorities
Page 1 of 8*

2. Defendants base their motion for summary judgment on their claim that there is no genuine issue of fact concerning their claim of exemption from the AWPA under AWPA's Family Business Exemption. See 29 U.S.C. 1803(a)(1). To fit within this exemption, Defendants have the burden of establishing that no person other than Tammy and Tim May engaged in any farm labor contracting activity with respect to, at minimum, the 118 migrant and season agricultural workers who were recruited and hired by Defendants in 2003. Plaintiffs would argue that the relevant time period is broader than 2003.

3. The issue on which Defendants seek summary judgment is currently the subject of a discovery dispute. Most of the evidence relevant to the resolution of this dispute is solely within the Defendants' control. In order to test Defendants' defense, Plaintiffs have served written discovery on the Defendants to obtain evidence or lead to the discovery of admissible evidence that would defeat Defendant's motion for partial summary judgment. Defendants refused to tender most of this information. As a result, Plaintiffs filed a motion to compel. The motion was filed on March 7, 2005. The Court has not yet ruled on this motion.

4. The discovery deadline does not run until July 15, 2005. Since discovery does not close for two months, Plaintiffs were waiting for a ruling on their Motion to Compel before conducting depositions. Plaintiffs have not yet taken any depositions because Plaintiffs did not want to have to repeat any depositions to inquire about any evidence tendered as a result of the Court's ruling on Plaintiffs' Motion to Compel.

5. Plaintiffs are in now in the process of scheduling depositions to obtain evidence that will rebut the evidentiary basis of Defendants' Motion to Compel; however, since

*Plaintiffs' Opposed Rule 56(f) Motion for a Continuance*
*and Request for Expedited Hearing with Supporting Authorities*
*Page 2 of 8*

the deponents (the Defendants and Defendants' employees) reside in a rural part of Nebraska, it is possible that the Plaintiffs will not be able to conduct these depositions until after the 20 days that the Plaintiffs have to respond to Defendants' motion has run.

6.   Plaintiffs are not filing this Motion for Continuance for the purposes of delay. Plaintiffs have good cause for a continuance because, as explained above, they have not been afforded a reasonable opportunity to conduct discovery on the issues raised in Defendants' Motion.

## II. ARGUMENT AND AUTHORITIES

7.   Rule 56(f) provides that the Court may refuse the application for summary judgment or may order a continuance if the nonmovant is unable to respond by affidavit and needs additional time for discovery. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) [Rule 56(f) provides "that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition. In our analysis here, we assume that both parties have had ample opportunity for discovery."] The Rule's purpose is to protect a party opposing summary judgment who for valid reasons cannot present facts essential to oppose the summary judgment motion. See 10A Wright, Miller, and Kane, Federal Practice and Procedure § 2740 (1983). A Rule 56(f) motion "is an alternative to a response in opposition to summary judgment under Rule 56(e) and is designed to safeguard against a premature or improvident grant of summary judgment." Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990).

*Plaintiffs' Opposed Rule 56(f) Motion for a Continuance*
*and Request for Expedited Hearing with Supporting Authorities*
*Page 3 of 8*

8.  "Motions for additional discovery prior to ruling on motion for summary judgment are generally favored and should be liberally granted." Beattie v. Madison County School Dist., 243 F.3d 595 (5th Cir. 2001).

9.  The nonmovant must present specific facts explaining how postponement of a ruling on the motion will enable the nonmovant to rebut the movants' showing of the absence of a genuine issue of fact. See Cormier v. Pennzoil Exploration & Production Co., 969 F.2d 1559 (5th Cir. 1992).

10. The farm labor contracting activities that Defendants must show were performed exclusively by them with respect to workers include "recruiting, soliciting, hiring, employing, furnishing, or transporting" any migrant or seasonal agricultural worker in that year.

11. Without specifying how each of the acknowledged 118 agricultural workers Defendants ultimately employed in 2003 was "recruited, solicited, hired, employed, furnished, or transported," Defendants simply affirm that no one other than they engaged in such activities.

12. In order to determine whether Defendants are entitled to the family business exemption to the Agricultural Worker Protection Act (AWPA), it is necessary for Defendants to identify their agricultural employees from 2003 and prior years so that Plaintiffs may learn from them whether they were recruited, solicited, hired, furnished, transported, or employed by anyone other than Tim and Tammy May and the identities of individuals other than Tim and Tammy May who performed farm labor contracting activities on behalf of Frenchman Valley Produce.

*Plaintiffs' Opposed Rule 56(f) Motion for a Continuance
and Request for Expedited Hearing with Supporting Authorities
Page 4 of 8*

13. Defendant has also refused to respond to interrogatories seeking the Defendants' procedures for securing agricultural workers since 2000 and seeking the identity of individuals who recruited, solicited, hired, employed, furnished, or transported agricultural employees for them in the past. Plaintiffs' counsel believes this information and information obtainable from these individuals will create a fact issue about whether Defendants are eligible for the exemption or may prove that they are not entitled to the exemption as a matter of law.

14. Finally, Plaintiffs need responses to the rest of the disputed discovery so that they may fully prepare for depositions of Defendants and other witnesses and so that they may fully question Defendants and other witnesses at these depositions concerning the recruitment and transportation of all workers in 2003, including, inter alia, any workers recruited, solicited, hired, and/or transported in Mexico. (Defendants have admitted they employed at least one foreign worker beginning in August 2003; See Defendants' Answers to Plaintiffs' First Sets of Requests for Admission, attached as Exhibit B.)

15. Plaintiffs have good cause for their failure to discover essential facts. Discovery does not close until July 15, 2005. Additionally, through written discovery, Plaintiffs are attempting to discover whether Defendants are entitled to the exemption they have claimed. Defendants, however, have refused to provide this information. This disputed discovery is the subject of Plaintiffs' Motion to Compel. That motion and Plaintiffs' reply brief are hereby incorporated by reference. These documents set out in detail the information sought and its relevance to this case generally and to Defendants' putative defense specifically.

*Plaintiffs' Opposed Rule 56(f) Motion for a Continuance
and Request for Expedited Hearing with Supporting Authorities
Page 5 of 8*

16.     "[W]here…a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district court should grant any Rule 56(f) motion fairly freely." Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation, 323 F. 3d 767, 773 (9th Cir. 2003). Plaintiffs have not had an adequate time for discovery, especially given the facts outlined above. Plaintiffs have not secured adequate responses to their first sets of written discovery. Plaintiffs have delayed deposing witnesses without the benefit of all the documents they believe they are entitled to. The information and documents sought by Plaintiffs are within the exclusive possession of Defendants. Plaintiffs have diligently attempted to secure this information since the outset of this lawsuit.

17.     The information Plaintiffs seek can be obtained within a reasonable amount of time. Defendants need only be compelled to produce the discoverable information sought by Plaintiffs in Plaintiffs' motion to compel. Presumably Defendants could provide any information they are ordered to produce to Plaintiffs in a matter of days. Plaintiffs would then need some weeks to contact witnesses identified and then, depending on the availability of Defendants' counsel, a week or two to depose Defendants and other witnesses. Plaintiffs ask that they be granted a continuance and that the deadline to file a response to the summary judgment motion be set for the later of 60 days from a ruling on Plaintiffs' Motion to Compel or August 1, 2005.

18.     In the alternative, Plaintiffs ask that Defendants' Motion for Partial Summary Judgment be denied without prejudice to their right to refile after the July 15, 2005 close of discovery.

*Plaintiffs' Opposed Rule 56(f) Motion for a Continuance
and Request for Expedited Hearing with Supporting Authorities
Page 6 of 8*

## III. PRAYER

For the reasons set forth above, Plaintiffs respectfully request that this motion be set for expedited hearing and that it after hearing that they be granted the following relief:

a. that Plaintiffs' be granted a continuance and their deadline to file a response to the summary judgment motion be set for the later of 60 from the date the Court rules on Plaintiffs' Motion to Compel or August 1, 2005; or

b. that Defendant's motion for summary judgment be denied.

Respectfully submitted,

s/ Jennifer Smith
Texas Bar No. 24037514
S.D. No. 36274
Co-Counsel for Plaintiffs

TEXAS RIOGRANDE LEGAL AID, INC.
300 S. Texas Blvd.
Weslaco, Texas 78586
Telephone: (956) 968-6574
Facsimile: (956) 968-8823

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Mark Ralls and he informed me that he is opposed to the relief sought in this motion.

s/ Jennifer Smith

*Plaintiffs' Opposed Rule 56(f) Motion for a Continuance
and Request for Expedited Hearing with Supporting Authorities
Page 7 of 8*

CERTIFICATE OF SERVICE

I hereby certify that on 12th day of May, 2005, a true and correct copy f the foregoing Motion was sent First Class U.S. Mail to counsel of record, Mr. Mark Ralls, at

Gonzalez Hoblit Ferguson, L.L.P.
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, TX 78205

s/ Jennifer Smith

*Plaintiffs' Opposed Rule 56(f) Motion for a Continuance
and Request for Expedited Hearing with Supporting Authorities
Page 8 of 8*